IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Kelli Andrews,<br><br>    Plaintiff,<br><br>v.<br><br>Bruce Rauner *et al.*,<br><br>    Defendants. | Case No.  18-cv-1101-SEM-TSH |

### REPORT OF RULE 26(f) PLANNING MEETING

Pursuant to the Court's August 28, 2018 Notice of Hearing order, the parties respectfully submit this Report of their Rule 26(f) planning meeting.

Plaintiff are represented by Stephen H. Weil and Alexis G. Chardon, Weil & Chardon LLC; Alan Mills, Elizabeth Mazur, and Nicole Schult, Uptown People's Law Center; Emmanuel Andre, Northside Transformative Law Center.  The Defendants are represented by Jeremy C. Tyrell, Illinois Attorney General's Office (on behalf of defendants Bruce Rauner, the State of Illinois, and John R. Baldwin); Karen L. McNaught, Cassiday Schade LLP (on behalf of defendants He Yuan, Brian Richardson, and Wexford Health Sources, Inc.); and Alexander B. Chosid and Charles Z. Vaughn, Wiedner & Mcauliffe, Ltd. (on behalf of defendant Brian Richardson)

Counsel met via telephone conference on Wednesday, September 26, 2018 for the purpose of formulating a proposed discovery calendar for consideration by the Court.

*Areas of agreement*.  Through this meeting and related correspondence, the parties were able to agree to the bulk of case management issues that were discussed.

*Areas of disagreement*.  The parties, however, have an area of disagreement, concerning protocols for discovery of electronically stored information ("ESI").  Herein, the parties describe the nature of their disagreement and submit brief statements setting out their positions regarding ESI discovery.

**AREAS OF AGREEMENT**

*Case Schedule*

1. November 15, 2018 – Parties exchange Rule 26(a)(1) disclosures

2. April 2, 2019 – deadline to amend pleadings and join additional parties

3. July 15, 2019 – Close of fact discovery

4. September 30, 2019 – Plaintiff's expert reports due

5. November 14, 2019 – Deadline for taking plaintiff's expert depositions

6. January 17, 2020 – Defendants' expert reports due

7. March 2, 2020 – Deadline for taking defendants' expert depositions

8. April 2, 2020 – Rebuttal expert reports due

9. April 14, 2020 – Close of expert discovery

10. June 12, 2020 – Motions for Summary Judgment Due

11. Trial suggested for September 2020

*Medical and Mental Health Records*

1. Plaintiff agrees to provide releases for medical and mental health information for Tiffany Ann Rusher.

### AREAS OF DISAGREEMENT

The parties were unable to reach agreement regarding the protocol for discovery of ESI. The Defendants contend that the **<u>bold/underlined</u>** ESI provisions should be taken out; Plaintiff contends these provisions should remain. The parties state their respective positions below. Other than this dispute, the parties are in agreement regarding the protocol for discovery of ESI.

*Electronically Stored Information*

1. Electronically Stored Information ("ESI") is to be produced in the following forms:

    a. **<u>Except as stated below,</u>** ESI may be produced in PDF form. However, ESI shall not be scanned to PDF (*i.e.*, printed out on paper and then scanned). Rather, the PDF shall be generated directly from the underlying electronic file. If the receiving party determines that the PDF version is not readable or is an insufficient copy of the native file, the receiving party will notify the producing party. The parties will then meet and confer and will present the issue to the Court if agreement cannot be reached.

    b. The parties anticipate that for most ESI the production of metadata will not be necessary. Thus, unless otherwise identified in a request, ESI converted to PDF need not be accompanied by the underlying metadata of the native ESI. However, if a party later determines that the production of metadata may be relevant for

certain documents, the party will notify the producing party. If the producing party objects to the production of metadata, the parties will meet and confer and will present the issue to the Court if agreement cannot be reached.

   c. **<u>Notwithstanding the foregoing instructions, to the extent that information responsive to a document request is stored in a spreadsheet, database, or similar form of ESI, such ESI shall not be produced in PDF.  Rather, such ESI shall be produced in its original or native form, such that it can be manipulated in the same manner that it would be manipulated in the normal course of business.</u>**

2. The parties will discuss in advance the protocol for locating, gathering and producing electronically stored information, including email.

3. To the extent that documents responsive to a request contain colors (*i.e.*, colors in addition to black and white), production of such documents should be in color.

