E-FILED
Tuesday, 27 November, 2018  04:48:19 PM
Clerk, U.S. District Court, ILCD

# Exhibit 2



Stephen Weil <steve@weilchardon.com>

## Re: Andrews v. Rauner -- Proposed Confidentiality Order
1 message

**Stephen Weil** <steve@weilchardon.com>  Tue, Nov 20, 2018 at 5:04 PM
To: "Tyrrell, Jeremy" <JTyrrell@atg.state.il.us>
Cc: "McNaught, Karen L." <kmcnaught@cassiday.com>, abchosid@wmlaw.com, Alexis Chardon <ali@weilchardon.com>, Alan Mills <alan@uplcchicago.org>, Liz Mazur <liz@uplcchicago.org>, Nicole Schult <nicole@uplcchicago.org>

Thanks Jeremy. That works. Attaching the confidentiality order based on your edits. Plaintiff will move for entry.

Stephen H. Weil
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
(o) 312-585-7404
(f) 773-409-2745
(c) 267-240-5585
steve@weilchardon.com
www.weilchardon.com

On Tue, Nov 20, 2018 at 4:42 PM Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:

> Steve:
>
> Concerning the deposition testimony portion of the order, I am fine with the presumption of Alternative A. Specifically, that the information is not confidential unless designated during the deposition and followed up by Notice. My only concern with Alternative A is the timing component of serving the Notice.
>
> Certain court reporting agencies will not provide my office with deposition transcripts until payment is received—likely due to payment issues during the state budget impasse. Under Alternative A, Defendants may be in a situation where Confidential Information is designated on the record, but Defendants would not be able to provide timely Notice (it will take longer than fourteen days for the State to pre-pay for a deposition transcript).
>
> Attached is a proposal that would address this situation. Please let me know if this acceptable.
>
> Thanks,
>
> Jeremy

**From:** Stephen Weil [mailto:steve@weilchardon.com]
**Sent:** Tuesday, November 20, 2018 12:05 PM
**To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** McNaught, Karen L. <kmcnaught@cassiday.com>; abchosid@wmlaw.com; Alexis Chardon <ali@weilchardon.com>; Alan Mills <alan@uplcchicago.org>; Liz Mazur <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Subject:** Re: Andrews v. Rauner -- Proposed Confidentiality Order

Jeremy,

Thanks for the cleanup. You're correct; it sounds as though this order won't be agreed. We will move for entry.

What remains is agreeing on the deposition protocol from Section 4. We think A makes the most sense in this case, and have redlined accordingly in the attached. If we don't hear different from you by COB we'll assume defendants agree.

Thanks,

Steve


Stephen H. Weil

Weil & Chardon LLC

333 S. Wabash Ave., Suite 2700

Chicago, IL 60604

(o) 312-585-7404

(f) 773-409-2745

(c) 267-240-5585

steve@weilchardon.com

www.weilchardon.com


On Mon, Nov 19, 2018 at 9:52 PM Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:

> Steve,
>
> Attached is the confidentiality order with my edits. My edits correct some typographical errors that I found.
>
> Defendants will not be able to agree to this version of the confidentiality order because of the language in Paragraph 8. As outlined in my November 9, 2018 Email, Defendants' position is that Plaintiff is not entitled to protected medical and mental health information of third parties. Defendants will be objecting to disclosing this

information, in part, because it requires greater protection than afforded by the confidentiality order. As previously noted, Defendants believe this issue could be remedied by redacting the personal identifying information of these third parties.

I understand Plaintiff disagrees with Defendants' position on this issue.

I believe, based on our prior emails and discussions, Plaintiff is unlikely to agree to a version of the confidentiality order without Paragraph 8—if I am incorrect, please let me know. If this is the case, Plaintiff will need to move for entry of the confidentiality order and Defendants will object to Paragraph 8 of the confidentiality order.

I am going to be out of the office tomorrow for a trial deposition at a correctional center. If you would like to discuss this further, I will be on the road from 8:00-9:30AM. I expect to be out of the facility around 2:00PM and can be reached after that too. If you call my secretary at (217) 785-4555, she can put you through to my cellphone.

Thanks,

Jeremy

**From:** Stephen Weil [mailto:steve@weilchardon.com]
**Sent:** Saturday, November 17, 2018 11:38 AM
**To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** McNaught, Karen L. <kmcnaught@cassiday.com>; abchosid@wmlaw.com; Alexis Chardon <ali@weilchardon.com>; Alan Mills <alan@uplcchicago.org>; Liz Mazur <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Subject:** Re: Andrews v. Rauner -- Proposed Confidentiality Order

Jeremy I don't believe we heard from the defendants. If you can't agree to this confidentiality order we'll simply move for its entry. Please advise.

