# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| KELLI ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-1101 |
| | ) |
| BRUCE RAUNER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion for Entry of a Confidentiality Order (d/e 38) (Motion).  For the reasons set forth below, the Motion is ALLOWED.

Plaintiff Kelli Andrews brings this action as the administrator of the estate of her daughter Tiffany Ann Rusher, deceased.  Andrews alleges that Rusher was incarcerated at the Logan Correctional Center operated by the Illinois Department of Corrections.  Andrews alleges that the Defendants violated Rusher's constitutional rights by mistreating her and failing to provide adequate medical care for Rusher's mental illness.  Andrews also alleges claims for violations of Rusher's rights under the Americans with Disabilities Act.  Andrews brings this action against state

officials in their personal and official capacities and against Wexford Health Services, Inc., the contractor that provided medical care to prisoners, including Rusher.  See Complaint (d/e 1).

Plaintiff has proposed a protective order that is qualified under 45 C.F.R. 164.152 promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936. Motion, Exhibit 1, [Proposed] Confidentiality Order (Proposed Order). Defendants do not believe a protective order is needed at this time.  The Court finds that a protective order is appropriate at the beginning of discovery in this case.  The Proposed Order would simplify discovery by establishing orderly procedures for parties to mark documents confidential and thereby limit the use and distribution of the material.  Without a protective order in place, the parties would object more often to discovery requests and thereby delay the discovery process.  The Court finds that Andrews' request for a protective order is timely.

Defendants specifically object to paragraph 8 of the Proposed Order. Paragraph 8 states:

> 8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

Defendants argue that discovery of non-party prisoners' medical records require more protection than that afforded by the Proposed Order. Defendants argue that the Illinois Mental Health Act, 740 ILCS 110/1 et seq. (IMHA), requires greater procedural protections before disclosing medical records. Defendants are incorrect because the IMHA does not apply to this case. Andrews raises federal claims in federal court. In such cases, federal law controls, not the IMHA. <u>Northwestern Memorial Hospital v. Ashcroft</u>, 362 F.3d 923, 925 (7th Cir. 2004). Most medical records, other than records subject to the psychotherapist-patient privilege, are not privileged. A HIPAA qualified protective order is sufficient to protect such medical records from disclosure in discovery in this federal question matter.

Defendants also argue that non-party prisoner medical records may be subject to the psychotherapist-patient privilege or some other specific federal privilege. Paragraph 8 of the Proposed Order does not preclude the Defendants from withholding information based upon claims of privilege. Defendants may withhold privileged information subject to a recognized federal privilege, including the psychotherapist-patient privilege (which may include redacting information from documents), and identify such information on a privilege log. Fed. R. Civ. P. 26(b)(5). The

Proposed Order would not affect the Defendants' ability to raise claims of privilege.

Defendants argue that identifying information in medical records of non-party prisoners is not relevant. Paragraph 8 of the Proposed Order does not preclude Defendants from objecting to producing irrelevant information. Defendants may object to discovery requests on relevance grounds or any other valid ground. If the parties cannot work out any objections, either party may file an appropriate motion for relief. The Court can then rule on specific motions with respect to specific documents. The Proposed Order does not preclude this.

The Court notes, however, that a party may not, on its own, redact information from a responsive document based on a relevance objection. See e.g., Stewart v. Credit One Bank, N.A., 2017 WL 3453569, at *3 (D. Kan. August 11, 2017); Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group, 2016 WL 6246384, at *2 (C.D. Cal. February 23, 2016); Bonnell v. Carnival Corp., 2014 WL 10979823, at *4 (S.D. Fla. January 31, 2014); Melchior v. Hilite International, Inc., 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013); Medtronic Sofamor Danek, Inc., v. Michelson, 2002 WL 3303691, at *5 (W.D. Tenn. January 30, 2002). Rather, the party seeking to redact irrelevant information may move for a protective order after making a good

faith attempt to meet and confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 26(c). The Court could then rule on a specific request for protection by redaction of information from a document or set of documents. Paragraph 8 of the Proposed Order would not affect an ability of a party to seek this type of relief.

The Defendants also argue that disclosing identifying information on medical records of non-party inmates may violate the inmates' constitutional rights to privacy. The cases cited by Defendants involved disclosures of medical information by a prison official to other inmates and guards. See Anderson v. Romero, 72 F.3d 518, 523 (7th Cir. 1995); Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001); Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999); Simpson v. Joseph, 2007 WL 433097, at *13 (E.D. Wis. February 5, 2007). The cases cited do not support the proposition that producing unredacted medical records as confidential information subject to a HIPAA-qualified protective order in a civil case in federal court would violate anyone's constitutional right to privacy. The Court is not aware of any case that so holds. The Defendants, however, may object to producing specific documents on the grounds that production of the documents would impose an undue burden on the inmates that is not proportional to the needs of the case, if they have a valid basis for the objection. Fed. R. Civ.

P. 26(b)(1). The Court could then rule on a specific objection. The Proposed Order would not affect an ability of a party to seek this type of relief.

The Court is not inviting motions to compel or motions for protective orders and is not pre-judging possible motions. Such matters are not before the Court. The Motion only seeks entry of the Proposed Order. In the course of discovery, parties are expected to make good-faith objections and to resolve most objections without resort to court action. Failure to do so may result in awards of attorney fees and expenses, and in appropriate cases, other sanctions. <u>See</u> <u>generally</u> Fed. R. Civ. P. 37. The Court only determines at this point that the Proposed Order would not preclude the types of objections discussed above.

The Court has carefully reviewed the Proposed Order and hereby overrules Defendants' objections to its entry. The Court finds that the Proposed Order is an appropriate protective order that will facilitate the discovery process and protect non-privileged confidential information from misuse and improper disclosure.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Entry of a Confidentiality Order (d/e 38) is ALLOWED. The Court will enter the Proposed Order attached to the Motion.

ENTER:   December 13, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE