E-FILED
Monday, 13 May, 2019  05:51:14 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Kelli Andrews, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  18-cv-1101-SEM-TSH |
| v. | ) | |
| | ) | |
| Bruce Rauner *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL
## DISCOVERY RESPONSES FROM GOVERNMENT DEFENDANTS

Plaintiff, through her undersigned counsel, hereby moves to compel adequate responses to Interrogatories and Requests for Production from Defendants Baldwin, Pritzker, Rauner, \the Illinois Department of Corrections ("IDOC"), and the State of Illinois (collectively the "Government Defendants").

### I.      BACKGROUND

This case is about the defendants' treatment of a young woman named Tiffany Rusher, who was imprisoned by the IDOC until mid-2016.  Plaintiff alleges that notwithstanding—and indeed, because of—Ms. Rusher's serious mental illness, the defendants placed her in extended solitary confinement.  While there, she received little meaningful mental health treatment, even though the State acknowledged in the *Rasho* class action lawsuit that prisoners with severe mental illness—which included Ms. Rusher—should be receiving hospital-level mental healthcare.

Ms. Rusher died in 2017.  In 2018 Kelli Andrews, Ms. Rusher's mother and the administrator of her estate, brought this lawsuit.  Critically, the lawsuit alleges that Ms. Rusher's solitary confinement and lack of appropriate mental healthcare was the result of management-

1

level policy failures within the IDOC and by the State itself, which harmed Ms. Rusher in addition to numerous other mentally ill prisoners.  (*See, e.g.*, ECF 1 ¶ 25.)  As set out herein, the discovery at issue in this motion is designed to prove up these allegations, as well as aspects of Plaintiff's claims relating to Ms. Rusher's alleged mistreatment at the defendants' hands.

Plaintiff was forced to file this motion to compel because of two problems with the defendants' discovery responses.  **First**, the defendants have essentially taken the position that discovery in this case should only concern Ms. Rusher alone.  Aside from producing copies of a few "administrative directives," the defendants have produced Ms. Rusher's medical records and a few other prison records related specifically to her—and essentially nothing else.  Indeed they have otherwise essentially refused to respond to Plaintiff's discovery, objecting repeatedly that requests are overbroad because they concern multiple prisoners in addition to Ms. Rusher.

That position is indefensible.  It is Plaintiff's allegation that the defendants' policies with respect to the treatment of mentally ill inmates impacted Ms. Rusher.  Those allegations put the defendants' policies with respect to mentally ill inmates squarely at issue.  And those allegations have survived Defendants' motion to dismiss.  (*See* ECF 28.)  As such, rules of civil procedure permit Plaintiff to take discovery so that she can prove the allegations in her complaint.

**Second**, the defendants have not seriously engaged in a meet-and-confer process, with the result that many disputes that Plaintiff now brings to the Court through this motion would normally be resolved informally between the parties.  As set out below, the defendants answered Plaintiff's discovery via six separate responses.  After receiving the defendants' objections Plaintiff's counsel sent a lengthy discovery enforcement letter (*see* Ex. 10), which was followed up with a second, lengthy email (*see* Ex. 11).  Counsel for the parties then held a short telephone call to discuss the disputed discovery on March 15, but given the number and complexity of the

issues, resolution through a phone conversation alone was not feasible.  As such, defense counsel committed, both on the phone and in writing (*see* Ex. 12), to provide a written response to Plaintiff's discovery enforcement correspondence.

That response never came, however.  Plaintiff's counsel repeatedly inquired as to the status of the defendants' discovery enforcement response (*see* Ex. 13 (collecting emails)), but received no answer of any kind.  As a result, Plaintiff's counsel is forced to conclude that the parties are at issue, even though it is likely the sides could have worked out many of the discovery disputes at issue here informally.

## II.    DISCOVERY ENFORCEMENT HISTORY

The following discovery is at issue:

- **Ex. 1**. Plaintiff's Rule 33 Interrogatories to All Defendants.
- **Ex. 2**. Plaintiff's Rule 34 Requests to John Baldwin.
- **Ex. 3**. Plaintiff's Rule 34 Requests to All Defendants.[1]

Defendants responded to the Requests for Production in two separate documents:

- **Ex. 4**. Response to Rule 34 Requests [Ex. 2] by John Baldwin.
- **Ex. 5**. Response to Rule 34 Requests [Ex. 3] by Government Defendants.

Defendants responded to the Interrogatories in four separate documents:

- **Ex. 6**. Objections to Rule 33 Interrogatories [Ex. 1] by Government Defendants.
- **Ex. 7**. Responses to Rule 33 Interrogatories [Ex. 1] by the "official capacity" Defendants ("State response").
- **Ex. 8**. Response to Rule 33 Interrogatories [Ex. 1] by John Baldwin ("Baldwin response").
- **Ex. 9**. Response to Rule 33 Interrogatories [Ex. 1] by Bruce Rauner ("Rauner response").

---

[1] Bruce Rauner, the State of Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections, and Wexford Health Sources, Inc.

Plaintiff sent enforcement correspondence in March. (*See* **Ex. 10** and **Ex. 11**.)  Counsel for the parties (Stephen Weil for the Plaintiff and Jeremy Tyrrell for the Defendants) then held a telephone conference on March 15, after which counsel for the Defendants stated in writing that he would respond to responding to Plaintiff's earlier enforcement correspondence (**Ex. 12**).

