E-FILED
Monday, 13 May, 2019  05:51:14 PM
Clerk, U.S. District Court, ILCD

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

Kelli Andrews,                                            )
                                                         )
                         Plaintiff,                      )
                                                         )    Case No.  18-cv-1101-SEM-TSH
v.                                                       )
                                                         )
Bruce Rauner *et al.*,                                   )
                                                         )
                         Defendants.                     )

## PLAINTIFF'S DECEMBER 6, 2018 RULE 33 DISCOVERY TO ALL DEFENDANTS

Plaintiff by her undersigned attorneys, propounds the following requests for production

pursuant to Fed. R. Civ. P. 33 upon Defendants Bruce Rauner, The State of Illinois, John R.

Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections, and

Wexford Health Sources, Inc.:

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" shall have the broadest possible meaning under the Federal

Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized,

audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the

possession and/or control of Defendants or known by Defendants to exist, whether or not

claimed to be privileged or otherwise excludable from discovery. Any document with any marks

or notations, including but limited to: initials; routing instructions; date stamps; and any

comment, marking, or notation of any character, is to be considered a separate document.

"Document" includes communications.

2.      "Defendants," shall refer to any of Defendants Bruce Rauner, The State of

Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of

Corrections, and Wexford Health Sources, Inc., as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

3.      These requests are to be responded to separately by each of the Defendants.

4.      "You" and "your" shall be interpreted to mean the Defendant answering the interrogatory, as well as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

5.      "Logan" refers to the Logan Correctional Center.

6.      "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

7.      "Communications" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence, recordings, or the like.

8.      "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

## INTERROGATORIES

1.      State the name, address and phone number of every person who participated in answering these interrogatories.

2.      Identify by name and address all persons who have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all persons who are not listed in Defendant's Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating Documents, please list under oath the identities of any and all additional

persons not listed in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state under oath.

3.      For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiffs will assume the substance of the witnesses' testimony is strictly limited to what is contained in such Documents.

4.      Identify by name and last known address all correctional staff and medical/mental health workers who interacted with Tiffany Rusher from September 1, 2015 through May 31, 2016.  For each person identified, provide their job title and the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

5.      Identify by name and last known address of all correctional staff and medical/mental health providers who had any responsibility for monitoring Tiffany Rusher from September 1, 2015 through May 31, 2016.  For each person identified, provide their job title and the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath

6.      Identify by name and last known address all persons responsible for providing mental health care at Logan Correctional Center at any time from September 1, 2015 through

May 31, 2016.  If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

7.     For any Document requested in Plaintiff's discovery requests that has been lost, discarded, destroyed, altered, or defaced, please identify each such Document as completely as possible and state the approximate date it was lost, discarded, destroyed, altered, or defaced; the circumstances and manner in which it was lost, discarded, destroyed, altered, or defaced, including the identities of all Persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

8.     Please state whether any Defendant or the employee or agent of any Defendant acted inconsistently with any of the policies and practices of the Logan Correctional Center, the Illinois Department of Corrections, or Wexford at any time during the events described in the complaint. If the answer is in the affirmative, please identify: (a) particular policy or practice that was violated; (b) the individual(s) who violated each such policy or practice; and (c) any discipline that resulted from that violation.

9.     For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

10.     State the date upon which You first became aware that Tiffany Rusher was in need of mental health care.

11.     State each action You took to provide Tiffany Rusher with an appropriate level of mental health care, and the date upon which You took each such action.

12.     State each action You took to ensure that Tiffany Rusher was receiving an appropriate level of mental health care from others, the other person or persons who were to provide such care, and the date upon which You took each such action.

13.     Describe each action You took to ensure that Tiffany Rusher had access to programs, services, and human contact, and the date upon which You took such action.

14.     Describe all steps which You took in connection with discharge planning for Tiffany Rusher, including without limitation any steps You in connection with commitment proceedings and commitment to a mental health hospital.

15.     State the date on which you became aware that Illinois had no provision to provide hospital level mental health care to prisoners confined in the Illinois Department of Corrections.

16.     State the date on which you became aware that there were prisoners confined in the Illinois Department of Corrections who were in need of hospital level mental health care.

17.     Regarding the previous interrogatory, describe each action You too to make hospital level mental health care available to prisoners confined in the Illinois Department of Corrections who were in need of such care.

18.     State all reasons (if any) that prisoners confined in the Illinois Department of Corrections who were in need of hospital level of mental health care were not transferred to one of the state mental health hospitals operated by the Illinois Department of Human Services.

19.     **To Defendants in their individual capacities only, including Wexford:** For punitive damage purposes, please state your net financial worth (in dollars). Additionally, please describe how that net worth has been calculated, including Defendant's yearly salary, and list any and all assets of value in excess of $2,500 (including a description of any ownership of real estate, vehicles, stock, mutual funds, etc.), and all liabilities in excess of $2,500.

Dated: December 6, 2018                      */s/ Alan Mills*
                                          Alan Mills - alan@uplcchicago.org
                                          Liz Mazur – liz@uplcchicago.org
                                          Nicole Schult - Nicole@uplcchicago.org
                                          Uptown People's Law Center
                                          4413 North Sheridan Rd.
                                          Chicago, Illinois 60640
                                          Tel: (773) 769-1411
                                          Fax: (773) 769-2224

                                          Stephen H. Weil – steve@weilchardon.com
                                          Alexis G. Chardon – ali@weilchardon.com
                                          Weil & Chardon LLC
                                          333 S. Wabash Ave., Suite 2700
                                          Chicago, IL 60604
                                          312-585-7404

                                          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2018 I made service of the foregoing via email on the following attorneys:

Jeremy C. Tyrrell – jtyrrell@atg.state.il.us

Karen L. McNaught – kmcnaught@cassiday.com

Alexander B. Chosid – abchosid@wmlaw.com

Charles Z. Vaughn – czvaughn@wmlaw.com

    /s/ Stephen H. Weil

7

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kelli Andrews, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  18-cv-1101-SEM-TSH |
| v. | ) | |
| | ) | |
| Bruce Rauner *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DECEMBER 5, 2018
## REQUESTS FOR PRODUCTION TO
## <u>DEFENDANT BALDWIN IN HIS OFFICIAL CAPACITY</u>

Plaintiff, by her undersigned attorneys, propounds the following requests for production pursuant to Fed. R. Civ. P. 34 upon Defendants Baldwin in his official capacity:

### <u>Definitions and Instructions</u>

1.      The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendants or known by Defendants to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking, or notation of any character, is to be considered a separate document.  "Document" includes communications.

2.       "Defendants," shall refer to any of Defendants Bruce Rauner, The State of Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections, and Wexford Health Sources, Inc., as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

3.      "You" and "your" shall be interpreted to mean the Defendant answering the interrogatory, as well as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

4.      "Logan" refers to the Logan Correctional Center.

5.      "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

6.      "Communications" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence, recordings, or the like.

7.      "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

### Requests for Production

1.      All Documents concerning Tiffany Rusher that were generated and/or maintained by IDOC at any time pursuant to the assessment plan described the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as Andrews v. Rauner, Plaintiff's Production 000008-000012).

2.      All inpatient lists that were generated and/or maintained by IDOC at any time pursuant to the assessment plan described the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as Andrews v. Rauner, Plaintiff's Production 000008-000012).  This request includes but is not limited to inpatient lists that reference Tiffany Rusher.

3.      Documents that reference the identify of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa December 6, 2013" (see Andrews v. Rauner, Plaintiff's Production 000017), including but not limited to documents that reference Tiffany Rusher.

4.      Documents that reference the identify of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa January 27, 2014" (see Andrews v. Rauner, Plaintiff's Production 000129-000130), including but not limited to documents that reference Tiffany Rusher.

5.      Documents that reference the identify of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of April 3, 2014 (see Andrews v. Rauner, Plaintiff's Production 000254), including but not limited to documents that reference Tiffany Rusher.

6.      Documents that reference the identify of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of February 13, 2015 (see Andrews v. Rauner, Plaintiff's Production 000278-000279), including but not limited to documents that reference Tiffany Rusher.

7.      All Communications to and/or from Governor Rauner and/or his agents regarding the lack of inpatient care provided to Illinois prisoners between 1/1/2013 and 5/31/2016, including but not limited to communications referenced in the document produced at Andrews v. Rauner, Plaintiff's Production 000290-000291.

Respectfully Submitted

*/s/ Elizabeth Mazur*
Alan Mills - alan@uplcchicago.org
Liz Mazur – liz@uplcchicago.org
Nicole Schult - Nicole@uplcchicago.org
Uptown People's Law Center
4413 North Sheridan Rd.
Chicago, Illinois 60640
Tel: (773) 769-1411
Fax: (773) 769-2224

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 5, 2018, service of the

foregoing was made via email on the following attorneys:

Jeremy Tyrrell, Jtyrrell@atg.state.il.us

Karen McNaught, kmcnaught@cassiday.com

Alex Chosid, abchosid@wmlaw.com


/s/ Elizabeth Mazur

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

Kelli Andrews,                                             )
                                                          )
                                    Plaintiff,            )        Case No.  18-cv-1101-SEM-TSH
v.                                                        )
                                                          )
Bruce Rauner *et al.*,                                    )
                                                          )
                                    Defendants.           )

**PLAINTIFF'S DECEMBER 6, 2018 RULE 34 REQUESTS**
**TO ALL DEFENDANTS**

Plaintiff, by her undersigned attorneys, propounds the following discovery requests

pursuant to Federal Rule of Civil Procedure 34 upon Defendants Bruce Rauner, the State of

Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of

Corrections, and Wexford Health Sources, Inc.:

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "document" shall have the broadest possible meaning under the Federal

Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized,

audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the

possession and/or control of Defendants or known by Defendants to exist, whether or not

claimed to be privileged or otherwise excludable from discovery. Any document with any marks

or notations, including but limited to: initials; routing instructions; date stamps; and any

comment, marking, or notation of any character, is to be considered a separate document.

"Document" includes communications.

2.      "Defendants," "You," and "Your" shall refer to any of Defendants Bruce Rauner,

The State of Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois

Department of Corrections, and Wexford Health Sources, Inc., as well as their counsel and any

consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

3.      "Logan" refers to the Logan Correctional Center.

