IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Kelli Andrews, as Administrator of the Estate of Tiffany Ann Rusher, deceased, <br><br> Plaintiff, <br><br> v. <br><br> Bruce Rauner, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) No. 18-cv-1101-SEM-TSH ) ) ) ) ) |

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants, John R. Baldwin, Rob Jeffreys[1] J.B. Pritzker, Bruce Rauner, Dr. Jeff Sim, Illinois Department of Corrections, and State of Illinois, through their attorney, Kwame Raoul, Attorney General for the State of Illinois, respond to *Plaintiff's Motion to Compel Discovery Responses from Government Defendants* (doc. 50), stating as follows:

### Introduction

Plaintiff filed this lawsuit alleging John Baldwin—the former Acting Director of the Illinois Department of Corrections—Bruce Rauner—the former Governor of the State of Illinois—and Dr. Jeff Sim—a former regional psychiatrist for the Illinois Department of Corrections—were all aware that Tiffany Rusher, a former inmate of the Illinois Department of Corrections, had a serious medical or mental health need and that these individuals were deliberately indifferent to her needs, in violation of the Eighth Amendment. Plaintiff also alleged the State of Illinois, Illinois Department of Corrections, the Director of the Illinois Department of Corrections, and the Governor of the State of Illinois, in their respective official capacities, violated Tiffany Rusher's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §

---

[1] Rob Jeffreys has replaced John Baldwin as Acting Director of the Illinois Department of Corrections. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), Mr. Jeffreys has automatically been substituted in this case in his official capacity.

1

12101, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, by failing to provide her with adequate mental health treatment and access to "human contact."

On May 13, 2019, Plaintiff filed a motion to compel Defendants to supplement their discovery responses. It is clear from Plaintiff's discovery requests and her motion to compel that the parties have very different understandings about what this case is about. It is clear Plaintiff would expand the scope of this case well beyond the care and treatment of Tiffany Rusher; Plaintiff would have this case be about all offenders in the custody of the Illinois Department of Corrections with mental health needs. However, this claim is already being litigated in the *Rasho* class action. This case is not about the mental health treatment provided to all Illinois Department of Corrections' offenders. Rather, Plaintiff's claims are about the individual defendants' specific knowledge of **Tiffany Rusher** and **her** specific mental health treatment. For the reasons that follow, the Court should deny Plaintiff's Motion.

**Argument**

Plaintiff's Motion adequately sets forth the responses to interrogatories and requests for production of documents that are at issue. Defendants maintain and incorporate by reference their objections to Plaintiff's discovery requests, and respond to Plaintiff's arguments as follows.

1. **Interrogatories 2 and 3**

Plaintiff's interrogatories 2 and 3 request that Defendants identify all persons with knowledge of facts relating to the claims or defenses in this action and to describe "with particularity" the categories of facts that each person may know. (Doc. 50, 4 &5.) Plaintiff's interrogatories 2 and 3 ask Defendants to answer the unknowable. These interrogatories essentially ask that Defendants go out and independently interrogate every current and former employee of the State of Illinois to determine whether these individuals may have knowledge of

2

Tiffany Rusher. This request is exceedingly overbroad, unduly burdensome, and vastly disproportionate to the needs of this case. Consider the following: Plaintiff's complaint concerns the incarceration of Tiffany Rusher at Logan Correctional Center. (Doc. 1, ¶18.) To respond to Plaintiff's interrogatories, Defendants would need to identify every person that aware of this fact. Such a search would be impossible.

Instead, Defendants, consistent with Federal Rule of Civil Procedure 33(d), referred Plaintiff to the pertinent records that have been produced—including Ms. Rusher's medical and mental health records and counseling notes. Plaintiff claims this is an improper reference to a "mass of business records," but that is simply not the case. Defendants have provided relevant documents concerning Ms. Rusher's care while in the custody of the Illinois Department of Corrections. These documents identify the pertinent persons who were involved in caring for Ms. Rusher, including her doctors, psychiatrists, psychologists, correctional counselors, and nurses. Unlike records maintained by other facilities of the Illinois Department of Corrections, many of these records are copies from electronic medical records ("EMR"). The EMR for Ms. Rusher clearly identify and document the persons who provided Ms. Rusher care and what care was provided. The burden of having Defendants go through these records to identify providers is the same as the burden on Plaintiff. Plaintiff's claim that Defendant improperly referred them to a vast set of documents is unfounded; Defendants properly utilized Rule 33(d). *See Morin v. Nationwide Federal Credit Union,* 229 F.R.D. 364, 366 (D. Conn. 2005) (referring to documents that were voluminous in number, were not Bates-labeled, that contained a range of categories of correspondence, records, notes, documentation on numerous topics, and in many instances were not readily identifiable, was inadequate response under Rule 33(d)); *Cambridge Electronics Corp. v. MGA Electronics, Inc.,* 227 F.R.D. 313, 323 (C.D. Cal. 2004) (referring to twenty-eight

