IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Kelli Andrews, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   No. 18-1101-SEM-TSH ) |
| Bruce Rauner, *et al.*, | ) ) ) |
|       Defendants. | ) ) |

### APPEAL OF MAGISTRATE JUDGE'S JUNE 18, 2019 ORDER

Defendants, John Baldwin, Rob Jeffreys (in his official capacity), J.B. Pritzker (in his official capacity), Bruce Rauner, Dr. Jeff Sim, Illinois Department of Corrections, and State of Illinois, by their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2(A), respectfully appeal Magistrate Judge Schanzle-Haskins's June 18, 2019 Order (doc. 58). In support thereof Defendants provide the following memorandum of law:

#### Introduction

Plaintiff—the purported administrator of the estate of Tiffany Rusher—filed this lawsuit alleging, generally, that Ms. Rusher received inadequate mental health services while in the custody of the Illinois Department of Corrections at Logan Correctional Center from March 2013 until May 2016. Following exchanges of discovery, Plaintiff filed a motion to compel seeking a court order requiring Defendants to provide certain responses to discovery requests. (Doc. 50). Plaintiff's Motion was opposed by Defendants. (Doc. 55). On June 18, 2019, Magistrate Judge Schanzle-Haskins issued an order granting, in part, and denying, in part, Plaintiff's Motion. (Doc. 58). Defendants now appeal to the District Judge to modify Magistrate Judge Schanzle-Haskins's

June 18, 2019 Order concerning the scope of Defendants' supplemental responses to All Defendants Requests[1] 5, 21, 22, and 25. For the reasons that follow, the District Judge should grant Defendants' appeal and modify Magistrate Judge Schanzle-Haskins's June 18, 2019 Order.

**Legal Standard**

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

**Argument**

Defendants respectfully appeal Magistrate Judge Schanzle-Haskins's June 18, 2019 Order as it concerns All Defendants Requests 5, 21, 22, and 25. All Defendants Requests 5, 21, 22, and 25, concern the production of communications and documents concerning Tiffany Rusher, discharge planning for Tiffany Rusher, IDOC's contract with Wexford Health Sources, Inc., for mental health services at Logan Correctional Center, and the provision of hospital level mental health care to offenders in the custody of the IDOC, respectively. Defendants objected to these requests as they are unduly burdensome and overbroad in time and scope; for the sake judicial economy, Defendants hereby incorporate their arguments in their response to Plaintiff's motion to compel (doc. 55). Magistrate Judge Schanzle-Haskins's June 18, 2019 Order concerning these

---

[1] Magistrate Judge Schanzle-Haskins used the term "All Defendants Requests" to refer to Plaintiff's requests for production of documents on December 6, 2018, which were directed to all defendants—as opposed to Plaintiff's December 5, 2018 requests for production of documents which only directed to John Baldwin in his, then, official capacity. Defendants maintain Magistrate Judge Schanzle-Haskins's references.

2

requests is clearly erroneous and contrary to law because the requests as modified and ordered by Magistrate Judge Schanzle-Haskins are still unduly burdensome and overbroad in time and scope. Specifically, Magistrate Judge Schanzle-Haskins ordered Defendants to produce communications and documents from the following agencies, offices, and entities: "the office of the Governor of Illinois, including all staff in that office; the offices of Defendants Baldwin and Sim including all direct reports and support staff of Baldwin, Sim, and their direct reports; Logan [Correctional Center]; and McFarland Mental Health Center (McFarland) operated by the Department of Human Services." The Court limited the timeframe for these searches based on the specific request but the timeframe for All Defendants Request 5 is March 1, 2013, to May 31, 2016. Based on Defendants' understanding of Magistrate Judge Schanzle-Haskins's June 18, 2019 Order, Defendants are to search for communications or documents for all persons employed by the Office of the Governor of Illinois, Logan Correctional Center, McFarland Mental Health Center, the Offices of the Director of the Illinois Department of Corrections and Dr. Sim, including all direct reports and support staff, and the direct reports of the Director of the Illinois Department of Corrections and Dr. Sim, for the timeframes set forth in the June 18, 2019 Order.

Magistrate Judge Schanzle-Haskins's June 18, 2019 Order, as written, imposes an immense burden on Defendants and is well outside the scope of discovery. To comply with Magistrate Judge Schanzle-Haskins's June 18, 2019 Order as it concerns email electronically stored information for All Defendants Request 5, Defendants would need to identify every staff member that worked at Logan Correctional Center from March 1, 2013, to May 31, 2016, and then identify which of these staff members had email addresses. On information and belief, Logan Correctional Center has approximately 500 employees. Even limiting this particular request to Logan Correctional Center would be unduly burdensome given the reasonable turnover among staff during the three year

3

timeframe identified in Magistrate Judge Schanzle-Haskins's June 18, 2019 Order. This example does not include the other officers, agencies, and entities identified in Magistrate Judge Schanzle-Haskins's June 18, 2019 Order, which are expected to be similarly problematic. The District Judge should modify Magistrate Judge Schanzle-Haskins's June 18, 2019 Order to limit All Defendants Requests 5, 21, 22, and 25 to reasonable custodians likely to have information concerning each specific request as opposed to the vast offices, entities, and persons identified in the Order.

Since Magistrate Judge Schanzle-Haskins's June 18, 2019 Order, counsel for Defendants and Plaintiff have engaged in a Rule 26(f) discovery conference to discuss the supplemental discovery ordered by Magistrate Judge Schanzle-Haskins. The parties have set a date to exchange plans for completing this discovery, including the identification of custodians likely to have responsive documents and key terms for searches to identify responsive documents, and have planned an additional Rule 26(f) conference. If the parties agree on reasonable custodians and methods for conducting searches of documents responsive to All Defendants Requests 5, 21, 22, and 25, Defendants will promptly withdraw this appeal. However, Defendants provide the above argument to preserve their right to appeal Magistrate Judge Schanzle-Haskins's June 18, 2019 Order if the parties cannot come to an agreement on reasonable terms.

Wherefore, Defendants respectfully request this honorable Court grant their appeal and modify the Magistrate Judge's June 18, 2019 Order for the reasons stated herein.

                                Respectfully submitted,

                                John Baldwin, Rob Jeffreys (in his official capacity), J.B. Pritzker (in his official capacity), Bruce Rauner, Dr. Jeff Sim, Illinois Department of Corrections, and State of Illinois,

                                      Defendants,

Jeremy C. Tyrrell, #6321649　　　　　Kwame Raoul Illinois Attorney General,
Assistant Attorney General
500 South Second Street　　　　　　　　Attorney for Defendants,
Springfield, Illinois 62701
(217) 785-4555 Phone　　　　　　　　By: s/ Jeremy C. Tyrrell
(217) 524-5091 Fax　　　　　　　　　　　　Jeremy C. Tyrrell
Email: jtyrrell@atg.state.il.us　　　　　　Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kelli Andrews, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 18-1101-SEM-TSH |
| | ) |
| Bruce Rauner, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2019, the foregoing document, ***Appeal of Magistrate Judge's June 18, 2019 Order***, was electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send notice to all counsel of record.

                                                    s/ Jeremy C. Tyrrell
                                                    Jeremy C. Tyrrell
                                                    Assistant Attorney General