IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Kelli Andrews, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1101-SEM-TSH |
| | ) |
| Bruce Rauner *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE GOVERNMENT DEFENDANTS'
APPEAL OF MAGISTRATE JUDGE'S JUNE 18, 2019 ORDER**

Pursuant to Local Rule 72.2(A), Plaintiff, through her undersigned counsel, responds in opposition to the appeal by certain defendants (the "Government Defendants") of the discovery order issued by Magistrate Judge Thomas Schanze-Haskins (ECF 58).

The Government Defendants' motion should be denied because it seeks relief that is entirely unnecessary.  Essentially the Government Defendants are asking the District Court to insert itself into a task that attorneys representing corporate bodies do every day:  contact their clients, identify custodians, and otherwise gather documents and information responsive to a discovery request.  Under the federal rules, parties are supposed to accomplish such tasks without the involvement of the court at all.  That should be true here; and indeed the ruling that the Government Defendants seek from the District Court is likely to do little but disrupt the normal discovery process.  The order was not clearly erroneous, so the motion should be denied.

**BACKGROUND**

This case involves Tiffany Rusher, a former IDOC inmate who suffered from severe mental illness.  Plaintiff charges that instead of treating that mental illness as they were required to do, the Government Defendants placed Ms. Rusher in solitary confinement for months,

1

violating her rights as a disabled person and her right to be free from cruel and unusual punishment. Critically, Plaintiff alleged that Ms. Rusher's mistreatment did not come solely from the guards and doctors who were directly involved in her incarceration, but also from high-level policy makers at the state and agency level, who had made decisions that harmed hundreds of severely mentally ill prisoners—including Ms. Rusher. (*See* ECF 50 at 1-2 (summarizing allegations).) The Government Defendants attempted to have these claims dismissed (*see* ECF 15), but the District Court denied their motion, holding that Plaintiff had stated viable claims—including claims that Ms. Rusher had been harmed by these defendants' policies respecting the treatment of severely mentally ill prisoners within the IDOC. (*See* ECF 28.)

Following the Court's denial of the Government Defendants' motion to dismiss, Plaintiff served discovery seeking to prove her claims, including her claims about the policy decisions that led to Ms. Rusher's alleged mistreatment. As summarized in Plaintiffs' motion to compel, however, the Government Defendants refused to respond to this discovery. Beyond providing Ms. Rusher's medical file and prison records relating specifically to her, the Government Defendants essentially refused to provide any documents—indeed, they did not produce a single email—going to Plaintiff's "policy" claims. (*See* ECF 50 at 22.)

Notably, as Plaintiff explained in her motion to compel, counsel for the Government Defendants flatly refused to engage in any meet-and-confer regarding discovery of the "policy" discovery that is the subject of this appeal. (*See* ECF 50 at 2-3.) Thus there was no substantive discussion between the parties regarding protocols for identifying custodians or conducting searches for electronically stored information ("ESI")—discussions that parties are supposed to engage in to address the burden concerns that the Government Defendants raise here.

Because counsel for the Government Defendants refused to engage in a meet-and-confer process, Plaintiff was forced to bring her motion to compel. The Government Defendants responded that the requests at issue here were unduly burdensome. (*See* ECF 55 *passim*.) The Magistrate Judge addressed those concerns by limiting the time period covered by the discovery, but otherwise ordered the Government Defendants to respond. (ECF 58.)

As the Government Defendants note (*see* ECF 59 at 4), after the Magistrate Judge's Order, Plaintiff initiated a Rule 26(f) conference with defense counsel. As things stand, the parties are trying to identify likely custodians in the government entities involved in this case, and are developing protocols and terms for searching ESI.

## **DISCUSSION**

Under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(A), a district judge may reconsider a pretrial decision by a magistrate judge if it is clearly erroneous or contrary to law. "Applying this standard of review, a district court 'can overturn the magistrate judge's ruling only if it is left with the definite and firm conviction that a mistake has been made.'" *First Fin. Bank, N.A. v. Bauknecht*, No. 12-cv-1509, 2014 WL 949640, at *4 (C.D. Ill. Mar. 11, 2014) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir.1997)). The Government Defendants have identified no such mistake here. They focus on the Magistrate Judge's order to:

> produce communications and documents from the following agencies, offices, and entities: "the office of the Governor of Illinois, including all staff in that office; the offices of Defendants Baldwin and Sim including all direct reports and support staff of Baldwin, Sim, and their direct reports; Logan [Correctional Center]; and McFarland Mental Health Center (McFarland) operated by the Department of Human Services."

(ECF 59 at 3.)

The Government Defendants' objection to this order boils down to their own, implausible reading of it: "[b]ased on Defendants' understanding of Magistrate Judge Schanzle-Haskins's

3

June 18, 2019 Order, Defendants are to search for communications or documents for all persons employed" by each of the government agencies listed in the order. (*Id.*)  Using the example of Logan CC, the Government Defendants claim that under the Magistrate Judge's order, "Defendants would need to identify every staff member that worked at Logan Correctional Center from March 1, 2013, to May 31, 2016, and then identify which of these staff members had email addresses," which includes more than 500 people. (*Id.*)  The Government Defendants then claim this process would be multiplied across the other agencies at issue, resulting in a crushing burden. (*Id*. at 4.)  To relieve them of this claimed burden, the Government Defendants request the District Court's intervention now:  to limit the Magistrate Judge's order to "reasonable custodians likely to have information concerning each specific request as opposed to the vast offices, entities, and persons identified in the Order." (*Id.*)

This requested relief is entirely unnecessary, and it is needlessly disruptive.  Like all discovery, the Magistrate Judge's order is governed by Rule 26, which permit parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  The Government Defendants' appeal amounts to a claim that seeking discovery from any government agency or corporate body somehow does an end-run around Rule 26(b)(1)'s proportionality requirement to impose immense search burdens, but that is simply not so.  Rather, the discovery requests at issue here call upon counsel for the Government Defendants to what corporate counsel do every day:  contact their clients, determine who within an agency is likely to possess discoverable information and where it is located, and then conduct appropriate searches for responsive information.  This is what counsel for the

4

Government Defendants should have done in responding to these requests in the first place, and it is what counsel is only starting to do now, after receiving the Magistrate Judge's order.

In that light, the relief sought by the Government Defendants is not only unnecessary, it is disruptive. The Government Defendants request that the discovery be limited "to reasonable custodians likely to have information concerning" the discovery requests. (ECF 59 at 4.) That may sound innocuous enough, but such an order would do little except to generate more motion practice. For example, if certain search terms—say, Ms. Rusher's unique prisoner identification number—can be run across the IDOC's entire ESI storage system without significant burden, the proposed limiting order could be read to bar such a search (since it would be cross-custodian), doubtlessly leading to further, unnecessary disputes between the parties. Other disputes are possible as well, depending on the course of discovery. And to the point, no such order is necessary in light of Rule 26(b)(1)'s proportionality requirement. The Magistrate Judge's ruling, which was issued against the backdrop of that requirement, should not be disturbed.

**CONCLUSION**

The Court should deny the relief requested in the Government Defendant's appeal.

Date: July 16, 2019

Respectfully submitted,

/s/ *Stephen H. Weil*

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

Alan Mills – alan@uplcchicago.org
Elizabeth Mazur – liz@uplcchicago.org
Nicole Schult – nicole@uplcchicago.org
Uptown People's Law Center
4413 North Sheridan Rd.
Chicago, Illinois 60640
Tel: (773) 769-1411

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 16, 2019, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                        /s/ Stephen H. Weil