IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KELLI ANDREWS, as Administrator of the Estate of Tiffany Ann Rusher, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-cv-1101 |
| BRUCE RAUNER, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Appeal of Magistrate Judge's June 18, 2019 Order (d/e 59) filed by Defendants John Baldwin, Rob Jeffreys (in his official capacity), J.B. Pritzker (in his official capacity), Bruce Rauner, Dr. Jeff Sim, Illinois Department of Corrections (IDOC), and State of Illinois (hereinafter, the Government Defendants).  The Government Defendants appeal

Magistrate Judge Tom Schanzle-Haskins' Opinion with respect to All Defendants Requests No. 5, 21, 22, and 25.[1]

The Motion is DENIED. The Magistrate Judge's order was neither clearly erroneous nor contrary to law. This case is referred to the Magistrate Judge for the setting of a schedule for the parties to attempt to reach an agreement regarding a discovery plan for ESI.

## I. LEGAL STANDARD

When a magistrate judge enters an order on a "pretrial matter not dispositive of a party's claim or defense," a party may file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). The Court must consider all timely objections and modify or set aside any part of the magistrate judge's order that "is clearly erroneous or is contrary to law." Id. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the

---

[1] The Magistrate Judge used the term "All Defendants Requests" to refer to Plaintiff's requests for production of documents on December 6, 2018, which were directed to all defendants.

definite and firm conviction that a mistake has been made." <u>Weeks v. Samsung Heavy Indus. Co.</u>, 126 F.3d 926, 943 (7th Cir. 1997).

## II. BACKGROUND

Plaintiff, Kelli Andrews, brought this lawsuit in her capacity as the administrator of the estate of her daughter, Tiffany Rusher. Rusher was confined at the Logan Correctional Center from March 2013 until May 2016.

The defendants are former Illinois Governor Bruce Rauner; John R. Baldwin, the former director of IDOC; Jeff Sim, the Central Regional Psychologist Supervisor of IDOC; the State of Illinois; Wexford Health Services, Inc.; Dr. He Yuan, the Chief Psychiatrist at Logan Correctional Center; and Brian Richardson, a mental health professional at the Logan Correctional Center. Current Illinois Governor J.B. Pritzker and current IDOC Acting Director Rob Jeffreys are also properly substituted defendants to the claims brought against Rauner and Baldwin, respectively, in their official capacities. Fed. R. Civ. P. 25(d).

In Count I, Plaintiff alleges that Defendants Rauner, Baldwin, Sim, Yuan, Richardson (all in their individual capacities), and Wexford were deliberately indifferent to Rusher's serious medical

needs and violated Rusher's right to be free from cruel and unusual punishment under the Eighth Amendment. In Counts II and III, Plaintiff brings Americans with Disabilities Act and Rehabilitation Act claims against the State of Illinois and IDOC.[2]

Specifically, Plaintiff alleges Defendants caused or aggravated Rusher's mental illness by repeatedly placing her in solitary confinement and failing to transfer Rusher to a facility where she could receive care for her serious mental health condition. Plaintiff further alleges that the Defendants discriminated against Rusher by denying her access to hospitalization outside of prison when prisoners with physical injuries or illness receive outside hospitalization and that she was placed in solitary confinement because of her mental disability.

Plaintiff alleges that, after Rusher's term of incarceration ended, Defendants took steps to have Rusher involuntarily committed to a state psychiatric hospital. Rusher did not oppose

---

[2] Counts II and III were brought against Rauner and Baldwin in their official capacities, which means that, under Rule 25(d), their successors are automatically substituted as a party. Pritzker is Rauner's successor and Jeffreys is Baldwin's successor. However, the State and the Department are the real defendants in Counts II and III because an action against a state official in his official capacity is an action against the entity of which the officer is an agent. Kentucky Graham, 473 U.S. 159, 165-66 (1985).

the petition so her admission became voluntary under state law. Rusher was transferred from Logan to the McFarland Mental Health Center (McFarland) operated by the Illinois Department of Human Services.

