IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| Kelli Andrews, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  18-cv-1101-SEM-TSH |
| | ) | |
| Bruce Rauner *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE GOVERNMENT DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

Plaintiff, through her undersigned counsel, responds in opposition to the motion by the Government Defendants for an extension of time to complete discovery (ECF 64).

Requests for extension to answer discovery are a normal part of litigation, and they are routinely—and rightly—agreed to by the requesting party.  Those requests should not be abused, however.  Here they have been.  Defense counsel's latest request for an extension is the latest in a string of delays that has extended back to when Plaintiffs initially served this discovery, back in 2018.  Indeed since the Court's June 18, 2019 ruling (ECF 58) that ordered Defendants to respond to the discovery by July 31, 2019, defense counsel has engaged in even further delay, abandoning a "Rule 26(f)" meet-and-confer to plan out ESI discovery, which had been proposed by Plaintiff's counsel in light of the June 18 ruling in order.  Defendants are dragging their feet, and Plaintiff's ability to litigate her case is being prejudiced as a result.  Consequences are in order, so that the Defendants are incentivized to comply with their obligations, rather than to delay further.

*       *       *

The discovery at issue was served more than eight months ago, in early December 2018. Yet in all that time the Government Defendants have produced little beyond Ms. Rusher's personal prison files—a discovery "response" that would have been easy for defense counsel to request from the IDOC, and which is unlikely to have taken more than an hour or two of counsel's time. Indeed in eight months the defendants have yet to produce a single email in response to discovery that called for such communications.

That delay has been entirely of the defendants' own making. After Plaintiff served the discovery in early December, counsel for the Government Defendants requested—and Plaintiff granted—three different extensions of time to respond to the discovery, through mid-March 2019. After more than three months, however, the Government Defendants produced Ms. Rusher's personal prison files along with a handful of easily-accessible IDOC regulations, and otherwise refused to produce anything else, instead interposing elaborate objections that responding to Plaintiff's was unduly burdensome. (Those objections are gathered in Plaintiff's motion to compel, ECF 50 *passim*.)

Counsel for Plaintiff then tried to meet and confer with defense counsel regarding these March discovery responses, but as Plaintiff has summarized, defense counsel simply refused to engage, and indeed refused to respond to multiple requests by Plaintiff's counsel to discuss the discovery at issue. (*See* ECF 50 at 2-3 (summarizing efforts by Plaintiff's counsel to meet and confer with defense counsel).) That stonewalling violated defense counsel's obligation to meet and confer in good faith—and it consumed two more months, until Plaintiff abandoned her meet-and-confer efforts moved to compel on May 13.

By the time the Court decided the motion to compel on June 18, more than six months had elapsed since Plaintiff had served her discovery requests, still with no response.

Immediately after the June 18 ruling, Plaintiff's counsel initiated another meet-and-confer with defense counsel, specifically to establish an ESI discovery plan.

The start of the meet-and-confer started out promising enough.  On July 12 defense counsel indicated that he would—apparently for the first time in the case—contact his clients to identify likely custodians who were involved in the matters raised in the complaint, as well as identify potential search terms in light of the terminology used internally by those custodians.  Defense counsel was supposed to provide Plaintiff's counsel with an update on July 19, so that the parties could further refine the custodians and search terms.  But then nothing happened.  Plaintiff's counsel has written defense counsel multiple times to inquire about the status of these requests, most recently on August 6.  Defense counsel has simply declined to respond to these inquiries.

In their motion for extension, the Government Defendants recite that defense counsel has been occupied by other matters.  (ECF 64 ¶ 3.)  Aside from needing to attend to a family matter in the first week of July, however, it appears from defense counsel's itinerary that he or his supervisors within the Attorney General's Office have simply given multiple other matters higher priority than this one.  Counsel doubtless knew about this schedule when the June 18 order was issued, but the motion does not indicate that defense counsel sought any help to meet the discovery deadline.  Indeed it has now been more than a month since the parties last conferred, on July 12, about an ESI protocol that will help guide any search for responsive documents, but despite repeated inquiries from Plaintiff's counsel, defense counsel has simply refused to respond.

Plaintiff simply cannot allow these delays to continue.  She served this discovery in December, and the failure of Defendants to produce even a single communication about Ms.

Rusher has brought this case to a standstill. (*See* ECF 50.) That has caused growing prejudice to Plaintiff; she simply cannot litigate her case while likely witnesses disperse and their memories fade. The delay is also causing waste of considerable resources, including the resources of two firms who are developing expert testimony to prove Plaintiff's claims. Indeed some of the key witnesses in this case are likely to be members of the administration of former Governor Rauner, and as time goes on those witnesses, many of whom have left the government, will be harder and more expensive to find.

Moreover, Defense counsel's failure even to respond to Plaintiff's repeated inquiries in the last month—and even after the July 31 deadline passed—portends more of the same. The Defendants cannot treat the Court's discovery deadlines as requests to be complied with at their option. But that is what they have done. At worst this delay is a considered defense strategy, designed to weaken Plaintiff and her case as time passes by. At best, the Defendants appear to have retained an attorney who is too busy with other matters to represent them in this case. That is no excuse for failing to comply with the Court's deadlines. The Defendants should receive some sanction for this delay, which should increase with time as the delay stretches past July 31.

**CONCLUSION**

The Court should deny the relief requested in the Government Defendant's motion. The Court should maintain the July 31 deadline in its June 18 Order, hold that the Government Defendants are in violation of that Order, and issue increasing penalties as the defendants' delay in responding drags on, up to and including monetary penalties, evidentiary presumptions, and default. Plaintiff respectfully submits that sanctioning Defendants in this manner will incentivize them to fulfill their discovery obligations, rather than simply shrug them off.

Date:  August 14, 2019                                    Respectfully submitted,

/s/ *Stephen H. Weil*

Stephen H. Weil – steve@weilchardon.com          Alan Mills – alan@uplcchicago.org
Alexis G. Chardon – ali@weilchardon.com          Elizabeth Mazur – liz@uplcchicago.org
Weil & Chardon LLC                               Nicole Schult – nicole@uplcchicago.org
333 S. Wabash Ave., Suite 2700                   Uptown People's Law Center
Chicago, IL 60604                                4413 North Sheridan Rd.
312-585-7404                                     Chicago, Illinois 60640
                                                 Tel: (773) 769-1411

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 14, 2019, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                          /s/ Stephen H. Weil