# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| KELLI ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-1101 |
| | ) |
| BRUCE RAUNER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Emergency Motion for Protective Order (d/e 103) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

Plaintiff Kelli Andrews (Andrews) is the mother and administrator of the estate of her deceased daughter, Tiffany Rusher, (Rusher). Rusher was mentally ill and was incarcerated in the Defendant Illinois Department of Correction's (Department or IDOC) Logan Correctional Center (Logan) from March 2013 until May 2016. Andrews alleges that the Defendants knew Rusher needed inpatient mental health treatment, but consciously chose to deny her that care. Instead, the Defendants subjected Rusher to repeated and extended periods of solitary confinement. The solitary

confinement included eight months in a crisis cell under constant, around the clock, observation. The crisis cell had only a metal toilet and a raised cement slab on which to sleep, but no furniture. While in the crisis cell Rusher had only a smock to wear with no other clothing. Andrews alleges that throughout the solitary confinement and confinement in the crisis cell, Rusher was not allowed to participate in services provided to other inmates. The lack of medical care, repeated solitary confinement, extended confinement in the crisis cell, and denial of participation in services at Logan is hereinafter referred to as the Mistreatment. Andrews alleges that the Mistreatment caused Rusher's mental condition to deteriorate and resulted in repeated episodes of self-harm and attempted suicides. See First Amended Complaint (d/e 76), ¶¶ 17-31. Andrews alleges claims against the individual Defendants former Illinois Governor Bruce Rauner, Acting Director of the Department John R. Baldwin, Department Central Regional Psychologist Supervisor Jeff Sim, Logan Chief Psychologist Dr. He Yuan, and Logan Mental Health Professional Brian Richardson; Wexford Health Sources, Inc. (Wexford), Department's contractor to provide medical care at Logan; and the Department. First Amended Complaint, ¶¶ 11-17. Andrews alleges § 1983 claims against Rauner, Baldwin, Sim, Yuan, Richardson, and Wexford for violation of Rusher's

Eighth Amendment right against cruel and unusual punishment. Andrews brings the § 1983 claims against the individual Defendants in their individual capacities. <u>First Amended Complaint</u>, Count I. Andrews alleges claims against Rauner, Baldwin, and the Department for violations of Rusher's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (Count II) and Rehabilitation Act (RA), 29 U.S.C. § 794 (Count III). Andrews brings the claims in Counts II and III against Rauner and Baldwin in their official capacities. Complaint Counts II and III. Current Illinois Governor J.B. Pritzker and current Department Director Rob Jeffreys are also proper party defendants to the claims brought against Rauner and Baldwin, respectively, in their official capacities. Fed. R. Civ. P. 25(d); see <u>Response to Plaintiff's Motion to Compel Discovery Responses (d/e 55)</u>, at 1 n.1. The State of Illinois (State) and the Department are the real Defendants in Counts II and III because actions against a state official in his official capacity is an action against the entity of which the officer is an agent. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985). In this case, Governor Rauner was the highest official of the State, and Baldwin was the highest official in the Department. Andrews also brings state law medical negligence claims against Yuan, Richardson, and Wexford. <u>First Amended Complaint</u>, Count IV.

Andrews alleges § 1983 claims against Governor Rauner, Director Baldwin, and Chief Sim (Management Defendants) for causing Rusher to be subjected to the Mistreatment in violation of her rights. To prevail on such a claim against each Management Defendant, Andrews must show that: (1) each implemented policies and procedures at Logan that created a substantial risk that the Mistreatment would occur; (2) each personally knew that such policies and procedures at Logan created a substantial risk that the Mistreatment would occur; and (3) each acted with a sufficiently culpable state of mind, "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).  The ADA and RA claims for damages against the Department and the State require proof that the Department and the State were deliberately indifferent to subjecting Rusher to the Mistreatment.  Andrews must prove that these Defendants knew a harm to a federally protected right was substantially likely and failed to act upon that likelihood.  Lacy v. Cook County, 897 F.3d 847, 862-63 (7th Cir. 2018).

Andrews has requested a deposition of non-party Dr. Melvin Hinton, M.D., Chief of Mental Health for the Department.  The deposition is scheduled for January 11, 2022.  Defendants ask the Court to enter a

protective order to limit the areas of inquiry in Dr. Hinton's deposition to "the mental health treatment of Tiffany Rusher while she was in the custody of the Illinois Department of Corrections and the mental health treatment policies and procedures in place when Ms. Rusher was in the Illinois Department of Corrections, from January 2010 through May 3, 2016." <u>Motion</u>, attached <u>Proposed Protective Order</u>. Andrews opposes the Motion.

ANALYSIS

This Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Such protective orders may require parties to limit their inquiry to certain areas. Fed. R. Civ. P. 26(c)(1)(D). Defendants ask the Court to limit the scope of inquiry because questioning beyond Rusher's treatment and policies during the time of Rusher's confinement with the Department are not relevant. Relevant evidence for purposes of discovery is information that would be likely to lead to relevant evidence and is proportional to the needs of the case. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>NDK Crystal, Inc. v. Nipponkoa Ins. Co., Ltd.</u>, 2011 WL 43093, at *4 (N.D. Ill. January 4, 2011). The Court agrees that current policies regarding the Department's treatment of mentally ill inmates in 2022 is not proportional to

the needs of this case since Rusher was released from custody in 2016. The Court, therefore, will limit the inquiry to the Department's mental health treatment policies and procedures in place from January 2010 through December 2016 (Relevant Time).

The Defendants further ask the Court to limit the inquiry to the treatment of Rusher. The Court denies this request. A central issue is the knowledge of the Defendants about the risk of harm of Department's mental health treatment policies on mentally ill persons in the custody of the Department during the Relevant Time. The effect of Department policies on other persons in custody during the Relevant Time may lead to relevant evidence of the Defendants' knowledge of whether the Department policies created a substantial risk of harm on other persons in custody such as Rusher. In particular, Dr. Hinton's knowledge concerning the treatment of other persons in custody from other litigation covering the Relevant Time, such as class action case <u>Rasho v. Baldwin</u>, et al., C. D. Ill. Case No. 07-1298, may lead to relevant evidence of the Department's knowledge of the risk of harm to Rusher from Department policies for purposes of Counts II and III. The inquiry concerning other inmates, including other litigation, will be limited to the Relevant Time, but the Court will not bar inquiry into the treatment of other persons in Department custody.

THEREFORE, IT IS ORDERED that Defendants' Emergency Motion for Protective Order (d/e 103) is ALLOWED in part.  Plaintiff's inquiries of Dr. Melvin Hinton, M.D. at his deposition regarding mental health treatment of Tiffany Rusher and others who were in the custody of the Illinois Department of Corrections and the mental health treatment policies and procedures of the Illinois Department of Corrections shall be limited to the time period from January 1, 2010 to December 31, 2016.  Plaintiff shall not inquire about the Illinois Department of Corrections' mental health treatment policies and procedures in effect outside of this time period and shall not inquire about the treatment of persons in the custody of the Illinois Department of Corrections outside of this time period.  The Motion is otherwise denied.

ENTER:   January 7, 2022

                        *s/ Tom Schanzle-Haskins*
                        TOM SCHANZLE-HASKINS
                        UNITED STATES MAGISTRATE JUDGE