UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

KELLI ANDREWS,

    **Plaintiff,**

v.

BRUCE RAUNER, et al.,

    **Defendants.**

Case No. 18-1101

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Sanctions (#164) filed by Plaintiff, Kelli Andrews. Defendants, Bruce Rauner, State of Illinois, John Baldwin, Jeff Sim, and the Illinois Department of Corrections, filed a Response (#172) in opposition on April 22, 2024. For the reasons provided below, the Court recommends that Plaintiff's Motion for Sanctions (#164) be DENIED.

**I.    Background**

Plaintiff is the Administrator of the Estate of Tiffany Ann Rusher ("Rusher"). Plaintiff's Amended Complaint (#76) alleges that Rusher's mental health deteriorated after she was placed in solitary confinement during a five-year sentence at Logan Correctional Center. Plaintiff claims Defendants failed to provide the mental health treatment Rusher needed, instead choosing to isolate her.

During discovery, Plaintiff filed a Rule 30(b)(6) notice seeking testimony from the State. Topics 1, 4, and 5 from Plaintiff's Rule 30(b)(6) Notice are as follows:

> 1. The policies, procedures, and practices for obtaining hospital level placement for the care and treatment of serious mental illness for inmates in IDOC custody from January 1995 through the relevant time period, and the location in the production of documents that could reasonably be expected to reflect such policies, procedures, and practices. If no such treatment was available, the policies, practices, or procedures that prevented such treatment.

4. The State's consideration given to the transfer of mentally ill persons who were still in the custody of the IDOC, to outside mental health facilities, including those operated by the IDHS, the persons involved in said consideration, communications relating to such consideration, whether any mentally ill persons were so transferred, and if not, why not.

5. The State's consideration given to the transfer of Tiffany Rusher to outside mental health facilities, including those operated by the IDHS, the persons involved in said consideration, communications relating to such consideration, and the reasons she was not so transferred.

The State identified Dr. Norine Ashley to testify regarding Topics 4 and 5. After Plaintiff took Dr. Ashley's deposition in August 2022, Plaintiff asked the State to provide an additional witness for Topics 4 and 5, and the State agreed to produce Dr. Melvin Hinton. When Dr. Hinton was deposed on February 23, 2023, he was unable to answer whether any consideration was given to transferring Ms. Rusher, nor did he identify anyone who would have been involved in the decision to transfer Ms. Rusher. Plaintiff filed a Motion to Compel State of Illinois Rule 30(b)(6) Testimony (#150), arguing the State failed to sufficiently prepare Dr. Hinton.

In its August 15, 2023 Order, the Court granted Plaintiff's Motion to Compel and ordered Defendants to produce one or more additional witnesses for a deposition who were prepared to cover Topics 1, 4, and 5. The Court found that under Rule 30(b)(6), the State was obligated to produce a witness who was able to testify about information known or reasonably available to the State, including whether IDOC considered transferring Ms. Rusher.

Following this order, the State designated Dr. Luke Fairless, and on November 2, 2023, Plaintiff deposed Dr. Fairless. Unsatisfied with Dr. Fairless's testimony, Plaintiff brought her present Motion for Sanctions. In her Motion, Plaintiff argues the State failed to adequately prepare a Rule 30(b)(6) witness regarding Topics 4 and 5, and requests the Court establish the following as facts of record:

1. During the relevant period, the State's policymakers were informed that Tiffany Rusher required hospital level care.

2

2. During the relevant period, the State's policymakers were informed that Tiffany Rusher required a level of mental health care that could not be provided within the IDOC.

3. During the relevant period, the State could have transferred Tiffany Rusher to an IDHS facility.

4. During the relevant period, the State's policymakers knew that an IDHS facility could have provided the level of mental healthcare Tiffany Rusher required.

5. At no point during Tiffany Rusher's incarceration in the IDOC did the State or its policymakers attempt to provide her with hospital level care.

6. At no point during Tiffany Rusher's incarceration in the IDOC did the State or its policymakers attempt to transfer her to a facility where she could receive hospital level care.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 37(b), if a party or a party's witness designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery, the Court may issue further just orders, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i).

District courts have broad discretion when deciding whether a violation of discovery rules warrants the imposition of sanctions. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1147 (7th Cir. 1994). However, Rule 37 sanctions may only be imposed where a party failing to comply with a discovery order displays willfulness, bad faith, or fault. *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997). Also, the sanction selected must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000).

