UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KELLI ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-cv-1101-SEM-DJQ |
| | ) | |
| BRUCE RAUNER et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

A settlement conference in the above matter is hereby SCHEDULED for **December 9, 2025, at 1:00 p.m.** before United States Magistrate Judge Douglas J. Quivey in Courtroom 3, U.S. Courthouse, 600 E. Monroe, Springfield, IL 62701. A confidential call will be held with Plaintiff's counsel on **December 4, 2025, at 10:00 a.m.**, State of Illinois Defendants' counsel on **December 4, 2025, at 10:30 a.m.**, Wexford Health Solutions Defendants' counsel on **December 4, 2025, at 11:00 a.m.**, and Brian Richardson's counsel on **December 4, 2025, at 11:30 a.m.**  The parties are to call in to 551-285-1373 then enter meeting ID 160 363 06109. If the parties have not already done so, prior to **December 4, 2025**, the parties must exchange with each other a confidential initial settlement demand and offer and be prepared to advise the Court of such on the confidential calls. Zoom instructions for those parties appearing at the conference by video are attached.

The parties shall be prepared to engage in meaningful and good-faith settlement negotiations at the conference. Parties with ultimate settlement authority must be

personally present. Whenever an insurance company or carrier is a party or is defending a party, a representative of the insurance carrier with settlement authority must be present. Any exceptions must be approved by Judge Quivey before the settlement conference. The Court will use a mediation format, and private caucusing with each side. Judge Quivey may address clients directly.

Each party shall provide, in confidence, a concise settlement memorandum, which shall include a brief description of (1) the strengths and weaknesses of their case to include an honest appraisal of liability, (2) the key evidence the party expects to produce at trial, (3) the damages at issue in the case, (4) the party's settlement position and a detailed history of settlement negotiations,[1] (5) any other special issues that may have a material bearing upon settlement discussions (*e.g.,* unresolved legal issues, outstanding liens, insurance coverage, particularly contentious litigation history, related litigation in another forum, attorney fees, etc.), and (6) any issues with settlement format to include whether the parties want it on the record, possible contentious non-monetary terms, the Court's jurisdiction to enforce a settlement, and any other related issues. The settlement position paper should specifically identify any particular circumstances which appear to have impeded efforts thus far to resolve the case. This memorandum shall be submitted no later than **November 26, 2025.** The memorandum shall include the case number, case name, and be no longer than seven pages double-spaced. The memorandum shall be

---

[1] "Settlement position" means something more than just an argument about the merits of your case or a statement concerning the amount or terms of an outstanding demand or offer.  For the Court and parties to be successful in the limited time provided for this settlement conference, you should provide the Court with a clear understanding of your and your client's actual evaluation of the case and an idea of where you believe the case should settle.

emailed directly to: **kristen_potter@ilcd.uscourts.gov**. The email subject line should read**: "Settlement Position Paper for [case number] on [date of conference]."** Do not mail hard copies of the settlement memorandum to chambers. The position papers may not be submitted to other parties or other counsel of record. After receipt of the position papers, Judge Quivey, in his role as mediator, may have *ex parte* contact with counsel prior to the mediation.

    Lengthy joint sessions, opening statements or the demonstrations/presentations typical of some private mediations will not take place. That is the purpose of the settlement memoranda. Counsel for the parties are strongly encouraged to narrow their dispute(s) before appearing before the Court. Counsel are also advised – and should advise their client(s) – that during the conference they should expect that the Court will devote substantial time to separate caucuses with each party and may have discussions with counsel alone.

    Enter: November 18, 2025

                                                 /s/Douglas J. Quivey
                                                  DOUGLAS J. QUIVEY
                                      UNITED STATES MAGISTRATE JUDGE