E-FILED
Monday, 05 January, 2026  11:40:54 AM
Clerk, U.S. District Court, ILCD

# Court's Proposed Preliminary Jury Instructions

## Preliminary Instruction 1: General Trial Information

Ladies and gentlemen:

You are now the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some instructions. At the end of the trial, you will be provided with more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, you will be instructed on the rules of law that you must follow in making your decision. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. You, and you alone, are the judges of the facts.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to

consider only the evidence received in this case. The evidence consists of the testimony of the witnesses, the exhibits received in evidence, and stipulated facts. You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must determine what weight, if any, you give to the testimony of each witness.

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the evidence has been presented, you will be instructed on

the law that applies to the case, and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

# Preliminary Instruction 2: Communications Outside the Courtroom

The parties and their counsel have been directed not to have any contact with you outside the courtroom during the pendency of this case. Should you have contact with a party, witness, or counsel as you come into or leave the courthouse or during a break or at lunch, please report it immediately to me or a member of the court staff. Do not speak, smile, or communicate with parties, witnesses, or counsel outside of the courtroom, since even an innocent, polite gesture could be misconstrued.

## Preliminary Instruction 3: Do Not Talk About or Research the Case

You, as jurors, must decide this case based solely on the evidence presented within the four walls of this courtroom. This means that during the trial, you must not conduct any independent research about this case, the matters in the case, or the individuals involved in the case.

In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone

else until you have returned a verdict and the case ends. Many of you use cell phones, iPads, the Internet, and other tools of technology. You must not talk to anyone at any time about this case or use these smart devices to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, social media, or through any blog or website, including Facebook, Google+, LinkedIn, or YouTube. You may not use any similar social media technology, even if they have not been specifically mentioned here.

You are expected to inform me, the courtroom deputy, or the Court Security Officer as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Finally, do not form any opinion until all the evidence has been presented. Keep an open mind until you start your deliberations at the end of the case.

## **Preliminary Instruction 4: Asking Questions of Witnesses**

During this trial, you may be permitted to ask questions of witnesses, but you must follow these procedures:

If you have a question for a witness and you believe the answer would be helpful to you in understanding the case, then after the lawyers have completed their questions, but before that witness is excused, you will be given a chance to submit your question in writing. You will have to write your question on a piece of paper, pass it down to the last person on the row, who will then hand it to the court security officer.

You should not write your name or juror number with the question. Also, you should not discuss your questions with your fellow jurors at this time.

You may submit one or more questions or no question at all. It is up to you. Please remember, though, that you should only ask a question if you think it is important to

your ability to decide the issues in this case fairly. You should be sure you are asking a question and not making a comment. You should not use your questions to argue with a witness or to express opinions about a witness's testimony. Your role is to be an impartial factfinder. The purpose of your question should be to clarify testimony that you have not understood or that has failed to address a factual question that you believe is important.

After the court security officer has collected the pieces of paper and given them to me, I will decide whether the law allows the question to be asked of the witness. Not all questions can be asked or asked using the submitted wording. The rules of evidence might not permit me to ask your question. You shall not concern yourself with the reason for the exclusion or modification of any question submitted. If your question cannot be asked or if it is

rephrased, please do not be offended and do not let it affect your judgment of the evidence or the witness in any way.

If the question is allowed, I will ask the question of the witness, and the attorneys may then ask some follow-up questions. Please do not speak directly to me, the lawyers, the parties, or the witnesses.

# Preliminary Instruction 5: Note-Taking

If you want to take notes during the trial, you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you take notes, be sure that your note-taking does not interfere with your listening to and consideration of all the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day—be sure to leave them in this courtroom.

If you choose *not* to take notes, remember that it is your responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

Pay close attention to the testimony as it is given. At the end of the trial, you must decide based on what you recall of

the evidence. You will not have a written transcript to consult.

## **Preliminary Instruction 6: Conferences During Trial**

During the trial, I may need to talk with the lawyers out of your hearing or by calling a recess. The lawyers and the Court meet because often, during a trial, something comes up that does not involve the jury. The number and length of these conferences will be kept to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## Preliminary Instruction 7: Preliminary Instructions and Final Instructions

At the end of the trial, you will be given final instructions. If there is any difference between what I just told you and what you are told in the instructions given to you at the end of the trial, the instructions provided at the end of the trial govern.

# Preliminary Instruction 8: Instruction Before Recess

The Court will take short breaks during the trial. During those breaks, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors, but advise me immediately. Do not read or listen to any news reports of the trial.

Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

These things may not be repeated to you before every break taken but keep them in mind throughout the trial.

## **Preliminary Instruction 9: Breaks and Courtroom Etiquette**

Breaks will be taken throughout the trial—usually 10 to 15 minutes or so at 10:30 am and 3:00 pm. There will be a lunch break around the noon hour. You may bring your lunch and sit in the jury room to eat, or you may go with some of your fellow jurors to eat at restaurants in the area. Court will start at 9:00 am and end at about 4:00 to 4:30 pm, depending upon when witnesses finish their testimony. If you need a break other than those times, please let me know.

You are asked to report promptly at the start of each day of the trial and after every break as directed, since the trial cannot begin without each of you being present. If there is a problem reporting on time, you should contact the Clerk's office.

You may bring water into the courtroom. You may not bring other food or drink into the courtroom.

There are drinks and snacks for you to enjoy before the trial day starts and during breaks. Please help yourselves. There are restrooms in the jury room. Please use those, rather than the public accommodations in the hallway.

## **Preliminary Instruction 10: Stipulated Facts**

The parties have stipulated, or agreed, to the following facts. You must now treat these facts as having been proved in this case.

1. On March 12, 2013, while in the custody of the Illinois Department of Corrections ("IDOC"), Ms. Tiffany Rusher was transferred to Logan Correctional Center ("Logan") from Lincoln Correctional Center.

2. Defendant Wexford Health Sources, Inc. was a vendor to IDOC with a contract to provide medical and mental health services to people in IDOC custody in accordance with its contract.

3. Defendant Dr. Brian Richardson was a Wexford employee and clinical psychologist who began working at Logan in August 2014.

4. Dr. Richardson provided Ms. Rusher psychological services at Logan.

5. Defendant Dr. He Yuan was a Wexford employee and physician practicing as a psychiatrist who worked at Logan between 2013 and 2016.

6. Dr. Yuan provided Ms. Rusher psychiatric services at Logan.

7. On May 3, 2016, Ms. Rusher completed her prison sentence, and she was civilly committed to Andrew McFarland Mental Health Center, an Illinois Department of Human Services mental health treatment facility.

8. At all times relevant hereto, Defendants were acting under color of law.

## Preliminary Instruction 11: Summary of Case and Law

The positions of the parties can be summarized as follows:

This is a civil rights action brought by Plaintiff Kelli Andrews on behalf of Tiffany Rusher, a decedent, pursuant to 42 U.S.C. § 1983 for alleged violations of Ms. Rusher's rights while she was incarcerated in IDOC. Ms. Andrews brings this action in a representative capacity as Administrator of the Estate of Tiffany Rusher. The case concerns events that took place when Ms. Rusher, who suffered from mental illness, was in Logan Correctional Center, an Illinois Department of Corrections facility, between 2013 and 2016.

First, Plaintiff claims that Defendants Dr. Yuan and Dr. Richardson violated the Eighth Amendment to the United States Constitution by overusing crisis watch for Ms. Rusher and allowing Ms. Rusher to remain isolated in

solitary confinement. Plaintiff further alleges Defendants failed to transfer Ms. Rusher offsite to receive inpatient psychiatric care, despite her serious need for such a placement. Plaintiff also alleges that Defendant Wexford Health Sources violated the Eighth Amendment by maintaining policies and widespread practices that did not allow for the level of care Ms. Rusher required and encouraged long-term crisis watch instead of appropriate mental health treatment.

Second, Plaintiff alleges Defendants Dr. Richardson and Dr. Yuan and their employer, Defendant Wexford Health Sources, by and through Dr. Richardson and Dr. Yuan, committed professional negligence under Illinois law by:

(1) repeatedly placing Ms. Rusher into solitary confinement, instead of a setting where she could receive adequate treatment;

(2) failing to continue to try different interventions to stabilize Ms. Rusher;

(3) failing to advocate for Ms. Rusher's care; and/or

(4) failing to transfer Ms. Rusher out of Logan Correctional Center to a facility where she could receive care for her serious mental health condition.

Defendants deny they violated Ms. Rusher's federal rights under the Eighth Amendment or that they were professionally negligent. Defendants maintain Ms. Rusher's placements on crisis watch were necessitated by her acute suicidality and did not constitute "solitary confinement" as alleged by Plaintiff.

Defendants claim Ms. Rusher received substantial and varied types of mental health care while in IDOC and that, as a person in IDOC custody, Ms. Rusher could not be sent to an offsite hospital for inpatient mental health treatment.

Instead, Defendants maintain Ms. Rusher received an inpatient level of mental health treatment while in IDOC.

## Preliminary Instruction 12: Burden of Proof Standard

The phrase "preponderance of the evidence" means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

At the end of the trial, you will be given you final instructions on these matters. If there is any difference between what I just told you and what you are told in the instructions at the end of the trial, the instructions provided at the end of the trial govern.

***We will take a break now and then proceed with opening statements.***