# Court's Proposed In-Trial Jury Instructions

## Court's Proposed Instruction No. 1: Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## Court's Proposed Instruction No. 2: No Inferences from Judge's Questions

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## **Court's Proposed Instruction No. 3: All Litigants Equal Before the Law**

In this case, Decedent Tiffany Rusher was incarcerated. All parties are equal before the law. A prisoner is entitled to the same fair consideration that you would give any other person.

## **Court's Proposed Instruction No. 4: Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## **Court's Proposed Instruction No. 5: What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## **Court's Proposed Instruction No. 6: Deposition Testimony**

During the trial, certain testimony was presented to you by the reading of depositions and/or video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## **Court's Proposed Instruction No. 7: Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## **Court's Proposed Instruction No. 8: Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## <u>Court's Proposed Instruction No. 9: Limited Purpose of Evidence</u>

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Court's Proposed Instruction No. 10: Evidence Limited to Certain Parties

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning [*describe evidence if practicable*] only in the case against [*Party*]. You must not consider it against any other party.

## <u>Court's Proposed Instruction No. 11: Weighing the Evidence</u>

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## Court's Proposed Instruction No. 12: Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In

reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## Court's Proposed Instruction No. 13: Testimony of Witnesses (Deciding What to Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## Court's Proposed Instruction No. 14: Prior Inconsistent Statements (or Acts)

You may consider statements given by the parties and witnesses under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness' testimony here in court was true and what weight to give to the witness' testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an

innocent error or an intentional falsehood and whether it

concerns an important fact or an unimportant detail.

## <u>Court's Proposed Instruction No. 15: Impeachment of Witness—Convictions</u>

You have heard evidence that [*Name*] has been convicted of a crime. You may consider this evidence only in deciding whether [*Name's*] testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

## <u>Court's Proposed Instruction No. 16: Lawyer Interviewing Witnesses</u>

It is proper for a lawyer to meet with any witness in preparation for trial.

## **Court's Proposed Instruction No. 17: Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## Court's Proposed Instruction No. 18: Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## <u>Court's Proposed Instruction No. 19: Expert Witnesses</u>

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## Court's Proposed Instruction No. 20:
## Demonstrative Exhibits

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## **<u>Court's Proposed Instruction No. 21: Multiple Claims; Multiple Defendants</u>**

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

[*If evidence was admitted only as to fewer than all defendants or all claims:*] In considering a claim against a defendant, you must not consider evidence admitted only against other defendants [or only as to other claims].

## **Plaintiff's Proposed Instruction No. 21-1:**
## **Dismissed/Withdrawn Defendant**

You must not speculate on the reasons why witnesses or other entities were not or are not now defendants. Instead, you must decide the Plaintiff's claims against Defendants based on these instructions.

*[For reference:*

> ***Federal Civil Jury Instruction of the Seventh Circuit, No. 1.26—Dismissed/Withdrawn Defendant****: [Former Party] is no longer a defendant in this case. You should not consider any claims against [Former Party]. Do not speculate on the reasons. You should decide this case as to the remaining parties.*

> ***Illinois Civil Pattern Jury Instruction 2.03— Dismissal of Party or Directed Verdict In Favor of a Defendant:*** *[(Name of dismissed party)] is no longer a party to this case. [You should not speculate as to the reason nor may the remaining parties comment on why [(name of dismissed party)] is no longer a party.]]*

## **Court's Proposed Instruction No. 22: Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**<u>Court's Proposed Instruction No. 23</u>: <u>Claims</u>**

Plaintiff Kelli Andrews brings this action in a representative capacity by reason of her being administrator of the estate of Tiffany Rusher, her daughter, who is deceased. I will use the term "Plaintiff" to refer to Kelli Andrews, and I will refer to the deceased person, Tiffany Rusher, by her own name.

Plaintiff's case consists of two claims.

First, Plaintiff claims that Defendants Yuan, Richardson, and Wexford Health Sources failed to provide Tiffany Rusher with adequate medical care under the Eighth Amendment of the Constitution.

Second, Plaintiff claims that Defendants Yuan, Richardson, and Wexford Health Sources were professionally negligent with regard to Tiffany Rusher and that their professional negligence was a proximate cause of Tiffany Rusher's injuries.

Defendants deny they did any of the things claimed by Plaintiff and deny that they violated the Eighth Amendment or that they were professionally negligent. Defendants further deny that any claimed act or omission on their part was a proximate cause of injuries to Tiffany Rusher that Plaintiff claims.

## Proposed Instruction No. 24: Eighth Amendment Failure to Provide Medical Attention—Richardson and Yuan Liability

To succeed on her claim of failure to provide adequate medical care against Defendants Richardson and Yuan, Plaintiff must prove each of the following four things by a preponderance of the evidence as to each of them:

**1.** Tiffany Rusher had a serious medical need.

- A serious medical need is a condition that

   i. a doctor says requires treatment or

   ii. something so obvious that even someone who is not a doctor would recognize that it requires treatment.

**2.** The defendant was aware that Tiffany Rusher had a serious medical need or strongly suspected facts showing a strong likelihood that Tiffany Rusher had a seriously medical need but refused to confirm whether these facts were true.

- You may infer this from the fact that the need was obvious.

**3.** The defendant consciously failed to take reasonable measures to provide treatment for Tiffany Rusher's serious medical need.

- Plaintiff does not have to show that the defendant ignored Tiffany Rusher or provided no care.

- If the defendant provided some care, Plaintiff must show:

    i.  that the defendant knew his actions likely would be ineffective or

    ii. that the defendant's actions were clearly inappropriate.

- In deciding whether the defendant failed to take reasonable measures, you may consider:

      i.  the seriousness of Tiffany Rusher's medical
need,

     ii.  how difficult it would have been for the
defendant to provide treatment, and

   iii.  whether the defendant had legitimate
reasons related to safety or security for
failing to provide treatment.

- You may infer that Defendants Richardson and
Yuan consciously failed to take reasonable
measures if their action or failure to act was
such a substantial departure from accepted
professional judgment, practice or standards
that it showed a complete abandonment of
medical judgment.

**4.** As a result of the defendant's action or inaction,
Tiffany Rusher was harmed.

- Plaintiff may prove that the defendant harmed Tiffany Rusher with evidence

  i. that her condition worsened as a result of the defendant's conduct, or

  ii. that Tiffany Rusher suffered prolonged, unnecessary pain.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the defendant, and you will not consider the question of damages.

## <u>Court's Proposed Instruction No. 25: Requirement of Personal Involvement</u>

With respect to Plaintiff's claim for failure to provide treatment for Tiffany Rusher's serious medical needs, Plaintiff must prove by a preponderance of the evidence that Defendants Yuan and Richardson were personally involved in the conduct that Plaintiff complains about. You may not hold Defendant Yuan or Defendant Richardson liable for what others did or did not do.

## **Court's Proposed Instruction No. 26: Eighth Amendment: Failure to Provide Medical Attention— Wexford Liability**

If you find that Plaintiff has proved a constitutional violation by a preponderance of the evidence against Defendant Richardson or Defendant Yuan, you must consider whether Defendant Wexford Health Services is also liable to Plaintiff. Defendant Wexford Health Services is not responsible simply because it employed Defendants Richardson and Yuan.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

**1.** Tiffany Rusher was not provided adequate medical care under the Eighth Amendment as defined in the instructions for Plaintiff's first claim against Defendants Richardson and Yuan.

**2.** At the time, Defendant Wexford had a policy of encouraging long-term crisis watch instead of appropriate mental health treatment.

- The term policy means a custom of encouraging long-term crisis watch instead of appropriate mental health treatment that is persistent and widespread, so that it is Defendant Wexford's standard operating procedure.

- A persistent and widespread pattern may be a custom even if Defendant Wexford has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

**3.** The policy as described in paragraph 2 caused Tiffany Rusher not to receive adequate medical care under the Eighth Amendment.

## <u>Court's Proposed Instruction No. 27</u>: <u>Limiting Instruction Concerning Evidence of Administrative Rules</u>

You have heard evidence about whether a defendant's conduct violated an administrative rule.

You may consider this evidence in your deliberations as to Plaintiff's claims. But remember that the issues are whether Defendants failed to provide Tiffany Rusher with adequate medical care under the Eighth Amendment of the Constitution, not whether an administrative rule might have been violated.

## <u>Court's Proposed Instruction No. 28: Negligence and Proximate Cause</u>

Plaintiff's second claim is that Tiffany Rusher suffered harm and sustained damage, and that Defendants Richardson, Yuan, and Wexford Health Sources were professionally negligent in one or more of the following respects:

- Defendants Richardson and Yuan repeatedly placed Tiffany Rusher in isolation, instead of a setting where she could receive adequate treatment

- Defendants Richardson and Yuan failed to continue to try different interventions to stabilize Tiffany Rusher and failed to advocate for her care

- Defendants Richardson and Yuan failed to transfer Tiffany Rusher out of Logan Correctional Center to a facility where she could receive

Page **39** of **52**

adequate care for her serious mental health
condition

Plaintiff further claims that one or more of the
foregoing was a proximate cause of Tiffany Rusher's
injuries. When I use the expression "proximate cause," I
mean a cause that, in the natural or ordinary course of
events, produced Tiffany Rusher's injuries. It need not be
the only cause, nor the last or nearest cause. It is sufficient
if it combines with another cause resulting in the injuries.

Defendants each deny that they were negligent in
doing any of the things claimed by Plaintiff and deny that
any claimed act or omission on the part of the Defendants
was a proximate cause of Tiffany Rusher's claimed injuries.

If you decide that a defendant was negligent and that
his or its negligence was a proximate cause of injury to
Tiffany Rusher, it is not a defense that something or

someone else may also have been a cause of the injury. However, if you decide that a defendant's conduct was not a proximate cause of Tiffany Rusher's injury, then your verdict should be for the defendant.

## Court's Proposed Instruction No. 29: Negligence Burden of Proof Elements

Plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by Plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was professionally negligent;

Second, that Tiffany Rusher suffered harm; and

Third, that the defendant's professional negligence was a proximate cause of the harm that Tiffany Rusher suffered.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that Plaintiff has not proved any of these propositions as to

any one of the defendants, then your verdict shall be for that defendant.

On the other hand, if you find from your consideration of all the evidence that Plaintiff has proved all of these propositions as to any one of the defendants, then your verdict shall be for Plaintiff as to that defendant and you shall go on to consider the question of damages.

## Court's Proposed Instruction No. 30: Professional Negligence Defined

When I use the term professional negligence, this is what I mean. A health-care provider must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful health-care provider. The failure to do something that a reasonably careful health-care provider would do, or the doing of something that a reasonably careful health-care provider would not do, under circumstances similar to those shown by the evidence, is "professional negligence."

The phrase "deviation from the standard of care" means the same thing as "professional negligence."

The law does not say how a reasonably careful health-care provider would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses, evidence

of professional standards, and the other, similar evidence presented in this case. You must not attempt to determine how a reasonably careful health-care provider would act from any personal knowledge you may have.

## **Court's Proposed Instruction No. 31: Negligence-Principal and Agent**

Defendants are sued as principal and agent with respect to Plaintiff's professional negligence claim. Defendant Wexford Health Sources is the principal and Defendants Richardson and Yuan are its agents. If you find that Defendants Richardson or Yuan are liable on Plaintiff's professional negligence claim, then you must find that Defendant Wexford Health Sources is also liable on Plaintiff's professional negligence claim. However, if you find that Defendants Richardson and Yuan are not liable on Plaintiff's professional negligence claim, then you must find that Defendant Wexford Health Sources is not liable on Plaintiff's professional negligence claim.

**Court's Proposed Instruction No. 32: Compensatory Damages**

If you find in favor of Plaintiff on one or more of her claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find Tiffany Rusher sustained as a direct result of a defendant's wrongful conduct.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental and emotional pain and suffering that Tiffany Rusher experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury Tiffany Rusher sustained.

## Court's Proposed Instruction No. 33: Punitive Damages

If you find for Plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to that defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Tiffany Rusher's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Tiffany Rusher. Conduct is in reckless disregard of Tiffany Rusher's rights if, under the circumstances, the defendant simply did not care about Tiffany Rusher's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on Tiffany Rusher;

- the relationship between Tiffany Rusher and the defendant;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Tiffany Rusher suffered.

## Court's Proposed Instruction No. 34: Selection of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[*Forms of verdict read.*]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.