IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KELLI ANDREWS, as Administrator of the Estate of Tiffany Ann Rusher, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-cv-1101<br>) |
| BRUCE RAUNER et al., | )<br>) |
| Defendants. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Defendants Brian Richardson's, He Yuan's and Wexford Health Sources, Inc.'s ("Defendants") Motions in Limine (d/e 241). For the reasons stated, Defendants' Motions (d/e 241) are GRANTED in part and DENIED in part.

**1) All References to Rasho v. Baldwin Litigation**

Defendants first ask this Court to bar all references to Rasho v. Baldwin, CDIL No. 07-1298. See d/e 241, pp. 2-3. Defendants state that Defendant Wexford was dismissed from Rasho in 2011

and that the case was later settled in 2016, resulting in settlement compliance monitoring by a court appointed monitor. Id. at p. 2. The Court notes that Plaintiff has withdrawn one of her exhibits related to Rasho—the 2017 Rasho court monitor report, PX-470—as it post-dates Tiffany Rusher's time of incarceration. See d/e 252, p. 2, n.1. The Seventh Circuit has found that, because such reports "pose serious dangers," "before admitting them, a court should carefully balance their probative value against these dangers. The governing law and other evidence in the case will also affect this analysis." Dean v. Wexford Health Sources, Inc., 18 F.4th 214, 234 (7th Cir. 2021).

The Court GRANTS this motion in part and DENIES this motion in part. Plaintiff may only introduce evidence from the Rasho litigation from the duration of Tiffany Risher's incarceration at Logan Correctional Center for the limited purpose of establishing that Defendants were on notice of the alleged inadequacies of the mental health care provided to prisoners at Logan during that time period. The Court finds that such evidence's probative value outweighs its potential prejudicial dangers. See id.

### 2) Evidence of Other Lawsuits Against Defendants

Next, Defendants ask this Court to bar evidence of, reference to, or inquiry into other lawsuits against Defendants because "[s]uch testimony would not be relevant under Federal Rule [of Evidence] 401 and constitutes inadmissible character evidence under Rule 404(b)." See d/e 241, pp. 3-5 (citing Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 494-95 (7th Cir. 1990)).

The Court GRANTS this motion in part and DENIES this motion in part. Plaintiff may only introduce evidence of, reference, or inquire into other lawsuits against Defendants that were filed before Tiffany Rusher's release from Logan Correctional Center and raise similar claims to those raised by Plaintiff, and for the limited purpose of showing that Defendants were on notice of the allegedly inadequate mental health policies, practices, and care of prisoners like Tiffany Rusher.

### 3) Evidence of Insurance or Indemnity

Defendants then ask this Court to bar evidence of insurance or indemnity. See d/e 241, p. 5. The Court GRANTS this motion. See FED. R. EVID. 411.

### 4) Undisclosed Evidence, Opinion Testimony, and Witnesses

Finally, Defendants ask this Court to bar any evidence or witness Plaintiff seeks to introduce or call at trial that was not disclosed to Defendants—namely, testimony from Plaintiff's Expert Terry Kupers "that specifically criticizes Dr. Richardson or Dr. Yuan." See d/e 241, pp. 4-5. Defendants argue that, because Kupers did not criticize Defendants Richardson and Yuan by name, "those specific opinions were not disclosed in accordance with [Federal Rule of Civil Procedure] Rule 26(a)(2)(B)." Id.

The Court DENIES this motion. Should Plaintiff inappropriately raise those specific issues at trial, Defendants will have the opportunity to contest them by Federal Rule of Civil Procedure 37(c)(1) motion or by objection during Kupers' testimony.

**IT IS SO ORDERED.**
**ENTERED:  January 8, 2026.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**