**Defendants' position regarding ESI protocol**

The Court should adopt Defendants' proposal concerning production of spreadsheet, database, and similar ESI. Essentially, the parties' disagreement is whether this ESI should be produced in PDF—like all other ESI in this case—or if it should be produced in native format. Defendants are not objecting to producing native files altogether. Rather, Defendants' proposal includes a presumption that all ESI will be produced in PDF. If the PDF is not readable or is otherwise insufficient, the parties will meet and confer to rectify the problem.

Native files are inherently difficult to manage and produce. Native files cannot be redacted for privileges, such as HIPAA. Defendants anticipate Plaintiff will seek medical information. Relevant ESI in this case may contain HIPAA-protected information of other offenders. By producing the native files, Defendants cannot redact this information to protect the privacy of these other offenders. By producing these documents in PDF format, Defendants could redact this information.

Producing these documents in PDF also ensures that the files are not modified or altered. Plaintiff seeks these documents so that they can be "manipulated," Plaintiff has proffered no reason for why manipulating spreadsheets and databases is necessary in this case. Manipulating Defendants' discovery may violate the best evidence rule. *See* Fed. R. Evid. 1002. Producing ESI in PDF ensures documents are not inadvertently altered.

Plaintiff's proposal creates an undue burden on Defendants. Defendants have identified certain database ESI that would be difficult to produce in native format. Defendants anticipate Plaintiff will seek information from Offender 360, a database used by the IDOC to track offenders in its custody. Defendants likely do not have the capability to produce Offender 360 in a native format as it is a dynamic, partially web-based database. Defendants can produce relevant portions of Offender 360 in PDF

**Plaintiff's position regarding ESI protocol**

Section 1(c) provides that ESI stored in a spreadsheet or database should be produced in its native or similarly usable form. Defendants ask the Court to order instead that such ESI be produced as PDF. That request contradicts the Rules. Section (1)(c) is drawn from Rule 34, whose default requirement is that "a party must produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably usable form . . . ." Rule 34(b)(2)(E)(ii). This rule was promulgated so that the producing party would not

> convert [ESI] from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.

*Id.* advisory committee note (2006).

Defendants' request creates precisely this problem. Organizations rely on electronic spreadsheets for a reason: they are powerful tools that allow operational data to be sifted and reorganized to reveal patterns that would be impossible, or prohibitively difficult, recognize if the data were in a static form like PDF.

Defendants claim producing native spreadsheets will be burdensome. The only actual burden they identify, however, is that under HIPAA they will have to redact inmates' names. Plaintiffs, however, will seek a protective order that will eliminate that obligation. *See* 45 C.F.R. § 164.512(e)(1)(ii)(B). Indeed, in the *Rasho* litigation pending before Judge Mihm, which concerns the same practices at issue in this case, IDOC and Wexford have readily produced spreadsheets in Excel format, which has enabled Plaintiffs to discover valuable information by sorting the produced data.

There is no reason to undo Rule 34's default requirement that a responding party produce ESI in a usable form. If the Defendants have concerns regarding a specific discovery request, those concerns can be addressed individually.

Respectfully submitted,

| For the Plaintiff | For the Defendants |
|---|---|
| /s/  Stephen H. Weil | /s/   Jeremy C. Tyrrell |
| BY: Stephen H. Weil<br>Weil & Chardon LLC<br>333 S. Wabash Ave. Suite 2700<br>Chicago, IL 60604<br>312-585-7404<br>steve@weilchardon.com | Jeremy C. Tyrrell<br>Office Of The Attorney General<br>500 South Second Street<br>Springfield, IL 62706<br>217-785-4555<br>Fax: 217-782-8767<br>Email: jtyrrell@atg.state.il.us |
| | /s/   Karen L. McNaught |
| | Karen L. McNaught<br>Cassiday Schade LLP<br>Suite 200<br>111 North 6th Street<br>Springfield, IL 62701<br>217-572-1714<br>Fax: 217-572-1613<br>Email: kmcnaught@cassiday.com |
| | /s/   Alexander B. Chosid |
| | Alexander B. Chosid<br>Wiedner & Mcauliffe, Ltd.<br>8000 Maryland Avenue<br>Suite 550<br>St. Louis, MO 63105<br>314-721-3400<br>Fax: 314-241-7604<br>Email: abchosid@wmlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I caused the foregoing Report of Rule 26(f) Planning Meeting to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

    /s/ Stephen H. Weil
Weil & Chardon LLC
333 S. Wabash Ave. Suite 2700
Chicago, IL 60604
312-585-7404
steve@weilchardon.com