Best,

Steve

Stephen H. Weil

Weil & Chardon LLC

333 S. Wabash Ave., Suite 2700

Chicago, IL 60604

(o) 312-585-7404

(f)  773-409-2745

(c) 267-240-5585

steve@weilchardon.com

www.weilchardon.com

On Wed, Nov 14, 2018 at 5:06 PM Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:

> Steve,
>
> Thank you for the information below. I apologize for not yet returning your voicemail or responding to this email sooner. I have another very pressing matter in another case that has been taking up my time this week. I need to confer with IDOC about the information you provided and I believe that I can do that early tomorrow. If you can wait until close of business tomorrow, I believe we may be able to come to an agreement on the confidentiality order.
>
> Thanks,
>
> Jeremy
>
> **From:** Stephen Weil [mailto:steve@weilchardon.com]
> **Sent:** Tuesday, November 13, 2018 1:18 PM
> **To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
> **Cc:** McNaught, Karen L. <kmcnaught@cassiday.com>; abchosid@wmlaw.com; Alexis Chardon <ali@weilchardon.com>; Alan Mills <alan@uplcchicago.org>; Liz Mazur <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
> **Subject:** Re: Andrews v. Rauner -- Proposed Confidentiality Order
>
> Counsel,
>
> I'd forgotten yesterday was a state holiday--apologies for putting that as your response deadline.
>
> I just left you a voicemail to try to advance the Confidentiality Order issue. In that spirit I'm responding below to each of the arguments made in your Nov. 9 email.
>
> Let us know by COB tomorrow how defendants would like to proceed. If you are going to oppose entry of the confidentiality order we will move for its entry.
>
> Thanks,
>
> Steve

**RESPONSES:**

**HIPAA –** As I noted Friday, it appears you do not dispute that the proposed Confidentiality Order satisfies the criteria set out in 45 C.F.R. § 164.512 to permit the disclosure of third-party medical records, as I explained in my October 4 email to you. If you disagree please let me know.

**740 ILCS 110/1 ("IMHDA") –** You are correct that pursuant to 45 C.F.R. § 160.203, HIPAA does not pre-empt states from enacting certain more stringent health information laws--and we can assume that the IMHDA is one of these. That is not the relevant question, however.

Under Federal Rule of Evidence 501, in federal-question cases in federal court, only federal privilege rules, not state privileges, govern. See Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004) ("Illinois is free to enforce its more stringent medical-records privilege (there is no comparable federal privilege) in suits in state court to enforce state law and, by virtue of an express provision in Fed. R. Evid. 501, in suits in federal court (mainly diversity suits) as well in which state law supplies the rule of decision. But the Illinois privilege does not govern in federal-question suits . . . .").

For this reason, the IMHDA has specifically been held not to apply in federal question suits. See Ligas v. Maram, 2007 WL 2316940, at *6 (N.D. Ill. Aug. 10, 2007) ("The Court believes that the [IMHDA] does not apply to the present situation. Federal Rule of Evidence 501 and Northwestern govern this situation, and Northwestern clearly states that, in a federal question suit such as this one, state privacy and privilege laws do not apply, regardless of whether the state law might be more restrictive than the applicable federal rule.").

The IMHDA does not provide grounds for refusing to respond to discovery in this case, and it is not a basis for objecting to the entry of the Confidentiality Order.

**Federal psychotherapist-patient privilege –** Unlike the IMHDA, this privilege *does* apply in federal cases. But it is very narrow. See, e.g., United States v. Deleon, 323 F. Supp. 3d 1273, 1285 (D.N.M. 2018) ("If there are competency or psychological reports prepared for a court or prison officials to review, read, and use, those documents [are not covered by the psychotherapist-patient privilege and] should be provided, but reports prepared for or by only a psychiatrist or psychologist who is providing health care to a prisoner are probably privileged and the Court is not likely to compel their disclosure.")

We don't anticipate seeking any information that implicates this privilege. If there are instances going forward in which you believe that the privilege applies, you can raise the issue. But the existence of the privilege is not a basis for objecting to the entry of the Confidentiality Order.

**Eighth / Fourteenth Amendment –** The cases you cite all involve the question of whether a prisoner's 8th or 14th Amendment rights are violated when their private medical information is disclosed by prison employees for no legitimate governmental purpose. You do not explain why those decisions have any bearing on this case. And indeed they do not. Here, any disclosures made by your clients would be made to the officers of a federal district court (*i.e.* plaintiff's counsel) pursuant to discovery ordered by that court (*i.e.*, the FRCP), under penalty of contempt by that court. Complying with obligations imposed by a federal court is a legitimate governmental imperative. Thus the cases you cite are simply inapposite. They certainly do not provide a reason to refuse entry of the Confidentiality Order.

**Relevance –** You say, "I do not see how medical and mental health information of non-party offenders has any relevance whatsoever to the claims brought by Plaintiff in this case." The Complaint makes a variety of allegations about the defendants' policies and practices, which must be proved up by showing a course of conduct that involves other inmates. We also need to identify witnesses to Tiffany's treatment and to the defendants' conduct, and other prisoners who were subject to the same policies as Tiffany or who were imprisoned near her are likely to possess valuable information in this case. To the extent you disagree you can raise relevance objections to a particular discovery request. But a preemptive relevance objection is simply inappropriate, and it is no grounds for opposing entry of the Confidentiality Order.

Stephen H. Weil

Weil & Chardon LLC

333 S. Wabash Ave., Suite 2700

Chicago, IL 60604

(o) 312-585-7404

(f) 773-409-2745

(c) 267-240-5585

steve@weilchardon.com

www.weilchardon.com

On Sun, Nov 11, 2018 at 4:10 PM Stephen Weil <steve@weilchardon.com> wrote:

> Counsel,
>
> I've gone through the rest of your arguments. I disagree with them, but I think the issue before us right now is whether to enter this Confidentiality Order now. You seem to be saying it should be postponed. That is a non-starter for us.
>
> I propose we agree to have this confidentiality order entered now, and then if you feel it does not cover a particular discovery request, we cross that bridge when we come to it.
>
> Let me know by COB tomorrow. If you can't agree we'll just move for entry.
>
> Stephen H. Weil
>
> Weil & Chardon LLC
>
> 333 S. Wabash Ave., Suite 2700
>
> Chicago, IL 60604
>
> (o) 312-585-7404
>
> (f) 773-409-2745
>
> (c) 267-240-5585
>
> steve@weilchardon.com
>
> www.weilchardon.com
>
> On Fri, Nov 9, 2018 at 4:35 PM Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:
>
>> Counsel:
>>
>> Thank you for following up on this issue.
>>
>> I have discussed Plaintiff's proposed protective order with IDOC legal and we have many concerns.

Based on our discussions during the ESI protocol and Rule 16 conferences, I understand that Plaintiff expects medical and mental health information of non-party offenders will be disclosed without redaction. I do not believe Plaintiff's proposed protective order is sufficient to allow for such disclosure.

Defendants cannot provide mental health information of other offenders without violating state Mental Health and Development Disabilities Confidentiality Act, 740 ILCS 110/1 et seq. ("Mental Health Act") or federal common law psychotherapist-privilege.

From my understanding of HIPAA, if there is a state law concerning the release of records that is more stringent than the HIPAA requirements, the state law controls. 45 C.F.R. 160.203(b). In Illinois, the Mental Health Act sets forth the circumstances under which mental health records can be released. The Mental Health Act is more stringent than HIPAA. Under the Mental Health Act, even the very fact that someone has a treatment session is confidential. 740 ILCS 110/3. There are certain exceptions provided for civil proceedings in Section 10 of the Mental Health Act but I do not believe any of these allows Defendants to disclose mental health information of other offenders to Plaintiff. The Mental Health Act, in addition to civil penalties, also makes it a misdemeanor to willfully violate the Act.

I believe the records would also be protected by federal common law psychotherapist-privilege. This privilege has been recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996) and has been applied to cases within this Circuit. While most of these cases involve issues where a defendant is seeking mental health records of a plaintiff and the court discusses whether the plaintiff has put "the mental health at issue," I cannot imagine the privilege would not apply to non-parties.

Since Plaintiff has provided an authorization for the records of Ms. Rusher, the concerns I discuss above are not applicable to Ms. Rusher's records. However, absent authorization from every offender in the custody of the IDOC, I do not see a situation where we can produce mental health records of other offenders.

I also have concerns about producing medical records of other offenders. Even if Plaintiff's proposed protective order complies with HIPAA, disclosing a non-party's medical records would open up IDOC to potential liability. The Seventh Circuit has noted in dictum that disseminating a prisoner's medical history might be actionable under the cruel and unusual punishment clause of the Eight Amendment. *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995). The Eastern District of Wisconsin already recognizes that an offender can bring claims under the Eighth and Fourteenth Amendments for violation of their medical privacy. *Simpson v. Joseph*, 2007 WL 433097, *13 (E.D. Wis. Feb. 5, 2007). Further, an offender's right to medical privacy has been recognized by the Second and Third Circuits. *See Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999); *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001).

The disclosure of mental health and medical records also raises significant public policy concerns. The overriding purpose of strict confidentiality laws for these records is so patients can freely speak with their providers and get the treatment they need, without being guarded for fear of intimate details of their life getting out.

Again, I do not see how medical and mental health information of non-party offenders has any relevance whatsoever to the claims brought by Plaintiff in this case. We object to providing the medical or mental health information of non-parties.

A protective order in this case is premature. If documents need to be produced that contain information that cannot be disclosed, that information can be redacted.

Please let me know if you would like to discuss this issue further.

Thanks,

Jeremy Tyrrell

Assistant Attorney General

500 S. Second St.,

Springfield, IL 62701

Tel: (217) 785-4555

Fax: (217) 782-8767

jtyrrell@atg.state.il.us

**From:** Stephen Weil [mailto:steve@weilchardon.com]
**Sent:** Friday, November 09, 2018 9:12 AM
**To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** McNaught, Karen L. <kmcnaught@cassiday.com>; abchosid@wmlaw.com; Alexis Chardon <ali@weilchardon.com>; Alan Mills <alan@uplcchicago.org>; Liz Mazur <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Subject:** Re: Andrews v. Rauner -- Proposed Confidentiality Order

Mr. Tyrrell I don't believe we heard back from you on this. Please let us know the status by COB.

Thanks,

Steve

Stephen H. Weil

Weil & Chardon LLC

333 S. Wabash Ave., Suite 2700

Chicago, IL 60604

(o) 312-585-7404

(f) 773-409-2745

(c) 267-240-5585

steve@weilchardon.com

www.weilchardon.com

On Fri, Oct 12, 2018 at 3:16 PM Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:

> Counsel:
>
> Thank you for sending this draft along. For some reason this email ended up in my spam filter.
>
> I need to review the draft with IDOC legal. I will provide my comments and feedback as soon as possible—hopefully early next week.
>
> Thanks,
>
> Jeremy Tyrrell
>
> Assistant Attorney General
>
> 500 S. Second St.,
>
> Springfield, IL 62701
>
> Tel: (217) 785-4555
>
> Fax: (217) 782-8767
>
> jtyrrell@atg.state.il.us
>
> **From:** Stephen Weil [mailto:steve@weilchardon.com]
> **Sent:** Thursday, October 04, 2018 12:01 PM
> **To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>; McNaught, Karen L. <kmcnaught@cassiday.com>; abchosid@wmlaw.com
> **Cc:** Alexis Chardon <ali@weilchardon.com>; Alan Mills <alan@uplcchicago.org>; Liz Mazur

<liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Subject:** Andrews v. Rauner -- Proposed Confidentiality Order

Counsel,

Per the Court's order attached is a proposed confidentiality order.  It is modeled on the Northern District's Model Confidentiality Order, which you can locate here:

http://www.ilnd.uscourts.gov/Plain.aspx?SYoQFp55XAYzLWjvJi+thwAeS2fGOAHP

The attached document is a redlined version of the Northern District order.  (I made formatting fixes that are not tracked; all substantive insertions/deletions are tracked).

There are two substantive changes:

- I added "mental health" to paragraph 2(b)

- In paragraph 4, I selected alternative B for depositions.

This proposed Confidentiality Order would bring discovery in this case within the exception to the HIPAA wavier requirement as set out in 45 C.F.R. §§ 164.512.   Specifically, 45 C.F.R. § 164.512 provides that "[a] covered entity may use or disclose protected health information *without the written authorization of the individual*" in several enumerated circumstances.  Among these circumstances, Section 164.512 provides that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . . [i]n response to a . . . discovery request" if the request is made pursuant to a protective order that:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. §§ 164.512(e)(1)(ii)(B); (e)(1)(v)(A) & (B).

> The proposed Confidentiality Order :
>
> (1)   treats "medical and mental health information concerning any individual" as Confidential Information subject to the order (¶ 2(d));
>
> (2)   provides that "Confidential Information shall not be used or disclosed . . . for any purpose whatsoever other than in this litigation," (¶ 5(b)); and
>
> (3)   requires that, upon the conclusion of the litigation, the Confidential Information must be returned to the disclosing party or destroyed.  (¶ 14.)

These terms precisely satisfy the HIPAA exception set out in Section 164.512.

We hope to file this order as an agreed order, and have so edited it. Please advise us with any questions or concerns. We plan to file this proposed order next week.

Stephen H. Weil

Weil & Chardon LLC

333 S. Wabash Ave., Suite 2700

Chicago, IL 60604

(o) 312-585-7404

(f) 773-409-2745

(c) 267-240-5585

steve@weilchardon.com

www.weilchardon.com

**11.20.18 Confidentiality Order.docx**
63K