Since that time, Plaintiff's counsel has contacted defense counsel on multiple occasions, including on March 23, March 28, and April 24 to inquire about the defendants' responses (**Ex. 13**), but as of the date of this motion has heard nothing back from defense counsel.  Plaintiff therefore concludes that the parties are at issue, and brings this motion to compel.

## III.    DISCOVERY AT ISSUE

Because requests, objections, and responses in this discovery are spread across multiple documents, where doing so will assist the reader Plaintiff has excerpted the requests and responses in tables.

### a.  INTERROGATORIES TO ALL DEFENDANTS (Ex. 1.)

The interrogatories at issue are attached as Exhibit 1.  The defendants' responses and objections are attached as Exhibits 6, 7, 8, and 9.

**<u>Interrogatory 2</u>.**

| | |
|---|---|
| ***Discovery request***: **(Ex. 1)** | Identify by name and address all persons who have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all persons who are not listed in Defendant's Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating Documents, please list under oath the identities of any and all additional persons not listed in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state under oath. |
| ***Objection***: **(Ex. 6)** | Defendants object to this interrogatory because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. . . . Plaintiff's claims include general allegations about, inter alia, |

| | |
|---|---|
| | Tiffany Rusher, medical providers, mental health providers, correctional employees, Wexford employees, the [IDOC], and the State of Illinois. It is unreasonable for Defendants to attempt to identify all individuals who may have information concerning these types of broad allegations which are constrained by neither time nor scope. Identifying all individuals with knowledge of Plaintiff's claims, allegations, and Defendants' and Co -Defendants' defenses thereto would necessarily require the identification of an unknowable number of individuals employed by the [IDOC], Wexford Health Sources, Inc., and the State of Illinois, past and present. Defendants object to culling through all the documents produced in discovery to specifically identify every individual named therein because such a request is overbroad in time and scope, unduly burdensome, and disproportional to the needs of this case. Defendants object to this interrogatory because it seeks information which if released would pose a risk to the safety and security of correctional employees, offenders, their families, and the institution.  Defendants further object to the extent the information sought in this interrogatory is protected by law. See Departments of Commerce, Justice, and State Appropriations Act, Pub. L. No. 105- 277, § 127 (1999) ("Notwithstanding any other provision of law, in any action brought by a prisoner . . . .") |
| ***State response***: **(Ex. 7)** | Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001- 004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena. |
| ***Baldwin response***: **(Ex. 8)** | [Same as State response] |
| ***Rauner response***: **(Ex. 9)** | [Same as State response] |

***Discussion***:    This interrogatory asked the defendants to identify persons with knowledge of the facts relating to the claims and defenses in this case.  The defendants made boilerplate burden and overbreadth objections, and ultimately "responded" by invoking Rule 33(d) to refer Plaintiff to the entire, 4,733-page swath of documents produced as part of their initial disclosures, as well as "any documents produced by the parties during discovery, and any

5

documents produced pursuant to subpoena." This response is improper. First, as Plaintiff explained in her March 5 enforcement letter, the defendants' boilerplate objections are invalid: interrogatories asking to identify persons likely to have knowledge of the facts alleged is a well-established discovery device. (*See* Ex. 10 at 2.)

Second, the Rules Advisory Committee has explained that using Rule 33(d) to refer an interrogating party to a "mass of business records" is "an abuse of the [Rule 33(d)] option." Rule 33([d]) advisory committee note, 1980 amendment.

Third and finally, the documents that defendants refer to consist almost entirely of Ms. Rusher's personal prison file, along with copies of several IDOC's written policies—but the Complaint makes broader allegations. The Complaint refers to numerous policy decisions by governmental officials at the IDOC and the State management levels regarding the treatment of mentally ill inmates. Plaintiff, for example, alleges that IDOC Director Baldwin and Governor Rauner were both aware that there were multiple inmates "which included [Ms. Rusher], who could not receive appropriate psychiatric care within the IDOC and therefore should have been transferred to the custody of the Department of Human Services [IDHS]," yet they did not attempt to have such inmates transferred to the IDHS. (*See* ECF 1 ¶ 25(a).) Persons with knowledge of such management-level failures are not going to be identified in Ms. Rusher's personal prison files. Setting aside the improper nature of defendants' Rule 33(d) responses, therefore, their referral to Ms. Rusher's personal prison file do not constitute a good faith attempt to respond to this interrogatory.[2]

---

[2] Defendants also object to providing information based on Pub. L. No. 105- 277, but by its own terms that law applies to actions "brought by a prisoner," and Ms. Andrews is not a prisoner.

**Interrogatory 3**.

| | |
|---|---|
| ***Discovery request***:<br>**(Ex. 1)** | For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiffs will assume the substance of the witnesses' testimony is strictly limited to what is contained in such Documents. |
| ***Objection***:<br>**(Ex. 6)** | Defendants object to this interrogatory because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. . . . Plaintiff's claims include general allegations about, inter alia, Tiffany Rusher, medical providers, mental health providers, correctional employees, Wexford employees, the [IDOC], and the State of Illinois. It is unreasonable for Defendants to attempt to identify all individuals who may have information concerning these types of broad allegations which are constrained by neither time nor scope. Identifying all individuals with knowledge of Plaintiff's claims, allegations, and Defendants' and Co -Defendants' defenses thereto would necessarily require the identification of an unknowable number of individuals employed by the [IDOC], Wexford Health Sources, Inc., and the State of Illinois, past and present. Defendants object to culling through all the documents produced in discovery to specifically identify every individual named therein because such a request is overbroad in time and scope, unduly burdensome, and disproportional to the needs of this case. Defendants also object to Plaintiff making any assumptions about the substance of any witness's testimony. |
| ***State response***:<br>**(Ex. 7)** | Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001- 004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena. |
| ***Baldwin response***:<br>**(Ex. 8)** | [Same as State response] |

| | |
|---|---|
| ***Rauner response***:<br>**(Ex. 9)** | [Same as State response] |

***Discussion***: This interrogatory asks about the subject matters known to the persons responsive to Interrogatory 2.  The defendants' answer is identical to Interrogatory 2, identifying a large mass of documents—consisting of Ms. Rusher's prison file and copies of regulations—and virtually nothing else.  That response is inadequate, for the same reason defendants' response to Interrogatory 2 is inadequate.

### Interrogatory 8.

| | |
|---|---|
| ***Discovery request***:<br>**(Ex. 1)** | Please state whether any Defendant or the employee or agent of any Defendant acted inconsistently with any of the policies and practices of the Logan Correctional Center, the [IDOC], or Wexford at any time during the events described in the complaint. If the answer is in the affirmative, please identify: (a) particular policy or practice that was violated; (b) the individual(s) who violated each such policy or practice; and (c) any discipline that resulted from that violation. |
| ***Objection***:<br>**(Ex. 6)** | Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the [IDOC] and assumes Defendants were aware that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the [IDOC]. Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher' s mental health treatment while in the custody of the [IDOC], not mental health treatment of other offenders. |
| ***State response***:<br>**(Ex. 7)** | Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff' s December 6, 2018 Interrogatories. Subject to and without waiving said objections, Official Capacity Defendants are not currently aware of any individual acting inconsistently with any policies, practices, or customs at Logan Correctional Center as it concerns the medical or mental health treatment of Tiffany Rusher during her incarceration at Logan Correctional Center. |

| | |
|---|---|
| ***Baldwin response*: (Ex. 8)** | [Same as State response] |
| ***Rauner response*: (Ex. 9)** | [Same as State response] |

*Discussion*:  This interrogatory asks the defendants to identify any person who acted inconsistently with the policies of the IDOC, Logan Correctional Center, or Wexford during the events described in the Complaint.  The defendants claimed that the request was overbroad as it "seeks information concerning policies and practices which have no relevance to the claims against Defendants in this case," and confined their answer only to responding that they are unaware of any actions inconsistent with "any policies, practices, or customs at Logan Correctional Center as it concerns the medical or mental health treatment of Tiffany Rusher . . . ."  (*See* Ex. 7.)

The interrogatory, however, asked not only about the policies of the Logan Correctional Center, but the policies of the IDOC and of Wexford as well.  The defendants must respond as to those entities.  Such responses are entirely appropriate.  If it was State or IDOC policy to provide severely mentally ill inmates with hospital-level mental healthcare, for example, and management level defendants or Wexford failed to do so, that is relevant because such a failure impacted Ms. Rusher and may have caused the injuries alleged in the complaint.  It is Plaintiff's claim that such management-level failures caused Ms. Rusher's injuries.  This discovery is Plaintiff's opportunity to prove that claim.  This interrogatory is therefore appropriate and the defendants must respond to it.

**<u>Interrogatory 15</u>.**

| | |
|---|---|
| ***Discovery request*: (Ex. 1)** | State the date on which you became aware that Illinois had no provision to provide hospital level mental health care to prisoners confined in the [IDOC]. |

| | |
|---|---|
| ***Objection***:<br>**(Ex. 6)** | Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the [IDOC] and assumes Defendants were aware that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the [IDOC]. Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the [IDOC], not mental health treatment of other offenders. |
| ***State response***:<br>**(Ex. 7)** | None—standing on objections. |
| ***Baldwin response***:<br>**(Ex. 8)** | None—standing on objections. |
| ***Rauner response***:<br>**(Ex. 9)** | None—standing on objections. |

***Discussion***:  This interrogatory asks the defendants when they became aware that Illinois had no provision to provide hospital level mental healthcare to prisoners confined in the IDOC. The defendants refused to respond.  First they objected that the term "hospital level mental health care" is vague.  Plaintiff, however, provided the defendants with a detailed and specific definition of that term in her discovery enforcement letter, referring to the term's accepted definition in the *Rasho* litigation.  (*See* Ex. 10 at 7.)  Even with this definition, though, the defendants have not amended their response.

The defendants also object that this interrogatory assumes facts that have not been established, but that is not a valid basis for an objection.  That is not a basis for refusing to respond.  *See, e.g.*, *Garcia v. Clark*, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) ("Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing. This however, is discovery.").  The defendants also object to the

interrogatory as to time, but it simply asks when they became aware of something.  The defendants further object as to scope because this case only concerns the care of Ms. Rusher, but Plaintiff has alleged that the defendants failed at the management level to provide hospital level mental healthcare to IDOC prisoners, and that that failure impacted Ms. Rusher.  The interrogatory therefore is appropriate.

**Interrogatory 16**.

| | |
|---|---|
| ***Discovery request***: **(Ex. 1)** | State the date on which you became aware that there were prisoners confined in the [IDOC] who were in need of hospital level mental health care. |
| ***Objection***: **(Ex. 6)** | Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the [IDOC] needed "hospital level mental health care."  Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the [IDOC], not mental health treatment of other offenders. |
| ***State response***: **(Ex. 7)** | None—standing on objections. |
| ***Baldwin response***: **(Ex. 8)** | None—standing on objections. |
| ***Rauner response***: **(Ex. 9)** | Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, prior to this lawsuit, I do not recall being made aware of Tiffany Rusher.<br><br>Furthermore, I do not recall being made aware of Tiffany Rusher's specific mental health treatment needs or that she was not receiving the appropriate level of mental health care. I was at no time personally involved in providing specific courses of mental health treatment to Tiffany Rusher. |

***Discussion***: This interrogatory asked the defendants to say when they became aware that there were prisoners confined in the IDOC who were in need of hospital level mental healthcare.

The defendants objected that "hospital level mental health care" is vague, but in their
enforcement letter Plaintiff's counsel referred the defendants to the definition they provided as to
Interrogatory 15.  The defendants have never amended their response or stated that they needed
further clarification regarding this definition.

The defendants also object that the interrogatory assumes facts not in evidence, but as
Plaintiff has explained (*see* Interrogatory 15), that is not a valid objection.  The defendants object
that the interrogatory is "overbroad in time," but whatever they mean by that objection, this
interrogatory asks defendants when they became aware of something.  Finally, the defendants'
objection that the interrogatory is overbroad since it refers to "other offenders" is inappropriate
for the reasons described regarding Interrogatory 15.

**Interrogatory 17.**

| | |
|---|---|
| ***Discovery request***: **(Ex. 1)** | Regarding the previous interrogatory, describe each action You too to make hospital level mental health care available to prisoners confined in the [IDOC] who were in need of such care. |
| ***Objection***: **(Ex. 6)** | Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the [IDOC] needed "hospital level mental health care."  Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher' s mental health treatment while in the custody of the [IDOC], not mental health treatment of other offenders. |
| ***State response***: **(Ex. 7)** | None—standing on objections. |
| ***Baldwin response***: **(Ex. 8)** | None—standing on objections. |
| ***Rauner response***: **(Ex. 9)** | Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff' s December 6, 2018 Interrogatories. Subject to and without waiving said objections, prior to this lawsuit, I do not recall being made aware of Tiffany Rusher. |

| | Furthermore, I do not recall being made aware of Tiffany Rusher's specific mental health treatment needs or that she was not receiving the appropriate level of mental health care. I was at no time personally involved in providing specific courses of mental health treatment to Tiffany Rusher. |
| --- | --- |

*Discussion*: This interrogatory refers to Interrogatory 16 and asks the defendants to state what actions they took to ensure IDOC prisoners in need of hospital level mental health care received it. The defendants refused to respond (aside from Gov. Rauner's objection that he did not have information specifically regarding Ms. Rusher), based on the same objections they made to Interrogatory 16. Those objections are invalid for the same reasons.

**Interrogatory 18.**

| | |
| --- | --- |
| ***Discovery request:*** **(Ex. 1)** | State all reasons (if any) that prisoners confined in the [IDOC] who were in need of hospital level of mental health care were not transferred to one of the state mental health hospitals operated by the Illinois Department of Human Services. |
| ***Objection:*** **(Ex. 6)** | Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the [IDOC] needed "hospital level mental health care." Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the [IDOC], not mental health treatment of other offenders. |
| ***State response:*** **(Ex. 7)** | None—standing on objections. |
| ***Baldwin response:*** **(Ex. 8)** | None—standing on objections. |
| ***Rauner response:*** **(Ex. 9)** | Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, prior to this lawsuit, I do not recall being made aware of Tiffany Rusher.<br><br>Furthermore, I do not recall being made aware of Tiffany Rusher's specific mental health treatment needs or that she was not receiving the appropriate level of mental health care. I was at no time |

| | personally involved in providing specific courses of mental health treatment to Tiffany Rusher. |
|---|---|

*Discussion*:  This interrogatory asks the defendants to explain why IDOC prisoners in need of hospital level mental healthcare were not transferred to one of the state hospitals operated by IDHS.  The defendants refused to respond because "hospital level mental health care" is vague.  Again, Plaintiff's enforcement letter referred the defendants to the definition provided as to Interrogatory 15, yet defendants have not amended their responses.  The defendants also object that the interrogatory assumes facts not in evidence.  That is invalid as well, for the reasons explained above.  The defendants further object that the interrogatory is vague as to time, but the obvious time period is that during which the failure to send seriously mentally ill inmates to the IDHS impacted Ms. Rusher.  The defendants again object as to scope because this interrogatory concerns more prisoners than Tiffany, but once more, Plaintiff alleges management-level failures that impacted Ms. Rusher, making this interrogatory appropriate.

**Interrogatory 19**

*Discussion*:  This interrogatory asks individual-capacity defendants to provide financial information for punitive damages.  The defendants object that the interrogatory is premature, since the case has not survived summary judgment.  Plaintiff has no quarrel with a delayed response to this interrogatory, so long as her ability to enforce it is preserved.

**b.  REQUESTS FOR PRODUCTION TO JOHN BALDWIN** (Ex. 2.).

Plaintiff's requests for production ("RFP") to Mr. Baldwin (in his official capacity) are attached as Exhibit 2.  Mr. Baldwin's responses are attached as Exhibit 4.

**i.  Global problems.**

**Rule 34(b)(2)(C)**.  Baldwin's responses to every RFP fail to comply with Rule 34(b)(2)(C), in that they do not state whether any responsive materials are being withheld on the

basis of the stated objections.  Pursuant to Rule 34(b)(2)(C), Mr. Baldwin must state whether any

responsive materials are being withheld on the basis of these objections, and as to each request,

specify which part of which request they are being withheld from, and based on what objection.

Mr. Baldwin must amend his responses to comply with those obligations.  Plaintiff raised this

issue with Mr. Baldwin during the meet-and-confer process (*see* Ex. 10 at 12) but Mr. Baldwin

has not amended his responses.

### ii.  Specific requests.

### Baldwin Request for Production 1.

| | |
|---|---|
| ***Discovery request***: **(Ex. 2)** | All Documents concerning Tiffany Rusher that were generated and/ or maintained by IDOC at any time pursuant to the assessment plan described the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as *Andrews v. Rauner*, Plaintiff's Production 000008- 000012) [a copy of the Assessment Plan is attached as **Ex. 14**]. |
| ***Response***: **(Ex. 4)** | Defendant objects to this Request because it is overbroad in time and scope, irrelevant, vague, confusing, and unduly burdensome. See Fed. R. Civ. P. 26(b). Plaintiff's Request is vague and confusing as written. Plaintiff seeks documents "generated and/ or maintained" for an IDOC Facility and Staffing Assessment Plan used in other pending litigation. It is unclear if Plaintiff is seeking documents concerning the implementation of this plan, documents specifically mentioning Tiffany Rusher, documents generally referring to SMI female offenders, or something else. In any event, it is unclear how this Request is relevant to the claims or defenses in this case. Defendant also objects to this Request to the extent Plaintiff is seeking documents protected by attorney- client privilege or the work product doctrine. While Plaintiffs Request is difficult to discern, it, arguably, might be seeking documents protected by a privilege. Defendant is not currently withholding any documents responsive to this Request based on privilege, as Defendant understands this Request, but reserves the right to withhold said documents if Plaintiff clarifies this Request.<br><br>Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017- |

| | 004297. Plaintiff is also referred to document Bates stamped 004775- 005031. |
|---|---|

*Discussion*:  This RFP asked Baldwin to produce documents concerning Ms. Rusher that were generated pursuant to the assessment plan set out in the 9/20/13 memorandum (*see* Ex. 14). Baldwin raises a variety of objections, and then points only to bates ranges reflecting Ms. Rusher's medical file.  That is inadequate.  The 9/20/13 Assessment Plan at issue, which was a component of the *Rasho* litigation remedy, led to the generation of written assessments specified in the plan.  To the extent such assessments generated documents that concerned Ms. Rusher (*e.g.*, if documents were generated identifying Ms. Rusher as a prisoner who required "Inpatient" care, *see* Ex. 14 at 00009), such a document would be responsive, and Baldwin should be required to produce such responsive documents.

**Baldwin Request for Production 2.**

| | |
|---|---|
| ***Discovery request***: **(Ex. 2)** | All inpatient lists that were generated and/or maintained by IDOC at any time pursuant to the assessment plan described in the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as Andrews v. Rauner, Plaintiff's Production 000008-000012 [Ex. 14]). This request includes but is not limited to inpatient lists that reference Tiffany Rusher. |
| ***Response***: **(Ex. 4)** | Defendant objects to this Request because it is overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. See Fed. R. Civ. P. 26(b). A copy of Tiffany Rusher' s mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is unduly burdensome and duplicative. Defendant also objects to this Request because the identification of non- party offenders who were identified as needing inpatient level of care is not relevant to the claims or defenses at issue in this case.  Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of September 20, 2013. Defendant also objects to this Request because mental |

16

| | health information of non- parties is protected under state and federal law.<br><br>Subject to and without waiving said objections, as it concerns Tiffany Rusher' s determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher' s medical and mental health records, previously produced, as documents Bates stamped 000017-004297. Plaintiff is also referred to document Bates stamped 004775- 005031. |
|---|---|

*Discussion*:  This RFP asked Baldwin to produce inpatient lists specified in the assessment plan, whether or not those records reference Tiffany Rusher.  Baldwin refused and pointed only to Ms. Rusher's own medical file. That is inappropriate. Baldwin's refusal to produce responsive information seems to stem from the defendants' refusal to acknowledge that this is a case about their management-level actions (or inaction) that impacted a number of inmates, including Ms. Rusher.  Plaintiff is entitled to prove up those policies and the information Plaintiff seeks here is reasonably calculated to do that.  Baldwin's claims that producing this information is unduly burdensome are entirely unfounded, and therefore are waived.  Finally, the privilege objection asserted by Baldwin (regarding other prisoners) was already resolved by the Court, which decided both that the Illinois Mental Health Act does not control discovery in this case, and that the Confidentiality Order entered in this case is sufficient to protect the privacy interests of third-party inmates.  (*See* ECF 40 at 7.)  Baldwin must produce responsive information.

**Baldwin Request for Production 3-6.**

| | |
|---|---|
| ***Discovery request***:<br>**(Ex. 2)** | 3. Documents that reference the identi[t]y of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa December 6, 2013" (*see Andrews v. Rauner*, Plaintiff's Production 000017), including but not limited to documents that reference Tiffany Rusher. |

| | |
|---|---|
| | 4. Documents that reference the identi[t]y of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa January 27, 2014" (*see Andrews v. Rauner*, Plaintiff's Production 000129- 000130), including but not limited to documents that reference Tiffany Rusher.<br><br>5. Documents that reference the identi[t]y of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of April 3, 2014 (*see Andrews v. Rauner*, Plaintiff's Production 000254), including but not limited to documents that reference Tiffany Rusher.<br><br>6. Documents that reference the identi[t]y of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of February 13, 2015 (*see Andrews v. Rauner*, Plaintiff's Production 000278- 000279), including but not limited to documents that reference Tiffany Rusher. |
| ***Response***:<br>**(Ex. 4)** | [*Identical for RFPs 3-6*]  Defendant objects to this Request because it is vague, overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. *See* Fed. R. Civ. P. 26(b). It is unclear from Plaintiff's Request whether Plaintiff is seeking the identities of female SMI caseload offenders identified as needing inpatient level of care for a specific date, all documents referencing the list of female SMI caseload offenders identified as needing inpatient level of care for a specific date, or something else. In any event, it is unclear why Plaintiff needs information concerning other offenders because Plaintiff is not bringing class claims. A copy of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is duplicative and unduly burdensome.  Defendant also objects to this Request because the identification of non- party offenders that were identified as needing inpatient level of care is not relevant to Plaintiffs claims or defenses. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of February 13, 2015. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.<br><br>Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017- |

| | 004297. Plaintiff is also referred to document Bates stamped 004775- 005031. |
|---|---|

*Discussion*:  These requests ask Baldwin to produce inpatient-level-of-care lists identified in several IDOC memos to Dr. Patterson and Harold Hirschman.  Baldwin refused to do so, again pointing only to Tiffany's medical file, again based again on the defendants' refusal to acknowledge Plaintiff's allegation that Ms. Rusher was impacted by the defendants' policies and practices regarding the treatment of IDOC prisoners with mental illness.  In that light all Baldwin's objections are invalid.  The impact suffered by other inmates is proof that Ms. Rusher was the victim of management-level and is key to holding the management-level defendants responsible for her mistreatment the information is therefore highly relevant to this case. Baldwin furthermore made no effort to substantiate his objection that responding to these requests will impose any sort of meaningful burden.  Baldwin must produce responsive documents.

### Baldwin Request for Production 7.

| | |
|---|---|
| *Discovery request*: **(Ex. 2)** | All Communications to and/or from Governor Rauner and/or his agents regarding the lack of inpatient care provided to Illinois prisoners between 1/1/2013 and 5/31/2016, including but not limited to communications referenced in the document produced at *Andrews v Rauner*, Plaintiff's Production 000290-000291.[3] |
| *Response*: **(Ex. 4)** | Defendant objects to this Request to the extent Plaintiff seeks documents outside the custody, control, or possession of the office of the Acting Director of the [IDOC] because this is the party to whom Plaintiff directed her Request.<br><br>See generally Fed. R. Civ. P. 34. Defendant also objects to this Request because it is overbroad in time and scope, irrelevant, vague, and unduly burdensome. See Fed. R. Civ. P. 26(b). This |

---

[3]  This document refers to a statement in a memorandum filed by the Attorney General's Office in *Rasho v. Walker*, 1:07-cv-01298-MMM (ECF 245 at 4-5) (C.D. Ill. Aug. 6, 2015), which stated, "The March [2015 settlement] conference included extensive discussion of the efforts made to secure inpatient beds, including a request from the Governor for funding."

<table>
<tr><td></td><td>case concerns Tiffany Rusher's mental health treatment while in the custody of the [IDOC], and it has not been established that Tiffany Rusher was identified as needing inpatient level of care. Further, Communications generally concerning a lack of inpatient care are not relevant to Plaintiff's claim that Defendants did not provide Tiffany Rusher with adequate mental health care; the pertinent issue is whether Defendants recognized Tiffany Rusher was not receiving adequate care and consciously disregarded Tiffany Rusher's alleged objectively serious mental health treatment needs.</td></tr>
</table>

*Discussion*:  This request asked for communications by Gov. Rauner or his agents regarding inpatient levels of care.  Baldwin refused to produce any responsive documents.  His primary objection is that this case involves only the treatment of Tiffany Rusher, but as Plaintiff has explained repeatedly, that objection flatly ignores the management-level allegations Plaintiff makes in her complaint.  Once again, Plaintiff alleges that action and inaction that was countenanced by Mr. Rauner regarding mentally ill inmates, at the management level, harmed Ms. Rusher personally.  This request is part of Plaintiff's effort to prove that claim.  The discovery is entirely appropriate for this case.

Baldwin further objects that he does not have custody of such communications as "Acting Director of the Illinois Department of Corrections," but Baldwin is responding in his official capacity and as such he stands in for the State of Illinois, which inarguably has custody.

### c.  REQUESTS FOR PRODUCTION TO ALL DEFENDANTS (Ex. 3.).

Plaintiff's requests to all the defendants are attached as Exhibit 3.  The defendants' responses are attached as Exhibit 5.

### i.  Global issues.

**Privilege / work product objection**:  In response to multiple RFPs the defendants object on attorney work product and privilege grounds.  (*See* RFPs 1-3, 5, 12, 14-25.)  If the defendants are withholding documents on the basis of these objections, they are required to produce a

privilege log.  Plaintiff raised this issue with the defendants during the meet-and-confer process (*see* Ex. 10 at 8) but the defendants have not provided a log.

**Rule 34(b)(2)(C)**.  As with Mr. Baldwin, the defendants have failed to state whether any responsive materials are being withheld on the basis of their objections.  Plaintiff raised this issue with the defendants during the meet-and-confer process (*see id.* at 8) but the defendants have not amended their responses.

ii.    **Specific requests.**

**All Defendants Request for Production 5.**

| | |
|---|---|
| ***Discovery request***: **(Ex. 3)** | All communications pertaining to Tiffany Rusher, including but not limited to: emails, memos, notes, and "Utilization Review" or "Collegiate Review" communications. |
| ***Response***: **(Ex. 5)** | Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every communication concerning Tiffany Rusher. Further, many of these documents and information are not relevant to Plaintiff's claims in this case that Tiffany Rusher's mental health treatment at Logan Correctional Center was inadequate. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney- client privilege.<br><br>Subject to and without waiving said objections, see Tiffany Rusher's medical and mental health records maintained by the [IDOC], previously produced as documents Bates stamped 000017- 004297. Plaintiff is also referred to documents Bates stamped 004734- 005031. See also Department of Human Services documents produced by Co-Defendants Bates stamped Wexford Bates 000001- 002213, and 002234- 002306. |

**Discussion**:  This RFP asked the defendants to produce all communications pertaining to Tiffany Rusher. Outside of Ms. Rusher's prison records, defendants to produce a single document.  They raise boilerplate, unsupported objections, which are waived. Among other

things, defendants claim that it is overly broad and unduly burdensome to "scour" every state agency for communications, but that objection is both implausible and unsubstantiated. And it is nonsense. The defendants are being called upon to do what corporate defendants do every day: identify likely custodians of records responsive to a document request. The defendants can identify such custodians through a straightforward investigation; indeed, given the standardized protocols that the IDOC and other agencies have for managing prisoners like Ms. Rusher, determining who is likely to possess responsive information and where it is located should not be particularly taxing. And of course, much of the responsive information will be stored electronically, making it easy both to search and to produce.

The defendants also repeat their relevance objection, that "Plaintiff's claims in this case [are only] that Tiffany Rusher's mental health treatment at Logan [CC] was inadequate." But Plaintiff's claims are in no way limited to that allegation—Plaintiff alleges that Ms. Rusher's placement in solitary confinement amounted to cruel and unusual punishment, and that the defendants discriminated against her as a disabled person. The impact of Ms. Rusher's serious mental illness and her placement in several solitary confinement—both of which relate directly to this lawsuit—appear to be the dominant phenomena of her incarceration, and thus a request for communications about her is reasonably targeted to lead to the discovery of admissible evidence.

The defendants have not produced (or pointed to) a single email relating to Ms. Rusher, and they do not appear to have conducted any sort of search for such communications. The defendants are thus in flagrant violation of their obligations under Rule 34. They must respond to this request.

**All Defendants Request for Production 7 and 8**.

*Discussion*:  These RFPs asked for floorplans of the areas relating to Ms. Rusher's placement in solitary confinement.  During the parties' March 15 telephonic meet-and-confer call defense counsel agreed to produce fire safety floorplans.  No such plans have been produced, however.  Plaintiff therefore assumes that the defendants have changed position and are refusing to produce anything.  They should be compelled to produce responsive plans.

**All Defendants Request for Production 14**.

| *Discovery request*: (Ex. 3) | All physical evidence in your possession relating to Tiffany Rusher. |
|---|---|
| *Response*: (Ex. 5) | Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find "all physical evidence" relating to Tiffany Rusher. This request is also vague because it is unclear whether Plaintiff is seeking physical evidence Defendants will rely upon at trial, seeking physical evidence duplicative of request 10, or something else. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney- client privilege. |

*Discussion*:  This RFP asks for physical evidence relating to Tiffany Rusher.  The defendants objected that this request might call for evidence that Defendants might use at trial, but that is not a basis for an objection—such evidence would be discoverable under the federal rules. The defendants also assert attorney work product and attorney-client privilege objections. They must produce a privilege log if they are withholding evidence based on this objection. They must also identify any evidence that they are withholding based on any of their objections.

**All Defendants Request for Production 21**.

| | |
|---|---|
| *Discovery request*: **(Ex. 3)** | All documents related to discharge planning for Tiffany Rusher, including without limitation any documents relating to commitment proceedings which were contemplated or initiated, including emails and other communications with the State's Attorney's office. |
| *Response*: **(Ex. 5)** | Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. It is unclear what Plaintiff intends by all documents relating to discharge planning for Tiffany Rusher. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege. <br><br> Subject to and without waiving said objections, Plaintiff is referred to documents produced by Co-Defendants Bates stamped Wexford Bates 002214- 002233. |

*Discussion*:  This RFP asked the defendants for all documents relating to Tiffany Rusher's civil commitment proceedings, including related communications.  The defendants refer only to the commitment pleadings themselves, not to any other documents and not any other communications. That there are no such communications is implausible.  The defendants are therefore required to amend their response.  The defendants are further obligated to produce a privilege log identifying responsive documents that they claim are privileged.  They have not done so, despite Plaintiff's request in her enforcement correspondence.

**All Defendants Request for Production 22**.

| | |
|---|---|
| *Discovery request*: **(Ex. 3)** | All documents relating to Illinois Department of Correction's contract with Wexford or any other entity or person relating to the provision of mental health services at Logan Correctional Center which were in effect during the relevant period. |
| *Response*: **(Ex. 5)** | Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. It is unclear what Plaintiff intends by all documents relating to discharge planning for Tiffany Rusher. Defendants also object to this request to the extent it seeks |

| | any information or documentation that is attorney work product or protected by attorney- client privilege. |
| | Subject to and without waiving said objections, Plaintiff is referred to documents produced by Co -Defendants Bates stamped Wexford Bates 002214- 002233. |

*Discussion*:  This RFP asked the defendants to produce documents relating to IDOC's contract with Wexford relating to the provision of mental health services at Logan CC.  The defendants point to the Wexford contract only.  That is demonstrably inadequate.  There are numerous additional documents responsive to this request—many of which were admitted as evidence in the various *Rasho* hearings.  However, there is no indication (either in *Rasho* or in the defendants' discovery responses here) that the defendants have made any effort at all to locate or gather any documents in response to this request.  It is simply inconceivable that State and Wexford did not communicate regarding the provision of mental healthcare at Logan CC, yet the defendants appear pointedly to have refused to search for such information.

This refusal, again, appears to stem from the defendants' position that discovery in this case can only concern the care of Ms. Rusher in particular—but as Plaintiff has explained repeatedly, that simply is not so.  Her complaint alleges that policy failures led to Ms. Rusher's mistreatment, and this discovery is designed to prove that allegation.  The defendants must make some effort to locate documents that are responsive to this request.

## All Defendants Request for Production 25.

| *Discovery request*: (Ex. 3) | All documents relating to the provision of hospital level mental health care to prisoners confined to the [IDOC], including without limitations all plans, communications, emails, studies and similar documents relating to contracts with third parties, other state agencies, or privately owned or operated hospitals relating to such care, or plans or attempts to provide such care. |
| *Response*: (Ex. 5) | Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of |

|  | this case, and is unduly burdensome.  Plaintiff' s claims in this case concern Tiffany Rusher' s mental health care while at Logan Correctional Center. Plaintiff' s request for all documents relating to "the provision of hospital level mental health care to prisoners" at all [IDOC] facilities, without temporal limitation, is overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by "hospital level mental health care." Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney- client privilege. |
|---|---|

*Discussion*:  This RFP asks the defendants to produce all documents relating to the provision of hospital level mental healthcare. The defendants refused to produce a single document based on boilerplate objections.  In enforcement correspondence Plaintiff addressed those objections, providing a definition for "hospital level mental healthcare" and explaining the relevance of the request.  In that correspondence Plaintiff further explained that the request is relevant because the complaint alleges that defendants' failure to provide hospital level mental healthcare to IDOC prisoners who needed it caused Tiffany's injuries.  Plaintiff further pointed out in the discovery correspondence that the defendants' assertion of disproportionality was entirely unsupported.  The defendants have not responded to these observations or supported their objections.  Their objections are therefore waived.  They must produce responsive documents.

**All Defendants Request for Production 26.**

*Discussion*:  This was a request for inspection of areas where Ms. Rusher was housed and devices used to restrain her.  The defendants asserted boilerplate objections.  In her discovery correspondence Plaintiff asked the defendants to clarify whether they were actually objecting to an inspection by Plaintiff's counsel, and received no response.  Plaintiff therefore moves to compel the inspection.

**WHEREFORE**, Plaintiff respectfully requests that the Court compel the defendants to respond to Plaintiff's discovery, as set forth in this motion.

Date:  May 13, 2019                                    Respectfully submitted,

                                                       /s/ *Stephen H. Weil*

                                                       Stephen H. Weil – steve@weilchardon.com
                                                       Alexis G. Chardon – ali@weilchardon.com
                                                       Weil & Chardon LLC
                                                       333 S. Wabash Ave., Suite 2700
                                                       Chicago, IL 60604
                                                       312-585-7404

                                                       Alan Mills – alan@uplcchicago.org
                                                       Elizabeth Mazur – liz@uplcchicago.org
                                                       Nicole Schult – nicole@uplcchicago.org
                                                       Uptown People's Law Center
                                                       4413 North Sheridan Rd.
                                                       Chicago, Illinois 60640
                                                       Tel: (773) 769-1411
                                                       Fax: (773) 769-2224

                                                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2019, a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

/s/ Stephen H. Weil