4.      If there are no documents in your possession, custody, or control that are

responsive to a particular request, please so state and identify the request.

5.      If you know of any documents responsive to this request that are not in your

possession, custody or control, identify those document(s) and the person who has possession,

custody or control thereof.

9.      "Relate," "relating to," or "regarding" shall mean directly or indirectly

mentioning or describing, pertaining to, being connected with, reflecting upon, or having any

logical or factual connection with a stated subject matter.

10.     "Communications" shall refer to any form of communication, including but not

limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence,

recordings, or the like.

11.     "Person" shall refer to any individual, corporation, partnership, organization, or

other legal entity.

13.     Unless otherwise stated, the "Relevant Time Period" for these discovery requests

shall be the period during which Tiffany Rusher was in the custody of the IDOC.

14.     These requests are to be responded to separately by each of the Defendants.

15.     If any document is withheld under a claim of privilege, please list any such

document with respect to which you claim a privilege, identifying the source and nature of the

privilege.

## REQUESTS FOR PRODUCTION
## <u>TO ALL DEFENDANTS</u>

1.     All documents which relate to, support, or rebut any of the allegations or claims in the Complaint.

2.     All documents upon which Defendants may rely at trial.

3.     All documents relating to the detainment of Tiffany Rusher at Logan Correctional Center.

4.     All medical records pertaining to Tiffany Rusher, without limitation to time.

5.     All communications pertaining to Tiffany Rusher, including but not limited to: e-mails, memos, notes, and "Utilization Review" or "Collegiate Review" communications.

6.     Documents sufficient to show all of Tiffany Rusher's housing assignments, including the dates she was assigned to each location.

7.     All visual depictions, including photographs or floor plans, of any cell or cells or other area (*e.g.*, crisis cells or health care unit) in which Tiffany Rusher was housed.

8.     All floorplans of any portion of Logan in which Tiffany Rusher was housed, or received mental health treatment.

9.     All photographs of Tiffany Rusher.

10.     All items which belong or once belonged to Tiffany Rusher, or which were possessed by her.

11.     All notes, grievances, or other documents authored by Tiffany Rusher or on her behalf.

12.     All notes or recordings of any interviews pertaining to the incarceration, treatment, or death of Tiffany Rusher.

13.     All videotape of Tiffany Rusher.

14.   All physical evidence in your possession relating to Tiffany Rusher.

15.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to the prevention of prisoner suicide.

16.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to the provision of mental health treatment to prisoners.

17.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to prisoner mental health screening.

18.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures governing prisoner classification, housing assignments, and housing arrangements.

19.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures governing solitary confinement, administrative segregation, restricted housing, disciplinary segregation, or any other name for the placement of a prisoner in restrictive housing (*i.e.,* placement other than in general population).

20.   All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to "crisis watch" or any other term for monitoring of inmates thought to be in danger to themselves or others. This request includes such documents related to general policies for crisis watches and policies or procedures specific to any occasion when Tiffany Rusher was placed on crisis watch, including limitations on property, limitations on movement, and specifications of how various activities were to be performed while on crisis watch (*e.g.,* use of toilet paper and sanitary pads).

21. All documents related to discharge planning for Tiffany Rusher, including without limitation any documents relating to commitment proceedings which were contemplated or initiated, including emails and other communications with the State's Attorney's office.

22. All documents relating to Illinois Department of Correction's contract with Wexford or any other entity or person relating to the provision of mental health services at Logan Correctional Center which were in effect during the relevant period.

23. All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures regarding inmate recreation or exercise.

24. All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures regarding inmate education, job training, employment, entertainment, or other programming.

25. All documents relating to the provision of hospital level mental health care to prisoners confined to the Illinois Department of Corrections, including without limitations all plans, communications, emails, studies and similar documents relating to contracts with third parties, other state agencies, or privately owned or operated hospitals relating to such care, or plans or attempts to provide such care.

## REQUEST FOR INSPECTION
## TO DEFENDANT BALDWIN IN HIS OFFICIAL CAPACITY

26. Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requests that her counsel (and assistants to counsel) be permitted to inspect, measure, and take photographs and video of the following areas within the Logan Correctional Center.

    a. Any/all cells in which Tiffany Rusher was housed her incarceration at Logan Correctional Center;

b.  Any/all locations where Tiffany Rusher was permitted to travel outside of her cell after her placement on "constant watch" in September 2015.

c.  Any mechanical devices with which Tiffany Rusher was restrained after September 2015.

d.  Any/all mechanisms by which Ms. Rusher was watched by correctional and/or medical staff during the period of September 2015 to May 2016 at the Logan Correctional Center, including for example, a video surveillance system, a window to her cell, etc.

Dated: December 6, 2018            \_\_\_/s/ Alan Mills_____
                                   Alan Mills - alan@uplcchicago.org
                                   Liz Mazur – liz@uplcchicago.org
                                   Nicole Schult - Nicole@uplcchicago.org
                                   Uptown People's Law Center
                                   4413 North Sheridan Rd.
                                   Chicago, Illinois 60640
                                   Tel: (773) 769-1411
                                   Fax: (773) 769-2224

                                   Stephen H. Weil – steve@weilchardon.com
                                   Alexis G. Chardon – ali@weilchardon.com
                                   Weil & Chardon LLC
                                   333 S. Wabash Ave., Suite 2700
                                   Chicago, IL 60604
                                   312-585-7404

                                   *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 6, 2018, service of the

foregoing was made via email on the following attorneys:

Jeremy Tyrrell, Jtyrrell@atg.state.il.us

Karen McNaught, kmcnaught@cassiday.com

Alex Chosid, abchosid@wmlaw.com

/s/ Stephen H. Weil

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased,  )
                                         )
                    Plaintiff,           )
        v.                               )      No.   18-cv-1101-SEM-TSH
                                         )
BRUCE RAUNER et al.,                     )
                                         )
                    Defendants.          )

## DEFENDANT BALDWIN'S RESPONSE TO PLAINTIFF'S
## DECEMBER 5, 2018 REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, John Baldwin, in his official capacity as Acting Director for the Illinois

Department of Corrections, through his attorney, Kwame Raoul, Attorney General for the State of

Illinois, pursuant to Federal Rule of Civil Procedure 34, responds to Plaintiff's December 5, 2018

requests for production of documents as follows:

### Definitions and Instructions

1. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendants or known by Defendants to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking, or notation of any character, is to be considered a separate document. "Document" includes communications.

2. "Defendants," shall refer to any of Defendants Bruce Rauner, The State of Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections, and Wexford Health Sources, Inc., as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

3. "You" and "your" shall be interpreted to mean the Defendant answering the interrogatory, as well as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

4. "Logan" refers to the Logan Correctional Center.

5. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

1

6. "Communications" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence, recordings, or the like.

7. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

**OBJECTION: Defendant objects to Plaintiff's Definitions and Instructions to the extent that Plaintiff seeks to impose additional requirements or burdens on Defendant than are otherwise permissible under Federal Rules of Civil Procedure 26, 33, and 34. Defendants also specifically object to Plaintiff's definition of "Document." Based on Plaintiff's Definitions and Instructions, Plaintiff appears to seek production of documents "known by Defendants to exist." Federal Rule of Civil Procedure 34 allows a party to request that another party produce documents in "the responding party's possession, custody, or control." It does not require production of documents "known" by a party to exist. Further, based on Plaintiff's definition of "Document," it appears Plaintiff is seeking documents even if they are not discoverable. *See* ¶1 ("...or otherwise excludable from discovery."). If a document is not discoverable, Plaintiff is not entitled to these documents through discovery. *See generally* Fed. R. Civ. P. 26. Defendant provides the below responses subject to and without waiving said objections.**

**Requests for Production**

1. All Documents concerning Tiffany Rusher that were generated and/or maintained by IDOC at any time pursuant to the assessment plan described the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as Andrews v. Rauner, Plaintiff's Production 000008-000012).

**RESPONSE: Defendant objects to this Request because it is overbroad in time and scope, irrelevant, vague, confusing, and unduly burdensome. *See* Fed. R. Civ. P. 26(b). Plaintiff's Request is vague and confusing as written. Plaintiff seeks documents "generated and/or maintained" for an IDOC Facility and Staffing Assessment Plan used in other pending litigation. It is unclear if Plaintiff is seeking documents concerning the implementation of this plan, documents specifically mentioning Tiffany Rusher, documents generally referring to SMI female offenders, or something else. In any event, it is unclear how this Request is relevant to the claims or defenses in this case. Defendant also objects to this Request to the extent Plaintiff is seeking documents protected by attorney-client privilege or the work product doctrine. While Plaintiff's Request is difficult to discern, it, arguably, might be seeking documents protected by a privilege. Defendant is not currently withholding any documents responsive to this Request based on privilege, as Defendant understands this Request, but reserves the right to withhold said documents if Plaintiff clarifies this Request.**

**Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.**

2. All inpatient lists that were generated and/or maintained by IDOC at any time pursuant to the assessment plan described the September 20, 2013 memorandum from IDOC to Dr. Raymond Patterson (a copy of which is produced in this matter as Andrews v. Rauner, Plaintiff's Production 000008-000012). This request includes but is not limited to inpatient lists that reference Tiffany Rusher.

**RESPONSE: Defendant objects to this Request because it is overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. See Fed. R. Civ. P. 26(b). A copy of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is unduly burdensome and duplicative. Defendant also objects to this Request because the identification of non-party offenders who were identified as needing inpatient level of care is not relevant to the claims or defenses at issue in this case. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of September 20, 2013. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.**

**Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.**

3. Documents that reference the identify (sic) of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa December 6, 2013" (see Andrews v. Rauner, Plaintiff's Production 000017), including but not limited to documents that reference Tiffany Rusher.

**RESPONSE: Defendant objects to this Request because it is vague, overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. See Fed. R. Civ. P. 26(b). It is unclear from Plaintiff's Request whether Plaintiff is seeking the identities of female SMI caseload offenders identified as needing inpatient level of care for a specific date, all documents referencing the list of female SMI caseload offenders identified as needing inpatient level of care for a specific date, or something else. In any event, it is unclear why Plaintiff needs information concerning other offenders because Plaintiff is not bringing class claims. A copy of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is duplicative and unduly burdensome. Defendant also objects to this Request because the identification of non-party offenders that were identified as needing inpatient level of care is not relevant to Plaintiff's claims or defenses. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of December 6, 2013. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.**

3

**Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.**

4. Documents that reference the identify (sic) of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of "circa January 27, 2014" (see Andrews v. Rauner, Plaintiff's Production 000129-000130), including but not limited to documents that reference Tiffany Rusher.

**RESPONSE:** Defendant objects to this Request because it is vague, overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. *See* Fed. R. Civ. P. 26(b). It is unclear from Plaintiff's Request whether Plaintiff is seeking the identities of female SMI caseload offenders identified as needing inpatient level of care for a specific date, all documents referencing the list of female SMI caseload offenders identified as needing inpatient level of care for a specific date, or something else. In any event, it is unclear why Plaintiff needs information concerning other offenders because Plaintiff is not bringing class claims. A copy of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is duplicative and unduly burdensome. Defendant also objects to this Request because the identification of non-party offenders that were identified as needing inpatient level of care is not relevant to Plaintiff's claims or defenses. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of January 27, 2014. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.

**Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.**

5. Documents that reference the identify (sic) of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of April 3, 2014 (see Andrews v. Rauner, Plaintiff's Production 000254), including but not limited to documents that reference Tiffany Rusher.

**RESPONSE:** Defendant objects to this Request because it is vague, overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. *See* Fed. R. Civ. P. 26(b). It is unclear from Plaintiff's Request whether Plaintiff is seeking the identities of female SMI caseload offenders identified as needing inpatient level of care for a specific date, all documents referencing the list of female SMI caseload offenders identified as needing inpatient level of care for a specific date, or something else. In any event, it is unclear why Plaintiff needs information concerning other offenders because Plaintiff is not bringing class claims. A copy

4

of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is duplicative and unduly burdensome. Defendant also objects to this Request because the identification of non-party offenders that were identified as needing inpatient level of care is not relevant to Plaintiff's claims or defenses. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of April 3, 2014. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.

Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.

6. Documents that reference the identify (sic) of individuals in the Female SMI Caseload in need of Inpatient Level of Care (LOC) as of February 13, 2015 (see Andrews v. Rauner, Plaintiff's Production 000278-000279), including but not limited to documents that reference Tiffany Rusher.

**RESPONSE:** Defendant objects to this Request because it is vague, overbroad in time and scope, unduly burdensome, irrelevant, and duplicative. *See* Fed. R. Civ. P. 26(b). It is unclear from Plaintiff's Request whether Plaintiff is seeking the identities of female SMI caseload offenders identified as needing inpatient level of care for a specific date, all documents referencing the list of female SMI caseload offenders identified as needing inpatient level of care for a specific date, or something else. In any event, it is unclear why Plaintiff needs information concerning other offenders because Plaintiff is not bringing class claims. A copy of Tiffany Rusher's mental health records, which includes her identified level of care, has already been produced to Plaintiff. It is unclear why Plaintiff needs this information in an alternate form and, therefore, Plaintiff's Request is duplicative and unduly burdensome. Defendant also objects to this Request because the identification of non-party offenders that were identified as needing inpatient level of care is not relevant to Plaintiff's claims or defenses. Defendant also objects to this Request as argumentative because it assumes Tiffany Rusher was identified as needing inpatient level of care as of February 13, 2015. Defendant also objects to this Request because mental health information of non-parties is protected under state and federal law.

Subject to and without waiving said objections, as it concerns Tiffany Rusher's determined levels of care, mental health treatment, and mental health treatment providers, Defendant refers Plaintiff to Tiffany Rusher's medical and mental health records, previously produced, as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004775–005031.

7. All Communications to and/or from Governor Rauner and/or his agents regarding the lack of inpatient care provided to Illinois prisoners between 1/1/2013 and 5/31/2016, including but

5

not limited to communications referenced in the document produced at Andrews v. Rauner, Plaintiff's Production 000290-000291.

**RESPONSE: Defendant objects to this Request to the extent Plaintiff seeks documents outside the custody, control, or possession of the office of the Acting Director of the Illinois Department of Corrections because this is the party to whom Plaintiff directed her Request.** *See generally* **Fed. R. Civ. P. 34. Defendant also objects to this Request because it is overbroad in time and scope, irrelevant, vague, and unduly burdensome.** *See* **Fed. R. Civ. P. 26(b). This case concerns Tiffany Rusher's mental health treatment while in the custody of the Illinois Department of Corrections, and it has not been established that Tiffany Rusher was identified as needing inpatient level of care. Further, Communications generally concerning a lack of inpatient care are not relevant to Plaintiff's claim that Defendants did not provide Tiffany Rusher with adequate mental health care; the pertinent issue is whether Defendants recognized Tiffany Rusher was not receiving adequate care and consciously disregarded Tiffany Rusher's alleged objectively serious mental health treatment needs.**

Respectfully Submitted,

John Baldwin, in his official capacity as Acting Director of the Illinois Department of Corrections,

Defendant,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone:     (217) 782-4555
Facsimile:     (217) 782-8767
Email:  jtyrrell@atg.state.il.us

Kwame Raoul, Attorney General,
State of Illinois,

Attorney for Defendant,

By: _____
Jeremy C. Tyrrell
Assistant Attorney General

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| KELLI ANDREWS, as Administrator of the Estate of Tiffany Ann Rusher, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   18-cv-1101-SEM-TSH |
| BRUCE RAUNER et al., | ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, that the foregoing document *Defendant Baldwin's Response to Plaintiff's December 5, 2018 Requests for Production of Documents*, along with a CD containing document Bates stamped 004775–005031, was served upon the following persons by enclosing same in an envelope addressed as indicated with postage fully prepaid and by depositing same in the U.S. Post Office Mail Box:

Alexis G. Chardon & Stephen H. Weil
Weil & Chardon, LLC
333 South Wabash Avenue, Suite 2700
Chicago, IL 60604

Elizabeth N. Mazur, Nicole Rae Schult, &
Alan Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Emmanuel Andre
Northside Transformative Law Center
1543 West Morse Avenue
Chicago, IL 60626

Karen McNaught
Cassiday, Schade, LLP
111 North 6th Street, Second Floor
Springfield, IL 62701

Alexander Chosid & Charles Vaughn
Wiedner & McAuliffe, Ltd.
8000 Maryland Avenue
Suite 550
St. Louis, MO 63105

Respectfully Submitted,

Jeremy C. Tyrrell #6321649
Assistant Attorney General

7

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
                                    )
             Plaintiff, )
                                    )
       v. )                No.     18-cv-1101-SEM-TSH
                                    )
BRUCE RAUNER et al., )
                                    )
           Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## DECEMBER 6, 2018 REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, John Baldwin (in his official and individual capacity), J.B. Pritzker (in his official capacity), Bruce Rauner, Dr. Jeff Sim, the State of Illinois, and the Illinois Department of Corrections, through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 34, respond to Plaintiff's December 6, 2018 requests for production of documents as follows:

### Definitions and Instructions

1.       The term "document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendants or known by Defendants to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking, or notation of any character, is to be considered a separate document. "Document" includes communications.

2.       "Defendants," "You," and "Your" shall refer to any of Defendants Bruce Rauner, The State of Illinois, John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections, and Wexford Health Sources, Inc., as well as their counsel and any consultants, experts, investigators, representatives, agents or other Persons acting on their behalf.

3.       "Logan" refers to the Logan Correctional Center.

4.       If there are no documents in your possession, custody, or control that are responsive to a particular request, please so state and identify the request.

5.       If you know of any documents responsive to this request that are not in your possession, custody or control, identify those document(s) and the person who has possession, custody or control thereof.

9. (*sic*) "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

10. (*sic*) "Communications" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence, recordings, or the like.

11. (*sic*) "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

13. (*sic*) Unless otherwise stated, the "Relevant Time Period" for these discovery requests shall be the period during which Tiffany Rusher was in the custody of the IDOC.

14. (*sic*) These requests are to be responded to separately by each of the Defendants.

15. (*sic*) If any document is withheld under a claim of privilege, please list any such document with respect to which you claim a privilege, identifying the source and nature of the privilege.

**OBJECTION: Defendants object to Plaintiff's Definitions and Instructions to the extent that Plaintiff seeks to impose additional requirements or burdens on Defendants than are otherwise permissible under Federal Rules of Civil Procedure 26, 33, and 34. Defendants also specifically object to Plaintiff's definition of "Document." Based on Plaintiff's Definitions and Instructions, Plaintiff appears to seek production of documents "known by Defendants to exist." Federal Rule of Civil Procedure 34 allows a party to request that another party produce documents in "the responding party's possession, custody, or control." It does not require production of documents "known" by a party to exist. Further, based on Plaintiff's definition of "Document," it appears Plaintiff is seeking documents even if they are not discoverable. *See* ¶1 ("…or otherwise excludable from discovery."). If a document is not discoverable, Plaintiff is not entitled to these documents through discovery. *See generally* Fed. R. Civ. P. 26. Defendants provide the below responses subject to and without waiving said objections.**

### Requests for Production to All Defendants

1.   All documents which relate to, support, or rebut any of the allegations or claims in the Complaint.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. *See, e.g., M.McGee Design Studio, Inc. v. Brinson,* 1994 WL 380613, \*10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side."); *see also Whitlow v. Martin,* 259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome). Plaintiff's claims include general allegations about, *inter alia*, Tiffany Rusher, medical providers, mental health providers, correctional employees, Wexford**

employees, the Illinois Department of Corrections, and the State of Illinois. It is unreasonable for Defendants to attempt to identify and produce all documents which may relate to, support, or rebut these types of broad allegations which are constrained by neither time nor scope. Identifying and producing all documents and communications concerning Plaintiff's claims and allegations and Defendants' defenses thereto would necessarily require the identification of an unknowable number of documents. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product and/or protected by attorney-client privilege.

Subject to and without waiving said objections, see documents Bates stamped 000001–004733, previously produced, and any documents produced by the parties during discovery. Plaintiff is also referred to documents Bates stamped 004734–005031.

2.      All documents upon which Defendants may rely at trial.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. *See, e.g., M.McGee Design Studio, Inc. v. Brinson,* 1994 WL 380613, *10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side."); *see also Whitlow v. Martin,* 259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome). Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, see documents Bates stamped 000001–004733, previously produced, and any documents produced by the parties during discovery. Plaintiff is also referred to documents Bates stamped 004734–005031.

3.      All documents relating to the detainment of Tiffany Rusher at Logan Correctional Center.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to attempt to identify and produce all documents concerning Tiffany Rusher's incarceration at Logan Correctional Center. Plaintiff's request is constrained by neither time nor scope. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

**Subject to and without waiving said objections, see documents Bates stamped 000001–004733, previously produced. Plaintiff is also referred to documents Bates stamped 004734–005031.**

**Defendants are willing to supplement their response to this request if Plaintiff can identify specific categories of documents that she is seeking concerning Tiffany Rusher's incarceration at Logan Correctional Center.**

4.      All medical records pertaining to Tiffany Rusher, without limitation to time.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every medical record concerning Tiffany Rusher. Further, many of these documents and information are not relevant to Plaintiff's claims in this case that Tiffany Rusher's mental health treatment at Logan Correctional Center was inadequate. To the extent Plaintiff believes a specific entity of the State of Illinois has a medical record of Tiffany Rusher, Plaintiff is equally able to obtain this record.**

**Subject to and without waiving said objections, see Tiffany Rusher's medical and mental health records maintained by the Illinois Department of corrections, previously produced as documents Bates stamped 000017–004297. Plaintiff is also referred to document Bates stamped 004755–005031. See also Department of Human Services documents produced by Co-Defendants Bates stamped Wexford Bates 000001–002213, and 002234–002306.**

5.      All communications pertaining to Tiffany Rusher, including but not limited to: e-mails, memos, notes, and "Utilization Review" or "Collegiate Review" communications.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every communication concerning Tiffany Rusher. Further, many of these documents and information are not relevant to Plaintiff's claims in this case that Tiffany Rusher's mental health treatment at Logan Correctional Center was inadequate. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, see Tiffany Rusher's medical and mental health records maintained by the Illinois Department of corrections, previously produced as documents Bates stamped 000017–004297. Plaintiff is also referred to documents Bates stamped 004734–005031.See also Department of Human**

Services documents produced by Co-Defendants Bates stamped Wexford Bates 000001–002213, and 002234–002306.

6.      Documents sufficient to show all of Tiffany Rusher's housing assignments, including the dates she was assigned to each location.

**RESPONSE: Defendants object to this request because it is overbroad in time and scope to the extent Plaintiff seeks documents outside of those maintained by the Illinois Department of Corrections. For example, any housing assignments for Tiffany Rusher at the McFarland Mental Health Center are not relevant to the claims in this case.**

**Subject to and without waiving said objections, see Tiffany Rusher's Living Unit History, previously produced as document Bates stamped 004709–004714.**

7.      All visual depictions, including photographs or floor plans, of any cell or cells or other area (e.g., crisis cells or health care unit) in which Tiffany Rusher was housed.

**RESPONSE: Defendants object to this request because it is overbroad in time and scope to the extent Plaintiff seeks documents outside of those maintained by the Illinois Department of Corrections. For example, depictions of any rooms Tiffany Rusher was placed in while in the custody of the Department of Human Services are not relevant to the claims in this case. Defendants also object to this request because it unduly burdensome, not proportional to the needs of this case, and duplicative. Plaintiff has separately requested to inspect and photographs the cells and areas Tiffany Rusher was permitted to access while at Logan Correctional Center. It is unreasonable to have Defendants produce separate visual depictions of these cells and areas. Defendants also object to this request because Tiffany Rusher was an offender in the custody of the Illinois Department of Corrections and was housed at a maximum security penal institution. Production of floor plans and other depictions of this institution pose a threat to institutional safety and security as these documents could be used to avoid detection by staff and escape the facility.**

8.      All floorplans of any portion of Logan in which Tiffany Rusher was housed, or received mental health treatment.

**RESPONSE: Defendants object to this request because it is overbroad in time and scope to the extent Plaintiff seeks documents outside of those maintained by the Illinois Department of Corrections. For example, depictions of any rooms Tiffany Rusher received mental health treatment in while in the custody of the Department of Human Services are not relevant to the claims in this case. Defendants also object to this request because it unduly burdensome, not proportional to the needs of this case, and duplicative. Plaintiff has separately requested to inspect and photographs the cells and areas Tiffany Rusher was permitted to access while at Logan Correctional Center. It is unreasonable to have Defendants produce separate visual depictions of these cells and areas. Defendants also object to this request because**

Tiffany Rusher was an offender in the custody of the Illinois Department of Corrections and was housed at a maximum security penal institution. Production of floor plans and other depictions of this institution pose a threat to institutional safety and security as these documents could be used to avoid detection by staff and escape the facility.

9.     All photographs of Tiffany Rusher.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every photograph Tiffany Rusher. Further, it is unclear how photographs of Tiffany Rusher are relevant to the Plaintiff's claims that Tiffany Rusher did not receive adequate mental health care at Logan Correctional Center.

Subject to and without waiving said objections, Plaintiff is referred to Tiffany Rusher's Bureau of Identification photographs from Logan Correctional Center, previously produced as documents Bates stamped 004717–004731.

10.     All items which belong or once belonged to Tiffany Rusher, or which were possessed by her.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every item that belonged to or was possessed by Tiffany Rusher. Further, while in the custody of the Illinois Department of Corrections and while committed to the custody of the Illinois Department of Human Services, Tiffany Rusher likely possessed numerous items including state issued clothing, mattresses, cleaning supplies, *etc.* Production of these various and irrelevant items would be nearly impossible and impose an undue burden on Defendants.

Subject to and without waiving said objections, Defendants' counsel has requested any personal belongings of Tiffany Rusher that may be in the custody of McFarland Mental Health Center and will supplement this response if any such belongings are identified.

11.     All notes, grievances, or other documents authored by Tiffany Rusher or on her behalf.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and

documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every note, grievance, or document authored by Tiffany Rusher or on her behalf. Further, it is unclear how any such documents would be relevant to Plaintiff's claims that Tiffany Rusher did not receive adequate mental health care at Logan Correctional Center.

Subject to and without waiving said objections, Plaintiff is referred to Tiffany Rusher's cumulative counseling summary, previously produced as document Bates stamped 000010–000016, medical and mental health records, previously produced as documents Bates stamped 000017–004297, and disciplinary records, previously produced as documents Bates stamped 004581–004708. Plaintiff is also referred to documents Bates stamped 004734–005031.

12. All notes or recordings of any interviews pertaining to the incarceration, treatment, or death of Tiffany Rusher.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every note or recording of any interviews concerning the incarceration, treatment or death of Tiffany Rusher. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to Tiffany Rusher's cumulative counseling summary, previously produced as document Bates stamped 000010–000016, medical and mental health records, previously produced as documents Bates stamped 000017–004297, and disciplinary records, previously produced as documents Bates stamped 004581–004708. Plaintiff is also referred to documents Bates stamped 004734–005031.

13. All videotape of Tiffany Rusher.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find every videotape of Tiffany Rusher.

14. All physical evidence in your possession relating to Tiffany Rusher.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks information and documentation wholly irrelevant to the claims against Defendants in this case, and is

unduly burdensome. It is unreasonable for Defendants to scour every agency, office, and employee of the State of Illinois to find "all physical evidence" relating to Tiffany Rusher. This request is also vague because it is unclear whether Plaintiff is seeking physical evidence Defendants will rely upon at trial, seeking physical evidence duplicative of request 10, or something else. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

15.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to the prevention of prisoner suicide.

RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "prevention of prisoner suicide" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to Logan Correctional Center Institutional Directive 04.04.102, previously produced as document Bates stamped 004475–004484, and Administrative Directive 04.04.102, produced as document Bates stamped 004755–004762.

16.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to the provision of mental health treatment to prisoners.

RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "provision of mental health treatment to prisoners" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to Logan Correctional Center Institutional Directives 04.04.100, 04.04.101, and 04.04.102,

previously produced as documents Bates stamped 004464–004484, and Administrative Directives 04.04.100, 04.04.101, and 04.04.102, produced as documents Bates stamped 004745–004762.

17.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to prisoner mental health screening.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "prisoner mental health screening" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to Logan Correctional Center Institutional Directives 04.04.100, 04.04.101, and 04.04.102, previously produced as documents Bates stamped 004464–004484, Administrative Directives 05.07.101 and 05.07.102, previously produced as documents Bates stamped 004437–004447, and Administrative Directives 04.04.100, 04.04.101, and 04.04.102, produced as documents Bates stamped 004745–004762.

18.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures governing prisoner classification, housing assignments, and housing arrangements.

**RESPONSE:** Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "prisoner classification, housing assignments, and housing arrangements" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to Logan Correctional Center Institutional Directive 04.04.001, previously produced as

**document Bates stamped 004461–004463, and Administrative Directives 05.07.101 and 05.07.102, previously produced as documents Bates stamped 004437–004447.**

19.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures governing solitary confinement, administrative segregation, restricted housing, disciplinary segregation, or any other name for the placement of a prisoner in restrictive housing (i.e., placement other than in general population).

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "placement of a prisoner in restrictive housing" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, Plaintiff is referred to 20 Illinois Administrative Code 504.600 *et seq.*, previously produced as document Bates stamped 004430–004436, Logan Correctional Center Institutional Directives 04.04.001 and 05.12.101, previously produced as documents Bates stamped 004461–004463 and 004491–004500, and Administrative Directive 05.12.101, produced as document Bates stamped 004765–004774.**

20.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures relating to "crisis watch" or any other term for monitoring of inmates thought to be in danger to themselves or others. This request includes such documents related to general policies for crisis watches and policies or procedures specific to any occasion when Tiffany Rusher was placed on crisis watch, including limitations on property, limitations on movement, and specifications of how various activities were to be performed while on crisis watch (e.g., use of toilet paper and sanitary pads).

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "crisis watch" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, Plaintiff is referred to Logan Correctional Center Institutional Directives 04.04.001 and 04.04.102, previously produced as documents Bates stamped 004461–004463 and 00475–004484, and Administrative Directive 04.04.102, produced as document Bates stamped 004755–004762.**

21.     All documents related to discharge planning for Tiffany Rusher, including without limitation any documents relating to commitment proceedings which were contemplated or initiated, including emails and other communications with the State's Attorney's office.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. It is unclear what Plaintiff intends by all documents relating to discharge planning for Tiffany Rusher. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, Plaintiff is referred to documents produced by Co-Defendants Bates stamped Wexford Bates 002214–002233.**

22.     All documents relating to Illinois Department of Correction's contract with Wexford or any other entity or person relating to the provision of mental health services at Logan Correctional Center which were in effect during the relevant period.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. It is unclear whether Plaintiff is seeking documents concerning contracts between the Illinois Department of Corrections and other entities to provide mental health services, a copy of the contract between the Illinois Department of Correction and Wexford Health Sources, Inc., to provide mental health services, or something else. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, Plaintiff is referred to documents produced by Co-Defendants Bates stamped Wexford Bates 002325–002606.**

23.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures regarding inmate recreation or exercise.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in**

this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "inmate recreation or exercise" at all Illinois Department of Corrections' facilities, without temporal limitation, is wholly overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

Subject to and without waiving said objections, Plaintiff is referred to the Logan Correctional Center offender orientation manual, previously produced as document Bates stamped 004501–004580.

24.     All documents relating to Logan Correctional Center, Illinois Department of Corrections, or Wexford policies and procedures regarding inmate education, job training, employment, entertainment, or other programming.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to any policies on the subject of "inmate recreation or exercise" at all Illinois Department of Corrections' facilities, without temporal limitation, is overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by all documents relating to such policies. Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.**

**Subject to and without waiving said objections, Plaintiff is referred to the Logan Correctional Center offender orientation manual, previously produced as document Bates stamped 004501–004580.**

25.     All documents relating to the provision of hospital level mental health care to prisoners confined to the Illinois Department of Corrections, including without limitations all plans, communications, emails, studies and similar documents relating to contracts with third parties, other state agencies, or privately owned or operated hospitals relating to such care, or plans or attempts to provide such care.

**RESPONSE: Defendants object to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendants in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for all documents relating to "the provision of hospital level mental health care to prisoners" at all Illinois Department**

of Corrections' facilities, without temporal limitation, is overbroad, irrelevant, and disproportional to the needs of this case. Further, it is unclear what Plaintiff intends by "hospital level mental health care." Defendants also object to this request to the extent it seeks any information or documentation that is attorney work product or protected by attorney-client privilege.

### Request for Inspection to Defendant Baldwin in his Official Capacity

26. Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requests that her counsel (and assistants to counsel) be permitted to inspect, measure, and take photographs and video of the following areas within the Logan Correctional Center.

a. Any/all cells in which Tiffany Rusher was housed her incarceration at Logan Correctional Center;

b. Any/all locations where Tiffany Rusher was permitted to travel outside of her cell after her placement on "constant watch" in September 2015.

c. Any mechanical devices with which Tiffany Rusher was restrained after September 2015.

d. Any/all mechanisms by which Ms. Rusher was watched by correctional and/or medical staff during the period of September 2015 to May 2016 at the Logan Correctional Center, including for example, a video surveillance system, a window to her cell, etc.

**OBJECTION: Defendant Baldwin objects to this request because it is vague, overbroad in time and scope, seeks information wholly irrelevant to the claims against Defendant in this case, is disproportional to the needs of this case, and is unduly burdensome. Plaintiff's claims in this case concern Tiffany Rusher's mental health care while at Logan Correctional Center. Plaintiff's request for inspection is vague and unclear as it may seek inspection outside the control of the Illinois Department of Corrections. Defendant Baldwin also objects to this request to the extent allowing any of the persons or the items Plaintiff intends to use to conduct the inspection violates the safety, security, and privacy policies of the Illinois Department of Corrections or Logan Correctional Center.**

Respectfully Submitted,

John Baldwin, J.B. Pritzker, Bruce Rauner, Dr. Jeff Sim, the State of Illinois, and the Illinois Department of Corrections
      Defendant,

Kwame Raoul, Attorney General, State of Illinois,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone:   (217) 782-4555
Facsimile:   (217) 782-8767
Email:  jtyrrell@atg.state.il.us

Attorney for Defendant,

By: _Jeremy C. Tyrrell_
    Jeremy C. Tyrrell
    Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
                                      )
              Plaintiff, )
      v.                       )       No.    18-cv-1101-SEM-TSH
                                          )
BRUCE RAUNER et al., )
                                        )
            Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, that the foregoing document *Defendants' Response to Plaintiff's December 6, 2018 Requests for Production of Documents*, along with a CD containing documents Bates stamped 004734–005031, was served upon the following persons by enclosing same in an envelope addressed as indicated with postage fully prepaid and by depositing same in the U.S. Post Office Mail Box:

Alexis G. Chardon & Stephen H. Weil
Weil & Chardon, LLC
333 South Wabash Avenue, Suite 2700
Chicago, IL 60604

Elizabeth N. Mazur, Nicole Rae Schult, &
Alan Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Emmanuel Andre
Northside Transformative Law Center
1543 West Morse Avenue
Chicago, IL 60626

Karen McNaught
Cassiday, Schade, LLP
111 North 6th Street, Second Floor
Springfield, IL 62701

Alexander Chosid & Charles Vaughn
Wiedner & McAuliffe, Ltd.
8000 Maryland Avenue
Suite 550
St. Louis, MO 63105

Respectfully Submitted,

Jeremy C. Tyrrell #6321649
Assistant Attorney General

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
 )
                Plaintiff, )
 )
     v. )      No.    18-cv-1101-SEM-TSH
 )
BRUCE RAUNER et al., )
 )
              Defendants. )

**DEFENDANTS' COMBINED OBJECTIONS TO
PLAINTIFF'S DECEMBER 6, 2018 INTERROGATORIES**

Defendants, John R. Baldwin, J.B. Pritzker, Bruce Rauner, Dr. Jeff Sim, Illinois

Department of Corrections, and State of Illinois, through their attorney, Kwame Raoul, Attorney

General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 33, object to Plaintiff's

December 6, 2018 interrogatories as follows:

**Definitions and Instructions**

    1.    The term "document" shall have the broadest possible meaning under the Federal
Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized,
audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the
possession and/or control of Defendants or known by Defendants to exist, whether or not claimed
to be privileged or otherwise excludable from discovery. Any document with any marks or
notations, including but limited to: initials; routing instructions; date stamps; and any comment,
marking, or notation of any character, is to be considered a separate document. "Document"
includes communications.

    2.    "Defendants," shall refer to any of Defendants Bruce Rauner, The State of Illinois,
John R. Baldwin, Jeff Sim, He Yuan, Brian Richardson, The Illinois Department of Corrections,
and Wexford Health Sources, Inc., as well as their counsel and any consultants, experts,
investigators, representatives, agents or other Persons acting on their behalf.

    3.    These requests are to be responded to separately by each of the Defendants.

    4.    "You" and "your" shall be interpreted to mean the Defendant answering the
interrogatory, as well as well as their counsel and any consultants, experts, investigators,
representatives, agents or other Persons acting on their behalf.

    5.    "Logan" refers to the Logan Correctional Center.

    6.    "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning
or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual
connection with a stated subject matter.

1

7.      "Communications" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, text messages, electronic chats, correspondence, recordings, or the like.

8.      "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

**OBJECTION: Defendants object to Plaintiff's Definitions and Instructions to the extent that Plaintiff seeks to impose additional requirements or burdens on Defendants than are otherwise permissible under Federal Rules of Civil Procedure 26, 33, and 34. Defendants provide their separate responses and objections to Plaintiff's interrogatories subject to and without waiving this objection.**

<u>Interrogatories</u>

1.      State the name, address and phone number of every person who participated in answering these interrogatories.

> **OBJECTION: Defendants object to this interrogatory to the extent it seeks information protected by attorney-client privilege or the work product doctrine.**

2.      Identify by name and address all persons who have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all persons who are not listed in Defendant's Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating Documents, please list under oath the identities of any and all additional persons not listed in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state under oath.

> **OBJECTION: Defendants object to this interrogatory because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. *See, e.g., M.McGee Design Studio, Inc. v. Brinson,* 1994 WL 380613, \*10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side."); *see also Whitlow v. Martin,* 259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome). Plaintiff's claims include general allegations about, *inter alia,* Tiffany Rusher, medical providers, mental health providers, correctional employees, Wexford employees, the Illinois Department of Corrections, and the State of Illinois. It is unreasonable for Defendants to attempt to identify all individuals who may have**

information concerning these types of broad allegations which are constrained by neither time nor scope. Identifying all individuals with knowledge of Plaintiff's claims, allegations, and Defendants' and Co-Defendants' defenses thereto would necessarily require the identification of an unknowable number of individuals employed by the Illinois Department of Corrections, Wexford Health Sources, Inc., and the State of Illinois, past and present. Defendants object to culling through all the documents produced in discovery to specifically identify every individual named therein because such a request is overbroad in time and scope, unduly burdensome, and disproportional to the needs of this case. Defendants object to this interrogatory because it seeks information which if released would pose a risk to the safety and security of correctional employees, offenders, their families, and the institution. Defendants further object to the extent the information sought in this interrogatory is protected by law. *See* Departments of Commerce, Justice, and State Appropriations Act, Pub. L. No. 105-277, § 127 (1999) ("Notwithstanding any other provision of law, in any action brought by a prisoner under section 1979 of the Revised Statutes (42 U.S.C. 1983) against a Federal, State, or local jail, prison, or correctional facility, or any employee or former employee thereof, arising out of the incarceration of that prisoner—(1) the financial records of a person employed or formerly employed by the Federal, State, or local jail, prison, or correctional facility, shall not be subject to disclosure without the written consent of that person or pursuant to a court order, unless a verdict of liability has been entered against that person; and (2) the home address, home phone number, social security number, identity of family members, personal tax returns, and personal banking information of a person described in paragraph (1), and any other records or information of a similar nature relating to that person, shall not be subject to disclosure without the written consent of that person, or pursuant to a court order.").

3.      For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiffs will assume the substance of the witnesses' testimony is strictly limited to what is contained in such Documents.

OBJECTION: Defendants object to this interrogatory because it is vague, overbroad in time and scope, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. *See, e.g., M.McGee Design Studio, Inc. v. Brinson,* 1994 WL

3

380613, *10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side."); *see also Whitlow v. Martin*, 259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome). Plaintiff's claims include general allegations about, *inter alia*, Tiffany Rusher, medical providers, mental health providers, correctional employees, Wexford employees, the Illinois Department of Corrections, and the State of Illinois. It is unreasonable for Defendants to attempt to identify all individuals who may have information concerning these types of broad allegations which are constrained by neither time nor scope. Identifying all individuals with knowledge of Plaintiff's claims, allegations, and Defendants' and Co-Defendants' defenses thereto would necessarily require the identification of an unknowable number of individuals employed by the Illinois Department of Corrections, Wexford Health Sources, Inc., and the State of Illinois, past and present. Defendants object to culling through all the documents produced in discovery to specifically identify every individual named therein because such a request is overbroad in time and scope, unduly burdensome, and disproportional to the needs of this case. Defendants also object to Plaintiff making any assumptions about the substance of any witness's testimony.

4.      Identify by name and last known address all correctional staff and medical/mental health workers who interacted with Tiffany Rusher from September 1, 2015 through May 31, 2016. For each person identified, provide their job title and the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

OBJECTION: Defendants object to this interrogatory because it is vague, overbroad, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. It is unreasonable to require Defendants to cull through all the medical records, mental health records, and documents produced in discovery to specifically identify every individual who may have "interacted with" Tiffany Rusher. Responding to this interrogatory would necessarily require the identification of an unknowable number of individuals employed by the Illinois Department of Corrections, Wexford Health Sources, Inc., and the State of Illinois. It is further unduly burdensome to require Defendants to also ascertain the job titles, shifts worked, and last known addresses of these individuals.

5.      Identify by name and last known address of all correctional staff and medical/mental health providers who had any responsibility for monitoring Tiffany Rusher from September 1, 2015 through May 31, 2016. For each person identified, provide their job title and

4

the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

> **OBJECTION: Defendants object to this interrogatory because it is vague, overbroad, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. It is unreasonable to require Defendants to cull through all the medical records, mental health records, and documents produced in discovery to specifically identify every individual who had any responsibility for "monitoring" Tiffany Rusher. Responding to this interrogatory would necessarily require the identification of an unknowable number of individuals employed by the Illinois Department of Corrections, Wexford Health Sources, Inc., and the State of Illinois. It is further burdensome to require Defendants to also ascertain the job titles, shifts worked, and last known addresses of these individuals.**

6.      Identify by name and last known address all persons responsible for providing mental health care at Logan Correctional Center at any time from September 1, 2015 through May 31, 2016. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

> **OBJECTION: Defendants object to this interrogatory because it is vague, overbroad, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. Plaintiff provides no reason or justification for why she seeks the identities of all persons who were responsible for providing mental health care at Logan Correctional Center from September 1, 2015, through May 31, 2016. Further, this information is not relevant to the claims, issues, or defenses of this case. The relevant information is the identities of the persons responsible for providing mental health care to Tiffany Rusher at Logan Correctional Center. Concerning this request, it is unreasonable to require Defendants to cull through all the medical records, mental health records, and documents produced in discovery to specifically identify every individual who had any responsibility for "providing mental health care" to Tiffany Rusher. It is further burdensome to require Defendants to also ascertain the job titles, shifts worked, and last known addresses of these individuals.**

7.      For any Document requested in Plaintiff's discovery requests that has been lost, discarded, destroyed, altered, or defaced, please identify each such Document as completely as possible and state the approximate date it was lost, discarded, destroyed, altered, or defaced; the circumstances and manner in which it was lost, discarded, destroyed, altered, or defaced, including the identities of all Persons involved; the reasons for disposing of the Document; the identity of

5

any persons with knowledge of its content; and the identity of the last person known to have seen

it.

> **OBJECTION: Defendants object to this interrogatory because it is overbroad in time and scope, disproportional to the needs of this case, and seeks irrelevant information. *See* Fed. R. Civ. P. 26(b). Plaintiff's requests for production of documents is overbroad in time and scope, unduly burdensome, disproportional to the needs of the case, and largely irrelevant. Defendants hereby incorporate by reference all objections to Plaintiff's discovery requests. Defendants object to providing a response to this interrogatory to the extent it seeks information concerning documents requested in Plaintiff's discovery requests which are not both responsive to those requests and relevant to the claims or defenses in this case.**

> **Defendants in their individual capacities also object to responding to this interrogatory with respect to any documents for which they are not the custodian or which are maintained by someone other than them.**

8.       Please state whether any Defendant or the employee or agent of any Defendant

acted inconsistently with any of the policies and practices of the Logan Correctional Center, the

Illinois Department of Corrections, or Wexford at any time during the events described in the

complaint. If the answer is in the affirmative, please identify: (a) particular policy or practice that

was violated; (b) the individual(s) who violated each such policy or practice; and (c) any discipline

that resulted from that violation.

> **OBJECTION: Defendants object to this interrogatory because it is vague, overbroad, disproportional to the needs of this case, seeks irrelevant information, and is unduly burdensome. This interrogatory seeks information concerning policies and practices which have no relevance to the claims against Defendants in this case. Defendants further object to this interrogatory because it would require identifying every individual who worked for the Illinois Department of Corrections, Wexford Health Sources, Inc., and the State of Illinois, discerning every action those individuals took or did not take, whether those actions or inactions violated any policy, and whether those individuals were disciplined if any policy was violated. This interrogatory is unduly burdensome and disproportional to the needs of this case.**

9.       For any Affirmative Defenses pled in this matter, please describe the entire factual

basis or bases supporting those defenses. The information sought by this Interrogatory is not a

mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed

6

description of every fact and legal basis on which the defense is asserted so that Plaintiff may have

the opportunity to investigate by way of additional discovery requests. For instance, if there is any

physical, documentary, or testimonial evidence which supports any such defense, please identify

it specifically.

> **OBJECTION: Defendants object to this interrogatory because it unduly burdensome.** *See, e.g., M.McGee Design Studio, Inc. v. Brinson*, **1994 WL 380613, \*10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side.");** *see also Whitlow v. Martin*, **259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome).**

    10.    State the date upon which You first became aware that Tiffany Rusher was in need

of mental health care.

> **OBJECTION: Defendants object to this interrogatory because it is vague, argumentative, irrelevant, and overbroad in time and scope. Plaintiff assumes Tiffany Rusher was "in need of mental health care" and assumes each of the Defendants was aware of this. These facts have not been established. Defendants object to this interrogatory because "in need of mental health care" is vague and confusing. It is unclear whether Plaintiff is seeking information on when Defendants became aware that Tiffany Rusher was in need of any mental health care, or when Defendants became aware Tiffany Rusher had a mental health care need that was not being met. Defendants also object to this interrogatory because the relevant period for this information is while Ms. Rusher was incarcerated in the Illinois Department of Corrections.**

    11.    State each action You took to provide Tiffany Rusher with an appropriate level of

mental health care, and the date upon which You took each such action.

> **OBJECTION: Defendants object to this interrogatory because it is vague, argumentative, irrelevant, and overbroad in time and scope. Plaintiff assumes Defendants were involved in providing "Tiffany Rusher with an appropriate level of mental health care" and implies Tiffany Rusher was not receiving "an appropriate level of mental health care." These facts have not been established. Defendants object to this interrogatory because "appropriate level of mental health care" is vague and confusing. Defendants also object to this interrogatory because the relevant period for this information is while Ms. Rusher was incarcerated in the Illinois Department of Corrections. Defendants also object to this interrogatory because it seeks a legal**

7

conclusion and expert opinion as to what constitutes "an appropriate level of mental health care."

12.    State each action You took to ensure that Tiffany Rusher was receiving an appropriate level of mental health care from others, the other person or persons who were to provide such care, and the date upon which You took each such action.

> **OBJECTION: Defendants object to this interrogatory because it is vague, argumentative, irrelevant, and overbroad in time and scope. Plaintiff assumes Defendants were involved in ensuring Tiffany Rusher received "appropriate level of mental health care" and implies Tiffany Rusher was not receiving "an appropriate level of mental health care." These facts have not been established. Defendants object to this interrogatory because "appropriate level of mental health care" is vague and confusing. Defendants also object to this interrogatory because the relevant period for this information is while Ms. Rusher was incarcerated in the Illinois Department of Corrections. Defendants also object to this interrogatory because it seeks a legal conclusion and expert opinion as to what constitutes "an appropriate level of mental health care."**

13.    Describe each action You took to ensure that Tiffany Rusher had access to programs, services, and human contact, and the date upon which You took such action.

> **OBJECTION: Defendants object to this interrogatory because it is vague, argumentative, irrelevant, and overbroad in time and scope. Plaintiff assumes Defendants were involved in ensuring that Tiffany Rusher "had access to programs, services, and human contact" and implies Tiffany Rusher was not receiving "access to programs, services, and human contact." These facts have not been established. Defendants object to this interrogatory because "programs, services, and human contact" is vague and confusing. Defendants also object to this interrogatory because the relevant period for this information is while Ms. Rusher was incarcerated in the Illinois Department of Corrections. Defendants also object to this interrogatory because it seeks a legal conclusion and expert opinion as to what constitutes "access to programs, services, and human contact."**

14.    Describe all steps which You took in connection with discharge planning for Tiffany Rusher, including without limitation any steps You in connection with commitment proceedings and commitment to a mental health hospital.

> **OBJECTION: Defendants object to this interrogatory because it is vague, argumentative, irrelevant, and overbroad in time and scope. Plaintiff assumes**

8

Defendants were involved in Tiffany Rusher's "discharge planning." This fact have not been established. Defendants object to this interrogatory because "discharge planning" is vague and confusing. It is unclear whether Plaintiff is referring to Tiffany Rusher's discharge from the custody of the Illinois Department of Corrections, or something else. Defendants also object to this interrogatory because the relevant period for this information is while Ms. Rusher was incarcerated in the Illinois Department of Corrections.

15.    State the date on which you became aware that Illinois had no provision to provide

hospital level mental health care to prisoners confined in the Illinois Department of Corrections.

OBJECTION: Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the Illinois Department of Corrections and assumes Defendants were aware that Illinois had no provision to provide "hospital level mental health care" to offenders in the custody of the Illinois Department of Corrections. Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the Illinois Department of Corrections, not mental health treatment of other offenders.

16.    State the date on which you became aware that there were prisoners confined in the

Illinois Department of Corrections who were in need of hospital level mental health care.

OBJECTION: Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the Illinois Department of Corrections needed "hospital level mental health care." Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the Illinois Department of Corrections, not mental health treatment of other offenders.

17.    Regarding the previous interrogatory, describe each action You too to make

hospital level mental health care available to prisoners confined in the Illinois Department of

Corrections who were in need of such care.

OBJECTION: Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the Illinois Department of Corrections needed "hospital level mental health care."

9

**Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the Illinois Department of Corrections, not mental health treatment of other offenders.**

18.     State all reasons (if any) that prisoners confined in the Illinois Department of Corrections who were in need of hospital level of mental health care were not transferred to one of the state mental health hospitals operated by the Illinois Department of Human Services.

**OBJECTION: Defendants object to this request because it is vague. It is not clear what Plaintiff means by "hospital level mental health care." Defendants also object to this request because it assumes Defendants were aware prisoners in the custody of the Illinois Department of Corrections needed "hospital level mental health care." Defendants also object to this interrogatory because it is overbroad in time and scope, and irrelevant. The relevant issue in this case is Tiffany Rusher's mental health treatment while in the custody of the Illinois Department of Corrections, not mental health treatment of other offenders.**

19.     To Defendants in their individual capacities only, including Wexford: For punitive damage purposes, please state your net financial worth (in dollars). Additionally, please describe how that net worth has been calculated, including Defendant's yearly salary, and list any and all assets of value in excess of $2,500 (including a description of any ownership of real estate, vehicles, stock, mutual funds, etc.), and all liabilities in excess of $2,500.

**OBJECTION: Defendants object to this interrogatory because it is premature, overbroad in time and scope, and unduly burdensome. *See, e.g., Farris v. Kohlrus*, 2019 WL 351876, *6 (C.D. Ill. Jan. 29, 2019) (denying motion to compel disclosure of financial information prior to summary judgment); *Finch v. City of Indianapolis*, 2011 WL 2516242, *7 (S.D. Ind. Jun. 23, 2011) (determining the plaintiffs' request for multiple years of state and federal income tax returns was inappropriate prior to summary judgment and absent "some demonstrating of the factual bases for plaintiffs' allegation that the defendants' conduct would support an award of punitive damages."). Plaintiff has provided no evidence to support an award of punitive damages, and Plaintiff's request seeks documentation far beyond what would be required to determine Defendants' current financial state. Further, Defendants are current or former state employees sued in connection with said employment and are likely to be indemnified by the State of Illinois, pursuant to the State Employee Indemnification Act, 5 ILCS 350/0.01 *et seq.* Accordingly, Plaintiff's request for detailed financial information is irrelevant.**

Respectfully Submitted,

John R. Baldwin, J.B. Pritzker, Bruce
Rauner, Dr. Jeff Sim, Illinois Department of
Corrections, and State of Illinois,

    Defendants,

Kwame Raoul, Attorney General,
State of Illinois,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone:   (217) 782-4555
Facsimile:   (217) 782-8767
Email: jtyrrell@atg.state.il.us

    Attorney for Defendants,

By:   /s/ Jeremy E. Tyrrell
     Jeremy C. Tyrrell
     Assistant Attorney General

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
                             )
           Plaintiff,        )
    v.                         )      No.    18-cv-1101-SEM-TSH
                             )
BRUCE RAUNER et al.,           )
                             )
          Defendants.   )

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2019, that the foregoing document *Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories* was served upon the following persons by enclosing same in an envelope addressed as indicated with postage fully prepaid and by depositing same in the U.S. Post Office Mail Box:

Alexis G. Chardon & Stephen H. Weil
Weil & Chardon, LLC
333 South Wabash Avenue, Suite 2700
Chicago, IL 60604

Elizabeth N. Mazur, Nicole Rae Schult, &
Alan Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Emmanuel Andre
Northside Transformative Law Center
1543 West Morse Avenue
Chicago, IL 60626

Karen McNaught
Cassiday, Schade, LLP
111 North 6th Street, Second Floor
Springfield, IL 62701

Alexander Chosid & Charles Vaughn
Wiedner & McAuliffe, Ltd.
8000 Maryland Avenue
Suite 550
St. Louis, MO 63105

Respectfully Submitted,

Jeremy C. Tyrrell #6321649
Assistant Attorney General

12

# Exhibit 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the    )
Estate of Tiffany Ann Rusher, deceased,    )
                                  )
              Plaintiff,    )
                                  )
v.    )        No.     18-cv-1101-SEM-TSH
                                  )
BRUCE RAUNER et al.,    )
                                  )
             Defendants.    )

## OFFICIAL CAPACITY DEFENDANTS' RESPONSE TO
## PLAINTIFF'S DECEMBER 6, 2018 INTERROGATORIES

Defendants, John Baldwin (in his official capacity), J.B. Pritzker (in his official capacity),

Illinois Department of Corrections, and State of Illinois, (collectively the "Official Capacity

Defendants") through their attorney, Kwame Raoul, Attorney General for the State of Illinois,

pursuant to Federal Rule of Civil Procedure 33, respond to Plaintiff's December 6, 2018

interrogatories subject to objections served separately on February 25, 2019, as follows:

### Interrogatories

1.    State the name, address and phone number of every person who participated in

answering these interrogatories.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to
Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said
objections, Official Capacity Defendants provided these responses with the assistance
of counsel. Additionally, Dr. Norine Ashley, Psychologist Administrator at Logan
Correctional Center participated in answering these interrogatories. The address for
Logan Correctional Center is 1096 1350th Street, P.O. Box 1000, Lincoln, IL 62656,
and the phone number for Logan Correctional Center is (217) 735-5581.**

2.    Identify by name and address all persons who have knowledge of facts that relate

to any of the claims or defenses in this action, including but not limited to all persons who are not

listed in Defendant's Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating

1

Documents, please list under oath the identities of any and all additional persons not listed in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state under oath.

> **RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001–004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena.**

3.      For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiffs will assume the substance of the witnesses' testimony is strictly limited to what is contained in such Documents.

> **RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001–004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena.**

4.      Identify by name and last known address all correctional staff and medical/mental health workers who interacted with Tiffany Rusher from September 1, 2015 through May 31, 2016. For each person identified, provide their job title and the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

> **RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Plaintiff's combined medical and mental health records, Bates stamped 000017–04297, Defendants' Initial Disclosures, any**

**supplements thereto, documents Bates stamped 000001–004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena.**

5.     Identify by name and last known address of all correctional staff and medical/mental health providers who had any responsibility for monitoring Tiffany Rusher from September 1, 2015 through May 31, 2016. For each person identified, provide their job title and the dates and shifts worked. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Plaintiff's combined medical and mental health records, Bates stamped 000017–04297, Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001–004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena.**

6.     Identify by name and last known address all persons responsible for providing mental health care at Logan Correctional Center at any time from September 1, 2015 through May 31, 2016. If you are unable to identify the names and last known addresses of each responsive person, then so state under oath.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Plaintiff is referred to Plaintiff's combined medical and mental health records, Bates stamped 000017–04297, Defendants' Initial Disclosures, any supplements thereto, documents Bates stamped 000001–004733, any documents produced by the parties during discovery, and any documents produced pursuant to subpoena.**

7.     For any Document requested in Plaintiff's discovery requests that has been lost, discarded, destroyed, altered, or defaced, please identify each such Document as completely as possible and state the approximate date it was lost, discarded, destroyed, altered, or defaced; the circumstances and manner in which it was lost, discarded, destroyed, altered, or defaced, including

3

the identities of all Persons involved; the reasons for disposing of the Document; the identity of

any persons with knowledge of its content; and the identity of the last person known to have seen

it.

> **RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Official Capacity Defendants are currently unaware of any relevant documents which have been lost, discarded, destroyed, altered, or defaced.**

8.     Please state whether any Defendant or the employee or agent of any Defendant

acted inconsistently with any of the policies and practices of the Logan Correctional Center, the

Illinois Department of Corrections, or Wexford at any time during the events described in the

complaint. If the answer is in the affirmative, please identify: (a) particular policy or practice that

was violated; (b) the individual(s) who violated each such policy or practice; and (c) any discipline

that resulted from that violation.

> **RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, Official Capacity Defendants are not currently aware of any individual acting inconsistently with any policies, practices, or customs at Logan Correctional Center as it concerns the medical or mental health treatment of Tiffany Rusher during her incarceration at Logan Correctional Center.**

9.     For any Affirmative Defenses pled in this matter, please describe the entire factual

basis or bases supporting those defenses. The information sought by this Interrogatory is not a

mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed

description of every fact and legal basis on which the defense is asserted so that Plaintiff may have

the opportunity to investigate by way of additional discovery requests. For instance, if there is any

physical, documentary, or testimonial evidence which supports any such defense, please identify

it specifically.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections:**

**Plaintiff filed this lawsuit more than two years after the events contained therein, which purportedly gave rise to the claims, allegedly occurred. Therefore, any allegations or claims concerning events or actions occurring more than two years prior to Plaintiff filing this lawsuit are barred by the applicable two-year statute of limitations.**

**To the extent Tiffany Rusher, a class member in *Rasho v. Baldwin*, 07-1298 (C.D. Ill.), was provided mental health treatment in accordance with the terms agreed to or court orders in *Rasho v. Baldwin*, 07-1298 (C.D. Ill.), Plaintiff is barred from challenging the terms of the court orders, the terms of the agreements between the parties, or the constitutionality of that treatment she received pursuant to those orders and agreements.**

**Plaintiff filed a lawsuit titled *Andrews v. Sangamon County*, No. 18-cv-01100-SEM-TSH (C.D. Ill.) on March 12, 2018. Plaintiff alleges parties in *Andrews* caused Tiffany Rusher harm and injuries. Plaintiff is barred from recovering for harms and injuries in this lawsuit to the extent the injuries for which Plaintiff seeks to recover in *Andrews* are the same or overlap with the injuries for which Plaintiff seeks to recover in this lawsuit. Plaintiff is not entitled to recover twice for the same harms or injuries. *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 642 (7th Cir. 2011).**

10.   State the date upon which You first became aware that Tiffany Rusher was in need of mental health care.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, as it concerns Tiffany Rusher's incarceration in the Illinois Department of Corrections, Ms. Rusher's mental health records indicated that she was screened on January 7, 2010, for mental health needs and was referred to see the psychiatrist. Plaintiff is referred to document Bates stamped 004786.**

11.   State each action You took to provide Tiffany Rusher with an appropriate level of mental health care, and the date upon which You took each such action.

**RESPONSE: Defendants refer Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, the State of Illinois, through the Illinois Department of Corrections, contracted with Wexford Health Sources, Inc., to provide medical and mental health services to offenders in the custody of the Illinois Department of Corrections at Logan Correctional Center, which included Tiffany Rusher. This contract was executed on**

5

May 9, 2011. Plaintiff is referred to the document produced by Co-Defendants Bates stamped Wexford 002325–002606. Official Capacity Defendants expected and relied upon Wexford Health Sources, Inc., to ensure that the mental health needs of offenders at Logan Correctional Center were being met.

The Illinois Department of Corrections has also enacted administrative directives, as well as institutional directives specific to Logan Correctional Center, concerning the provision of medical and mental health care. Plaintiff is referred to documents Bates stamped 004437–004500 and 004734–004774.

Plaintiff is also referred to Tiffany Rusher's medical and mental health records, produced as documents Bates stamped 000017–04297, for the specific treatment Ms. Rusher received while in the custody of the Illinois Department of Corrections at Logan Correctional Center.

12.   State each action You took to ensure that Tiffany Rusher was receiving an appropriate level of mental health care from others, the other person or persons who were to provide such care, and the date upon which You took each such action.

RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, the State of Illinois, through the Illinois Department of Corrections, contracted with Wexford Health Sources, Inc., to provide medical and mental health services to offenders in the custody of the Illinois Department of Corrections at Logan Correctional Center, which included Tiffany Rusher. This contract was executed on May 9, 2011. Plaintiff is referred to the document produced by Co-Defendants Bates stamped Wexford 002325–002606. Official Capacity Defendants expect and rely upon Wexford Health Sources, Inc., to ensure that the mental health needs of offenders at Logan Correctional Center are being met.

The Illinois Department of Corrections has also enacted administrative directives, as well as institutional directives specific to Logan Correctional Center, concerning the provision of mental health care that were applicable to Tiffany Rusher. Plaintiff is referred to:

- Administrative Directive 05.07.101, Adult Process, Bates 004437–004441;
- Administrative Directive 05.07.102, Reception Status, Bates 004442–004447;
- Institutional Directive 04.03.103, Health Care Services for Offenders, Bates 004448–004455;
- Institutional Directive 04.03.120, Offender Infirmary Services, Bates 004456–004460;
- Institutional Directive 04.04.001, Housing Assignment for Severely Mental Ill, Bates 004461–004463;
- Institutional Directive 04.04.100, Mental Health General Provisions, Bates 004464–004471;

6

- **Institutional Directive 04.04.101, Non-Emergency Mental Health Services, Bates 00472–004474;**
- **Institutional Directive 04.04.102, Suicide Prevention and Intervention and Emergency Services, 004475–004484**
- **Administrative Directive 04.03.103, Offender Health Care Services, Bates 004734–004740;**
- **Administrative Directive 04.03.120, Offender Infirmary Services, Bates 004741–004744;**
- **Administrative Directive 04.04.100, Mental Health General Provisions, Bates 004745–004751;**
- **Administrative Directive 04.04.101, Mental Health Non-Emergency Services, Bates 004752–004754;**
- **Administrative Directive 04.04.102, Suicide Prevention and Intervention and Emergency Services, Bates 004755–004762; and**
- **Administrative Directive 04.04.103, Use of Restraints for Mental Health Purposes, Bates 5080–5084.**

**In addition, the Illinois Department of Corrections employed staff through the Office of Health Sources to oversee the implementation and execution of the contract with Wexford Health Sources, Inc.**

**Plaintiff is also referred to Tiffany Rusher's medical and mental health records, produced as documents Bates stamped 000017–04297, for the specific treatment Ms. Rusher received while in the custody of the Illinois Department of Corrections at Logan Correctional Center.**

13.    Describe each action You took to ensure that Tiffany Rusher had access to

programs, services, and human contact, and the date upon which You took such action.

**RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, staff employed by the Illinois Department of Corrections took numerous actions to ensure Tiffany Rusher had the ability to participate in programming and services, as well as to ensure she had access to human contact. For specific details of these actions, Plaintiff is referred to Tiffany Rusher's cumulative counseling summary, produced as document Bates stamped 000010–000016, Tiffany Rusher's medical and mental health records, produced as document Bates stamped 000017–004297 and 004775–005031, Tiffany Rusher's disciplinary reports, produced as documents Bates stamped 004298–004425 and 004581–004708, Tiffany Rusher's trust fund statement, produced as document bates stamped 004426–004429, Tiffany Rusher's living unit history, produced as document Bates stamped 004709–004714, and Tiffany Rusher's visit history, produced as document Bates stamped 004715–004716.**

14.    Describe all steps which You took in connection with discharge planning for Tiffany Rusher, including without limitation any steps You in connection with commitment proceedings and commitment to a mental health hospital.

> **RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories. Subject to and without waiving said objections, as it concerns Tiffany Rusher's release from the custody of the Illinois Department of Corrections on May 3, 2016, Plaintiff is referred to documents Bates stamped 005032–005079.**
>
> **Plaintiff is also referred to Tiffany Rusher's medical and mental health records, produced as documents Bates stamped 000017-04297, for the specific treatment Ms. Rusher received while in the custody of the Illinois Department of Corrections at Logan Correctional Center.**

15.    State the date on which you became aware that Illinois had no provision to provide hospital level mental health care to prisoners confined in the Illinois Department of Corrections.

> **RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories.**

16.    State the date on which you became aware that there were prisoners confined in the Illinois Department of Corrections who were in need of hospital level mental health care.

> **RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories.**

17.    Regarding the previous interrogatory, describe each action You too to make hospital level mental health care available to prisoners confined in the Illinois Department of Corrections who were in need of such care.

> **RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories.**

18.    State all reasons (if any) that prisoners confined in the Illinois Department of Corrections who were in need of hospital level of mental health care were not transferred to one of the state mental health hospitals operated by the Illinois Department of Human Services.

**RESPONSE: Defendant refers Plaintiff to Defendants' Combined Objections to Plaintiff's December 6, 2018 Interrogatories.**

19.     To Defendants in their individual capacities only, including Wexford: For punitive damage purposes, please state your net financial worth (in dollars). Additionally, please describe how that net worth has been calculated, including Defendant's yearly salary, and list any and all assets of value in excess of $2,500 (including a description of any ownership of real estate, vehicles, stock, mutual funds, etc.), and all liabilities in excess of $2,500.

**RESPONSE: This interrogatory is not directed to these Defendants. Accordingly, no response is provided.**

Respectfully Submitted,

John Baldwin (in his official capacity), J.B. Pritzker (in his official capacity), Illinois Department of Corrections, and State of Illinois,

Defendants,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone:    (217) 782-4555
Facsimile:    (217) 782-8767
Email:  jtyrrell@atg.state.il.us

Kwame Raoul, Attorney General,
State of Illinois,

Attorney for Defendants,

By: _____
         Jeremy C. Tyrrell
         Assistant Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
                                     )
          Plaintiff, )
v.                               )     No.    18-cv-1101-SEM-TSH
                                       )
BRUCE RAUNER et al.,              )
                                       )
          Defendants. )

### CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, that the foregoing document *Official Capacity Defendants' Response to Plaintiff's December 6, 2018 Interrogatories* was served upon the following persons by enclosing same in an envelope addressed as indicated with postage fully prepaid and by depositing same in the U.S. Post Office Mail Box:

Alexis G. Chardon & Stephen H. Weil
Weil & Chardon, LLC
333 South Wabash Avenue, Suite 2700
Chicago, IL 60604

Elizabeth N. Mazur, Nicole Rae Schult, &
Alan Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640

Emmanuel Andre
Northside Transformative Law Center
1543 West Morse Avenue
Chicago, IL 60626

Karen McNaught
Cassiday, Schade, LLP
111 North 6th Street, Second Floor
Springfield, IL 62701

Alexander Chosid & Charles Vaughn
Wiedner & McAuliffe, Ltd.
8000 Maryland Avenue
Suite 550
St. Louis, MO 63105

Respectfully Submitted,

_____
Jeremy C. Tyrrell #6321649
Assistant Attorney General

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
                                        )
                    Plaintiff,          )
        v.                              )        No.    18-cv-1101-SEM-TSH
                                        )
BRUCE RAUNER et al.,                    )
                                        )
                    Defendants.         )

## DECLARATION OF DR. NORINE ASHLEY

Pursuant to 28 U.S.C. § 1746, I, Dr. Norine Ashley, declare under penalty of perjury that the facts and information contained in *Official Capacity Defendants' Response to Plaintiff's December 6, 2018 Interrogatories* are true and accurate to the best of my knowledge, information, and belief.

Executed on this March 11, 2019.



_____
Dr. Norine Ashley