3

boxes of documents, without specifying particular documents, not a sufficient specification under Rule 33(d)). Since Plaintiff's interrogatories 2 and 3 are improper as written, and because Defendants have properly responded, Defendants' objections should be sustained.

   2. **Interrogatory 8**

Plaintiff's interrogatory 8 requests Defendants identify whether any employee of the State of Illinois or an agent of the State of Illinois violated policies or practices of Logan Correctional Center, the Illinois Department of Corrections, or Wexford Health Sources, Inc. (Doc. 50, 8 & 9.) Defendants objected to this interrogatory, primarily, because it is in no way constrained to violations that concern Tiffany Rusher. Plaintiff's interrogatory, as written, would have Defendants identify each violation of policy or practice that ever took place, regardless of whether it concerned Tiffany Rusher.[2] Defendants objected to this overbroad and unconstrained request. Defendants also provided a response concerning the medical and mental health care of Tiffany Rusher during her incarceration with the Illinois Department of Corrections—the very claim at issue in this case. Defendants' objections to this interrogatory should be sustained.

   3. **Interrogatories 15, 16, 17, and 18**

Interrogatories 15, 16, 17, and 18, all concern "hospital level mental health care" to offenders in the custody of the Illinois Department of Corrections. As stated above, the pertinent issue in this litigation is whether the Defendants knew Tiffany Rusher was being denied adequate medical and mental health care. Whether the Illinois Department of Corrections provided adequate mental health to its offender population is an issue for the *Rasho* litigation, which is currently pending. Further, Plaintiff's interrogatories 15, 16, 17, 18 are improper because they used an undefined term "hospital level mental health care." Plaintiff could have defined this term in her interrogatories, or she could send new interrogatories to incorporate a readily understood term. But, as it stands, notwithstanding Plaintiff's

---

[2] It appears Plaintiff copied Defendants' objection to a different discovery request in her chart for Interrogatory 8. Defendants' objection to Interrogatory 8 is located at docket entry 50-1, p. 51.

4

discovery letters, this term is undefined and Defendants should not be required to respond to an undefined term of art. Defendants' objections to these interrogatories should be sustained.

### 4. Identifying Documents Subject to Objections

Plaintiff generally takes issue with Defendants' responses to her requests for production of documents because they have not identified documents withheld subject to objections. However, as set forth below, such a request would be impossible. Many of Plaintiff's requests are so overly broad and unduly burdensome that Defendants cannot possible locate every potentially responsive document—let alone identify it for a privilege log. Plaintiff's motion, to the extent she seeks identification of every potentially responsive document, should be denied.

### 5. Request for Production of Documents to Baldwin[3]

Plaintiff's request 1 seeks production of documents concerning Tiffany Rusher which were generated or maintained as part of an assessment plan relating to the *Rasho* litigation. Defendants maintain their objections to this request. The pertinent issue is Tiffany Rusher's claims in this litigation that Defendants were deliberately indifferent to Tiffany Rusher's medical and mental health needs. Documents pertaining to the *Rasho* litigation and the claims in that case are not pertinent to Plaintiff's claims in this case. Defendant's objections to this request should be sustained.

### 6. Request for Production of Documents to Baldwin 2-6

Plaintiff's requests 2-6 concern production of lists and documents reflecting the identities of offenders who were identified as needing inpatient level of care. Again, these documents are wholly outside the scope of discoverable information in this case. Plaintiff is in the possession of Tiffany Rusher's mental health records, which include details such as the different levels of care Tiffany Rusher was assessed as needing. Plaintiff's requests for documents concerning the personal details of other offenders is not relevant to whether Defendants were aware of Tiffany Rusher's mental health need or any indifference to Tiffany Rusher's specific mental health needs. Plaintiff's claim that Defendants may have

---

[3] Request for Production of Documents to Baldwin refers to Plaintiff's December 5, 2018 Requests for Production of Documents to Defendant Baldwin in his Official Capacity.

5

been indifferent to the needs of other offenders is not pertinent to the sole claim that Defendants were indifferent to Tiffany Rusher. See *Verser v. Ruiz*, 2009 WL 3381009 at *3 (C.D. Ill. Oct. 14, 2009) (noting that allegations made by other prisoners that defendants engaged in separate instances of excessive force have no relation to whether they engaged in excessive force in the present case). Since Plaintiff's requests 2-6 concern irrelevant material, Defendant's objections should be sustained.

### 7. Request for Production of Documents to Baldwin 7

Plaintiff's request 7 to John Baldwin concerns production of communications to Governor Rauner and his agents concerning a lack of inpatient care provided to offenders in the custody of the Illinois Department of Corrections. Again, Plaintiff's request improperly seeks documents unrelated to this case; the pertinent issue is the care Tiffany Rusher received or did not receive. Plaintiff's request also improperly seeks documents from a party that does not have access to these documents. These requests were directed to John Baldwin in his official capacity as Acting Director of the Illinois Department of Corrections. Plaintiff's argument that John Baldwin in his official capacity stands in for the State of Illinois is without support. Plaintiff was free to send this request to the State of Illinois, which is a party to this lawsuit. The Director of the Illinois Department of Corrections is not the same legal entity as the State of Illinois or the Governor of the State of Illinois. Defendant's objections to this request should be sustained.

### 8. Privilege and Work Product in Plaintiff's Requests for Production of Documents[4]

Many of Plaintiff's requests for production of documents are so overly broad, and without limitation by time or scope, that they arguably touch upon attorney-client privilege or the work product doctrine such that a privilege log is wholly impractical. As an example, Plaintiff's Request 5 seeks "[a]ll communications pertaining to Tiffany Rusher" and is directed to each of the individual defendants, the Governor of the State of Illinois, the Director of the Illinois Department of Corrections, and the State of Illinois. These persons and entities, consistent with state law, are represented by the Office of the Illinois

---

[4] Requests for Production of Documents to Defendants refer to Plaintiff's December 6, 2018 Rule 34 Requests to All Defendants.

Attorney General, which is a sub-entity of the State of Illinois. Arguably, every email sent by the undersigned and his office, along with all of the undersigned's internal memoranda and notes may arguably be responsive to Plaintiff's Request 5. Defendants simply cannot provide a privilege log to identify these documents.

To be clear, Defendants will provide a privilege log when a relevant and responsive document is identified that is protected by attorney-client privilege or the work product doctrine. However, Plaintiff's request for a privilege log to Plaintiff's requests, as written, given the above issues is impossible.

9. **Request for Production of Documents to Defendants 5**

Defendants' objections to request 5 should be sustained. Simply because a document mentions "Tiffany Rusher" does not mean that it is pertinent or relevant to Plaintiff's claims in this case. Plaintiff's request 5, again, is not just directed to the individual defendants but is also directed, generally, to the State of Illinois, Illinois Department of Corrections, and the Governor of the State of Illinois.It is neither constrained in scope to issues pertinent to this litigation or the time period Tiffany Rusher was incarcerated within the Illinois Department of Corrections. When Plaintiff has made absolutely no attempt to limit the scope of her request to issues relevant to this litigation, it is impossible for Defendants to conduct a search for communications relevant to Plaintiff's claims or Defendants' defenses. The burden was on Plaintiff to send a request for production of documents that was "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B)(iii). When Plaintiff makes a request that is outside the scope of discovery, the burden is not on defendants to retool and rephrase Plaintiff's request. Defendants are within their rights to object to Plaintiff's request until such time Plaintiff sends a proper request. Since Plaintiff's request 5 does not fall within the scope of discoverable materials, Defendants' objections should be sustained.

10. **Requests for Production of Documents to Defendants 7 & 8**

Defendants do not object to producing fire plans of the areas at Logan Correctional Center in which Tiffany Rusher was housed and will supplement their request to produce these fire plans.

**11. Request for Production of Documents to Defendants 14**

Plaintiff's request 14 seeks "[a]ll physical evidence in your possession relating to Tiffany Rusher." Again, this request is simply too vague and without limitation for Defendants to even attempt to provide a response. Clearly, just because something "relates" to Tiffany Rusher does not mean that is it discoverable in this case. Defendants' objections to this request should be sustained.

**12. Request for Production of Documents to Defendants 21**

Plaintiff's request 21 concerns documents relating to Tiffany Rusher's discharge from the Illinois Department of Corrections. In response to this request, Defendants objected and referred Plaintiff to Tiffany Rusher's civil commitment proceeding documents—the process by which Tiffany Rusher was discharged from the custody of the Illinois Department of Corrections. Plaintiff now takes issue with this response because communications concerning Tiffany Rusher's discharge were not provided. Defendants maintain their objections that to identify and locate all responsive documents would be unduly burdensome and disproportional to the needs of this case. Plaintiff has sued the State of Illinois. To locate every potentially responsive communication, Defendants would need to search the email accounts of every employee of multiple state agencies to see if they concern Tiffany Rusher's discharge to the Department of Human Services. Defendants' objections to this request should be sustained.

**13. Request for Production of Documents to Defendants 22**

Plaintiff's request 22 concerns documents relating to provision of mental health services, generally, at Logan Correctional Center. In response to this request, Defendants objected and identified the contract between the State of Illinois and Wexford Health Sources, Inc., the contractual provider for certain medical and mental health services to offenders in the custody of the Illinois Department of Corrections. It appears Plaintiff is seeking communications and documents concerning the discussion to enter into this contract. Such communications and documents are not relevant to this case. Again, the

8

pertinent issue is whether Defendants were deliberately indifferent to Tiffany Rusher's medical and mental health needs. Defendants' objections to this request should be sustained.

### 14. Request for Production of Documents to Defendants 25

Plaintiff's request 25 requests production of all documents relating to the provision of "hospital level mental health care" to prisoners confined to the Illinois Department of Corrections. Defendants have already addressed their issues with this request—it is simply not relevant to the claims in this case and is well beyond the scope of materials that are discoverable in this case. Defendants' objections to this request should be sustained.

### 15. Request for Production of Documents to Defendants 26

Plaintiff's request 26 generally request free reign for Plaintiff to inspect, measure, photograph, and video record every cell occupied by Tiffany Rusher, every area of Logan Correctional Center which Tiffany Rusher was permitted to access, all restraints applied to Tiffany Rusher, and all surveillance systems that may have been used to monitor Tiffany Rusher. In short, Plaintiff seeks to view and record nearly every area of a facility maintained by the Illinois Department of Corrections along with its security systems. Defendants will coordinate with Plaintiff on a reasonable inspection of areas relevant to this litigation but Plaintiff's request for *carte blanche* to inspect every element of Logan Correctional Center is impermissible.

Wherefore, Defendants respectfully request this honorable Court deny Plaintiff's Motion (doc. 50).

                                                         Respectfully submitted,

John R. Baldwin, Rob Jeffreys, J.B. Pritzker, Bruce Rauner, Dr. Rushers, Jeff Sim, Illinois Department of Corrections, and State of Illinois,

                                                         Defendants,

| | |
|---|---|
| Jeremy C. Tyrrell #6321649<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62701<br>(217) 785-4555 Phone<br>(217) 782-8767 Fax<br>Email: jtyrrell@atg.state.il.us | Kwame Raoul, Illinois Attorney General,<br><br>Attorney for Defendants,<br><br>By: s/Jeremy C. Tyrrell<br>     Jeremy C. Tyrrell<br>     Assistant Attorney General |

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kelli Andrews, as Administrator of the ) <br> Estate of Tiffany Ann Rusher, deceased, ) <br>                                                    ) <br>                       Plaintiff,        ) <br> v.                                              ) <br>                                                    ) <br> Bruce Rauner, *et al.*,                  ) <br>                                                    ) <br>                       Defendants.    ) | No.   18-cv-1101-SEM-TSH |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2019, I caused to be electronically filed the foregoing *Response to Plaintiff's Motion to Compel Discovery Responses* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Alexis G. Chardon:    ali@weilchardon.com
Nicole Rae Schult:    nicole@uplcchicago.org
 Stephen H Weil:      steve@weilchardon.com
       Alan Mills:    alan@uplcchicago.org
 Emmanuel Andre:      eandre@northsidetlc.com
Alexander B. Chosid:  abchosid@wmlaw.com
Charles Z. Vaughn:    czvaughn@wmlaw.com
Karen L. McNaught:    kmcnaught@cassiday.com


                                        Respectfully Submitted,

                                        s/Jeremy C. Tyrrell
                                        Jeremy C. Tyrrell #6321649
                                        Assistant Attorney General