Although not alleged in this Complaint, the Court takes judicial notice of the complaint filed by Plaintiff in <u>Andrews v. Sangamon County</u>, Central District of Illinois, Springfield Division, Case No. 18-1100, relating to Rusher's detention at the Sangamon County Jail. That complaint alleges that Rusher was accused of battery while a patient at McFarland, arrested, and taken to the Sangamon County Jail. While there, Rusher committed suicide and died on March 30, 2017.

In May 2019, Plaintiff filed a Motion to Compel Discovery Responses from Government Defendants (d/e 50) Baldwin, Pritzker, Rauner, IDOC, and the State of Illinois. On June 18, 2019, the Magistrate Judge entered an Opinion (d/e 58) granting the motion in part and denying the motion in part. The Government Defendants appeal the Magistrate Judge's rulings on Requests No. 5, 21, 22, and 25. The Government Defendants objected to

Requests No. 5, 21, 22, and 25 as unduly burdensome and overly broad in time and scope.

Request No. 5 sought:

> All communications pertaining to Tiffany Rusher, including but not limited to: emails, memos, notes, and "Utilization Review" or "Collegiate Review" communications.

The Magistrate Judge sustained some of the Government Defendants' objections and modified the Request to include a time limit of March 1, 2013 to May 31, 2016—the period Rusher was incarcerated at Logan. The Magistrate Judge also limited the locations to be searched within the Illinois government facilities to: the office of the Governor of Illinois, including all staff in that office; the offices of Defendants Baldwin and Sim, including all direct reports and support staff of Baldwin, Sim, and their direct reports; Logan; and McFarland.

The Magistrate Judge concluded that this was an appropriate portion of Illinois government to search for documents and was proportional to the needs of the case. He noted that such communications may be relevant to the knowledge of the IDOC representatives and the individual Government Defendants about

the risk of harm to Rusher caused by the application of IDOC policies and practices.

> Request No. 21 sought:
>
> All documents related to discharge planning for Tiffany Rusher, including without limitation any documents relating to commitment proceedings which were contemplated or initiated, including emails and other communications with the State's Attorney's office.

The Magistrate Judge sustained some of the Government Defendants' objections and modified the Request. The Magistrate Judge directed the Government Defendants to produce all non-privileged documents generated, sent, or received between January 1, 2016 and June 30, 2016, including all communications that mention Rusher's discharge from Logan in May 2016 or her immediate commitment to McFarland. The Magistrate Judge limited the Government Defendants' obligation to search for such documents to records from the office of the Governor of Illinois, including all staff in that office; the offices of Defendants Baldwin and Sim, including all direct reports and support staff of Baldwin, Sim, and their direct reports; Logan; and McFarland. The Magistrate Judge found that such documents may contain information relevant to the Government Defendants' knowledge of

Rusher's condition while in Logan and to whether the policies at Logan created a substantial risk of harm.

Request No. 22 sought:

> All documents relating to Illinois Department of Corrections' contract with Wexford or any other entity or person relating to the provision of mental health services at Logan Correctional Center which were in effect during the relevant period.

The Magistrate Judge overruled the Government Defendants' objections and directed them to produce all non-privileged documents concerning the formation of the contract or contracts with Wexford that was or were in effect between March 1, 2013 and May 31, 2016. He also directed the Government Defendants to produce all non-privileged documents concerning Wexford's performance under the contract or contracts with respect to the provision of mental health services between March 1, 2013 and May 1, 2016. The Magistrate Judge found that documents reflecting the Department's relationship with Wexford were relevant for purposes of discovery and may be relevant to Plaintiff's claim that Rauner, Baldwin, and Sim knowingly implemented policies and practices that created a substantial risk of harm.

Finally, Request No. 25 sought:

> All documents relating to the provision of hospital level mental health care to prisoners confined to the [IDOC], including without limitations all plans, communications, emails, studies and similar documents relating to contracts with third parties, other state agencies, or privately owned or operated hospitals relating to such care, or plans or attempts to provide such care.

The Magistrate Judge limited the time period to March 1, 2013 to May 31, 2016 but otherwise overruled the Government Defendants' objections. The Magistrate Judge found that the requested documents were relevant for discovery purposes to the claim that Defendants Rauner, Baldwin, and Sim knowingly implemented policies that created a substantial risk of harm to mentally ill inmates and, in doing so, disregarded that risk.

### III. ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure, in setting the scope of discovery, states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The Government Defendants argue that the Magistrate Judge's order on Requests No. 5, 21, 22, and 25 is clearly erroneous and

contrary to law because the requests as modified are still unduly burdensome and overly broad in time and scope. The Government Defendants assert that they would have to identify every staff member that worked at Logan from March 1, 2013 to May 31, 2016 and identify which staff members had email addresses. By way of example, the Government Defendants assert, on information and belief, that Logan has 500 employees. Searching for information at Logan alone would be unduly burdensome in light of the reasonable turnover among staff over the three-year period identified by the Magistrate Judge. The Government Defendants ask the Court to limit Requests No. 5, 21, 22, and 25 to "reasonable custodians likely to have information" concerning each specific request as opposed to the vast offices, entities, and persons identified in the Order.

    Plaintiff argues the requested relief is unnecessary and disruptive. Plaintiff points out that counsel for the Government Defendants refused to meet-and-confer regarding the discovery of documents relevant to Plaintiff's claims that Rusher was harmed by the Government Defendants' policies respecting the treatment of severely mentally ill prisoners within IDOC—discovery that is the

subject of this appeal. As a result, the parties have had no substantive discussions regarding protocols for identifying custodians or conducting searches for electronically stored information ("ESI"), discussions that Plaintiff states the parties are supposed to engage in to address the burden concerns that the Government Defendants raise here.

Plaintiff points out that the Magistrate Judge's ruling was issued against the backdrop of Rule 26. Rule 26 permits parties to obtain discovery of any nonprivileged matter relevant to a party's claim that is proportional to the needs of the case. Plaintiff asserts that the Government Defendants should do what corporate counsel do every day: contact their clients, determine who within an agency is likely to possess discoverable information and where it is located, and then conduct appropriate searches for responsive information.

Finally, Plaintiff asserts that the Government Defendants' request that the discovery be limited "to reasonable custodians likely to have information" would only generate more motion practice. Plaintiff notes that if, for example, Rusher's unique prison identification number can be run across IDOC's entire ESI storage system without significant burden, the "reasonable custodian"

limitation could be read to bar such a search because it would be "cross-custodian."

The Court finds the Magistrate Judge's order on Requests No. 5, 21, 22, and 25 was neither clearly erroneous nor contrary to law. The Magistrate Judge found the requested documents relevant for purposes of discovery and limited the time and scope of the requests in a manner that is proportionate to the needs of the case. In light of the extremely deferential standard of review, the Court finds no error.

To the extent the Government Defendants seek the Court's assistance on the manner of complying with the order, the parties should first engage in discussions regarding protocols for identifying custodians or conducting searches for ESI. The parties previously attempted to reach an agreement regarding the protocol for discovery of ESI. See Report of Rule 26(f) Planning Meeting (d/e 32); October 3, 2018 Minute Entry. However, the record does not contain an ESI discovery plan that addresses the search terms that will be used or names custodians. Moreover, the Government Defendants noted in their Appeal that the parties were attempting to agree on reasonable custodians and methods for conducting the

searches for all documents responsive to Requests No. 5, 21, 22, and 22 and that they would withdraw the appeal if the parties resolved the issue. The parties have apparently not resolved the issue as the Government Defendants have not withdrawn the appeal.

Therefore, the Court will refer this matter to the Magistrate Judge to set a deadline for the parties to seek an agreement on an ESI discovery plan. If the parties cannot reach an agreement, they can submit their respective positions to the Magistrate Judge for a ruling.

## IV. CONCLUSION

For the reasons stated, the Appeal of Magistrate Judge's June 18, 2019 Order (d/e 59) filed by Defendants John Baldwin, Rob Jeffreys (in his official capacity), J.B. Pritzker (in his official capacity), Bruce Rauner, Dr. Jeff Sim, Illinois Department of Corrections, and State of Illinois is DENIED. This case is referred to the Magistrate Judge for the setting of a schedule for the parties to attempt to reach an agreement regarding a discovery plan for ESI.

**ENTERED:  July 22, 2019**

**FOR THE COURT:**

                        *s/Sue E. Myerscough*
                        **SUE E. MYERSCOUGH**
                        **UNITED STATES DISTRICT JUDGE**