**III.   Analysis**

Here, Plaintiff argues the State has failed to adequately prepare a witness regarding Topics 4 and 5 and requests the Court direct that several designated facts be taken as established for the purposes of this action, pursuant to Rule 37(b)(2)(A)(i).[1]

Regarding Topic 4, Plaintiff first argues that Dr. Fairless was unable to answer how many patients in IDOC were considered for transfer to IDHS beds. Dr. Fairless testified that the State does not know how many patients were considered for transfer from Logan Correctional Facility to Chester Mental Health Center. Doc. 164-7 at 39:19-24. Defendants argue Dr. Fairless was confused by Plaintiff's counsel's use of "consider" and "consideration" throughout the deposition. Dr. Fairless asked Plaintiff's counsel to define "considering," and although she would rephrase her questions, she never provided a straightforward definition. *Id.* at 43:23-44:9, 61:24-62:9.

Second, Plaintiff argues Dr. Fairless was unable to answer questions about who was involved in the negotiations between IDHS and IDOC and when those negotiations occurred. Although Dr. Fairless acknowledged that there were conversations between the IDOC and the IDHS, he testified the State did not specifically know when those conversations happened. *Id.* at 39:25-40:12. When he was asked if the State knew who was involved in those conversations, Dr. Fairless responded, "Specifically, not all parties, no." *Id.* Still, Defendants argue this response indicates Dr. Fairless "knew some, if not all, of the parties involved in the discussion" and allege Plaintiff failed to follow up on which parties Dr. Fairless was aware of.

Dr. Fairless responded that he did not know all the parties involved in the negotiations between IDHS and IDOC. Furthermore, the record shows Plaintiff did follow-up. In fact, Plaintiff's counsel asked Dr. Fairless if he knew "some of the parties who were involved," and after Fairless responded in the negative, Plaintiff's counsel again confirmed that he did not know the specific staff members involved. *Id.* at 40:6-15.

---

[1] Plaintiff contends that Defendants' failure to prepare a witness for Topics 4 and 5 is particularly flagrant because Plaintiff provided Defendants a list of questions that were to be asked in the deposition in advance, but as these questions covered only Topic 1 and not Topics 4 and 5, this does not weigh in favor of sanctions. Plaintiff's Exhibits 5 and 6, #164-5; 164-6.

4

However, when Dr. Fairless outlined the transfer process later in the deposition, he mentioned that members of a patient's treatment team would be involved and testified that if someone was recommended for transfer to an inpatient facility, the Director of IDOC would, at minimum, have a conversation with the Secretary of the IDHS. *Id.* at 63:25-64:17, 65:1-7. The Court finds that Defendants' designee sufficiently answered the questions on the people involved in the negotiations between IDOC and IDHS.

Third, Plaintiff argues Dr. Fairless was unable to answer on behalf of the State why IDHS ultimately refused to accept IDOC patients into IDHS facilities. However, Dr. Fairless testified that IDOC's understanding was that IDHS was not able to fully handle and treat the individuals recommended for care. *Id.* at 50:8-13. Dr. Fairless further testified that IDHS's decision to not take patients from IDOC was "more general," rather than being based upon rejecting specific patients. *Id.* at 50:14-51:6. While Plaintiff might have wished for a different or more specific answer, Dr. Fairless sufficiently answered the question with information known or reasonably available to the State.

Fourth, Plaintiff argues that Dr. Fairless was unable to answer whether any attempts at transfers to an IDHS facility were made on behalf of prisoners at Logan Correctional Center. However, when discussing how the State determined whether individuals in custody at Logan Correctional Center were considered for transfer, Dr. Fairless testified that no formal referrals were made for a specific individual to be transferred until around 2018. *Id.* at 59:9-22. As the relevant time frame for Topic 4 is from 2013 to 2016, Dr. Fairless's response adequately provided information known or reasonably available regarding attempted transfers.

Regarding Topic 5, Plaintiff argues that Dr. Fairless testified he did not know whether Ms. Rusher was considered for transfer to an IDHS facility. When Dr. Fairless was asked if Ms. Rusher was considered for transfer to an IDHS facility, he directly answered, "No." *Id.* at 48:17-19. When prompted about earlier Topic 4 testimony and asked again whether Ms. Rusher was among the patients who were considered for transfer, Dr. Fairless testified that "State doesn't know, specifically," as "it would be

impossible to know the exact considerations of every single person" in the over 40,000 people in IDOC custody, but that no formal referrals were made. *Id.* at 49:12-18. Dr. Fairless answered unequivocally that Ms. Rusher was not considered for transfer. This fulfilled his obligations under Rule 30(b)(6).

The Court finds that the State satisfied the Court's August 15, 2023 Order. For this reason, sweeping sanctions directing that Plaintiff's designated facts be established are unwarranted. Defendants have not willfully or in bad faith or fault disregarded their discovery obligations by designating Dr. Fairless as a 30(b)(6) witness. Although Dr. Fairless was unable to testify about individualized details regarding transfers to Chester Mental Health Center, he was able to otherwise testify sufficiently on behalf of the State for Topics 4 and 5.

### IV.    Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Sanctions (#164) be denied. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 26th day of July, 2024

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE